UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re
B. & J. Property Investments, Inc.

Case No. __19-60138-pcm11__

Notice of Final
Hearing on Motion
☒ For Use of Cash Collateral
☐ To Obtain Credit
(Check One)

Debtor(s)

YOU ARE NOTIFIED THAT:

1. The undersigned moving party, **B. & J. Property Investments, Inc.**, filed a Motion ☒ For Use of Cash Collateral ☐ To Obtain Credit (check one). The motion is attached and includes the statement required by Local Bankruptcy Form (LBF) 541.5.

2. The name and service address of the moving party's attorney (or moving party, if no attorney) are:
**Timothy J. Conway and Ava L. Schoen**
**Tonkon Torp LLP, 888 SW 5th Ave, #1600, Portland, OR 97204**.

3. A final hearing on the motion will be held as follows:

Date: __02/05/2019__ Time: __1:30 pm__ Location: **Courtroom #1, US Bankruptcy Court, 1050 SW 6th Ave. #700, Portland, OR 9704**

Testimony will be received if offered and admissible.

4. If you wish to object to the motion, you must, within 14 days of the service date shown in paragraph 5 below, file with the clerk at 1050 SW 6th Ave. #700, Portland OR 97204 or 405 E 8th Ave. #2600, Eugene OR 97401: (1) a written response which states the facts upon which you will rely, and (2) a certificate showing the response has been served on the U.S. Trustee and the party named in paragraph 2 above.

5. On __01/17/2019__ this notice and the motion were served pursuant to FRBP 7004 on the debtor(s); any debtor's attorney; any trustee; any trustee's attorney; members of any committee elected pursuant to 11 U.S.C. § 705; any creditors' committee chairperson [or, if none, on all creditors listed on the list filed pursuant to FRBP 1007(d)]; any creditors' committee attorney; the U.S. Trustee; and all affected lienholders whose names and addresses used for service are as follows:

**Columbia Credit Union**
**c/o Teresa H. Pearson**
**3400 U.S. Bancorp Tower**
**111 S.W. Fifth Avenue**
**Portland, OR 97204**

541 (12/1/2018)    Page 1 of 2

_____   851752
Signature of Moving Party or Attorney          OSB #

**4490 Silverton Rd. NE, Salem OR 97305**     -3149
(If debtor is movant) Debtor's Address & Taxpayer ID#(s) (last 4 digits)

1 | **Timothy J. Conway**, OSB No. 851752
Direct Dial: (503) 802-2027
2 | Facsimile: (503) 972-3727
E-Mail: tim.conway@tonkon.com
3 | **Ava L. Schoen**, OSB No. 044072
Direct Dial: (503) 802-2143
4 | Facsimile: (503) 972-3843
E-Mail: ava.schoen@tonkon.com
5 | **TONKON TORP LLP**
1600 Pioneer Tower
6 | 888 S.W. Fifth Avenue
Portland, OR 97204

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| In re | Case No. 19-60138-pcm11 |
|---|---|
| B. & J. Property Investments, Inc., | **DEBTOR'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL** |
| Debtor. | |

Pursuant to 11 U.S.C. § 363(c), Bankruptcy Rule 4001(b), and Local Bankruptcy Rule 4001-1, B. & J. Property Investments, Inc. ("B & J" or "Debtor") moves this Court for entry of an order authorizing Debtor to use cash collateral during the pendency of its case in the form attached hereto as **Exhibit 1** (the "Order"). In support of this Motion, Debtor states as follows:

1. On January 17, 2019 (the "Petition Date"), Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

2. Debtor continues to operate and manage its business as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108 of the Code.

**Page 1 of 4** - DEBTOR'S MOTION FOR TEMPORARY AND FINAL AUTHORITY TO USE CASH COLLATERAL

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-60138-pcm11    Doc 6    Filed 01/17/19

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. No request has been made for the appointment of a trustee or examiner, and an official unsecured creditor committee has not yet been established in this case.

5. Debtor is the owner of real estate located at 4490 Silverton Road, N.E., Salem, Oregon ("Premises"). The Premises consists of a 158-unit RV Park and a 243-unit, 29,750 SF (net rentable area) self-storage facility on a 9.06-acre parcel. A 6,758 SF general purpose building that includes an office, laundry facilities, restrooms with showers and a recreation room is located on the Premises. The building also includes 17 upstairs storage units that have been included in the total count and rentable area.

6. On or about January 30, 1997, B & J entered into a Commercial Lease with Better Business Management, Inc. ("BBM") for the Premises which lease has been subsequently amended and extended at various times up through the Second Lease Extension Agreement made and entered into effective September 11, 2014 (collectively "Lease").

7. Debtor and Columbia Credit Union ("Columbia") are parties to certain loan and security agreements (the "Loan Documents") pursuant to which Columbia asserts it holds perfected security interests and liens (the "Existing Liens") in the Premises including a perfected lien and security interest on any and all rents received by the RV Park or self-storage unit facility (whether from BBM to Debtor, or from tenants to BBM, or from tenants to Debtor) (the "Prepetition Collateral").

8. The term "Cash Collateral" means cash collateral as defined in Section 363(a) of the Code and includes, without limitation, all checks, receipts, payments, proceeds, products, offspring, rents, or profits arising from the Prepetition Collateral or post-petition use, lease, sale or disposition of the Prepetition Collateral.

Page 2 of 4 - DEBTOR'S MOTION FOR TEMPORARY AND FINAL AUTHORITY TO USE CASH COLLATERAL

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-60138-pcm11    Doc 6    Filed 01/17/19

9. On the Petition Date, Debtor's obligations to Columbia totaled approximately $2,231,445.04, including principal, interest, fees, and costs to which Columbia is entitled under the Loan Documents and applicable law. The aggregate amount of all obligations owing by Debtor to Columbia as of the Petition Date is referred to herein as the "Existing Indebtedness."

10. In order to preserve and maintain the value of the assets of the estate, Debtor requires cash for the payment of expenses such as operating expenses, taxes, insurance, and payroll. Debtor has prepared a budget, a copy of which is attached to the proposed order as Exhibit 1. Debtor projects it will use the amounts set forth in the budget from the Petition Date through December 31, 2019 for normal and usual operating expenses, to fund utility deposits as may be necessary upon commencement of such services, and for other costs and expenses as may be required or approved by the Court.

11. Without the use of Columbia's Cash Collateral, Debtor is without sufficient funds to support the Chapter 11 reorganization. Debtor seeks to use Columbia's Cash Collateral pursuant to Sections 105(a) and 363(c)(1) and (2) of the code, and in accordance with the terms set forth in the Order.

12. It is in the best interest of Debtor, its creditors and its estate for Debtor to use cash collateral because use of cash collateral will allow Debtor to operate a business as a going concern and will maximize the likelihood of reorganization thereby maximizing the recovery for creditors.

13. To provide adequate protection for the use by Debtor of Columbia's Cash Collateral, Columbia is granted a replacement security interest in and lien upon all of Debtor's assets of the same category, type, kind, character and description as were subject to the perfected and valid security interests in existence on the Petition Date and will have the same relative priority as any valid and unavoidable lien held by Columbia as of the Petition Date. The liens and security interest to be granted to Columbia will be granted for adequate

**Page 3 of 4** - DEBTOR'S MOTION FOR TEMPORARY AND FINAL AUTHORITY TO USE CASH COLLATERAL

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-60138-pcm11    Doc 6    Filed 01/17/19

protection purposes only, and will not enhance or improve the position of Columbia. As additional adequate protection, commencing February 20, 2019 and the 20th day of each month thereafter, Debtor will pay the sum of $14,080.16 to Columbia. The position of Columbia will be adequately protected through the replacement collateral and the adequate protection payments.

14. As additional adequate protection for the use by Debtor of cash in which Columbia claims an interest, Debtor will maintain and manage its property, pay taxes and insurance, and protect the property from diminution in value from and after the Petition Date.

15. To preserve the value of Debtor as a going concern and to preserve and maintain the assets of Bankruptcy estate, Debtor requires the use of Cash Collateral in which Columbia has an interest.

16. Debtor will suffer immediate and irreparable harm if it is not permitted to use Columbia's Cash Collateral. Without use of Columbia's Cash Collateral, Debtor's operations will need to cease.

17. None of the provisions listed in paragraph 5 of LBF 541.5 are included in this motion or the proposed Order.

WHEREFORE, Debtor prays that this Court enter an Order authorizing Debtor to use cash collateral and granting Columbia Credit Union the adequate protection as herein proposed or as otherwise approved by the Court.

DATED this 17th day of January, 2019.

TONKON TORP LLP

By */s/ Timothy J. Conway*
Timothy J. Conway, OSB No. 851752
Ava L. Schoen, OSB No. 044072
Attorneys for Debtor

**Page 4 of 4** - DEBTOR'S MOTION FOR TEMPORARY AND FINAL AUTHORITY TO USE CASH COLLATERAL

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-60138-pcm11    Doc 6    Filed 01/17/19

# EXHIBIT 1
# PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

In re

B. & J. Property Investments, Inc.,

          Debtor.

Case No. 19-60138-pcm11

**ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

        This matter having come before the Court pursuant to Debtor's Motion for Authority to Use Cash Collateral [ECF No. _____] ("Motion") and the Court having considered the submissions and arguments of counsel, and the files and records herein, and being fully advised in the premises; now, therefore,

        The Court finds as follows:

        A.     On January 17, 2019 (the "Petition Date"), Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Code"), 11 U.S.C. § 101, et seq. Debtor is currently operating its business and managing its property as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Code. No trustee has been requested or appointed.

        B.     Debtor and Columbia Credit Union ("Columbia") are parties to certain loan and security agreements, (the "Loan Documents") pursuant to which Columbia asserts it holds potential security interests and liens (the "Existing Liens") in the Premises owned by

**Page 1 of 7** - ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

Debtor including a perfected lien and security interest on any and all rents received by the RV Park or self-storage unit facility (whether from BBM to Debtor, or from tenants to BBM, or from tenants to Debtor) (the "Prepetition Collateral").

C. The term "Cash Collateral" means cash collateral as defined in Section 363(a) of the Code and includes, without limitation, all checks, receipts, payments, proceeds, products, offspring, rents, or profits arising from the prepetition use, lease, sale, or disposition of the Prepetition Collateral.

D. On the Petition Date, Debtor's obligations to Columbia totaled approximately $2,231,445.04, including principal, interest, fees, and costs. The aggregate amount of all obligations owing by Debtor to Columbia as of the Petition Date is referred to herein as the "Existing Indebtedness."

E. Without use of Columbia's Cash Collateral, Debtor is without sufficient funds to support its continuing operations. Debtor seeks to use Columbia's Cash Collateral pursuant to Sections 105(a) and 363(c)(1) and (2) of the Code, the Budget attached hereto as Exhibit 1, and the terms and conditions of this Order, to pay its continued operating expenses.

F. The entry of this Order will minimize disruption of Debtor's business operations, preserve the going concern value of the business, and is in the best interest of Debtor's estate. Debtor does not believe it can continue to operate its business or preserve the value of its assets without the use of Columbia's Cash Collateral on the terms set forth herein.

G. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(M). The notice Debtor has provided of the hearing on entry of this Order was sufficient and appropriate under the circumstances of this case, and satisfies the requirement of Federal Rules of Bankruptcy Procedure 4001(b) and Local Bankruptcy Rule 4001-1.

H. To the extent any provision of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rules, or applicable law requires a finding of "cause"

Page 2 of 7 - ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-60138-pcm11    Doc 6    Filed 01/17/19

for entry of any provision of this Order, such cause exists.

NOW THEREFORE, the court being fully advised in the premises, it is hereby ordered, adjudged and decreed, as follows:

1. Authorization to Use Cash Collateral

    a. Debtor is authorized to use Columbia's Cash Collateral in accordance with the terms and conditions set forth herein.

    b. Columbia's Cash Collateral shall be used only for the purposes and up to the amounts listed in the budget attached as **Exhibit 1** (the "Approved Budget"); provided, however, that Debtor's total expenditures may not exceed the aggregate budgeted amount by more than 15% unless otherwise agreed by Columbia.

    c. All existing Cash Collateral and all post-petition receipts shall be deposited in Debtor's General Operating Account for use in accordance with the terms of this Order.

2. Grant of Security Interest. As adequate protection for use of Columbia's Cash Collateral pursuant to Sections 361(2) and 363(c)(1) and (2) of the Code, Columbia is hereby granted liens and security interests upon all property of the estate as defined in Section 541(a) of the Code and property recovered through exercise of the powers granted under Sections 506(c), 544, 545, 547, 548, and 549 of the Code (the "Excluded Property")) that is of the same category, kind, type, character and description as were subject to perfected and valid security interests in existence as of the Petition Date ("Adequate Protection Collateral"). The liens and security interests granted herein shall be first and prior perfected liens in the Adequate Protection Collateral and shall secure the impairment, if any, of the value of the interest of Columbia in Cash Collateral, and will have the same relative priority as any valid and unavoidable liens held by Columbia as of the Petition Date, but shall not be construed to enhance or improve the position of Columbia.

3. **Order is Security Agreement**. This Order shall be deemed to be and shall constitute a security agreement under the applicable provisions of the Uniform Commercial Code ("UCC") in effect from time to time in the states in which Debtor (a) is domiciled, (b) operates its business, and (c) maintains its principal place of business. The liens and security interests granted by this Order are perfected by operation of law upon entry of this Order by the Court. Columbia shall not be required to file financing statements, deeds of trust, or take any action to validate or perfect such liens and security interests. If Columbia, in its discretion, chooses to file financing statements or other documents or otherwise confirm perfection of such liens and interests, Debtor is hereby authorized and directed to execute any other security agreements, UCC-1 financing statements, and supporting documents as may be reasonably requested by Columbia to document any adequate protection liens provided and permitted by this Order. Debtor shall cooperate with Columbia in executing such other documentation as Columbia deems reasonably necessary to effectuate the terms of the Order.

4. **Adequate Protection Payments**. As additional adequate protection, Debtor shall make monthly adequate protection payments to Columbia in the amount of $14,080.16 per month, with the first payment to be made on February 20, 2019 and succeeding monthly payments to be made on the 20th day of each month thereafter.

5. **Administrative Expense Claim**. To the extent the adequate protection provided to Columbia in the form of the security interests and liens granted pursuant to this Order proves to be inadequate, Columbia shall, pursuant to Section 507(b) of the Code, be entitled to an administrative expense claim under Code Sections 503(b) and 507(a)(2).

6. **Survival**. The provisions of this Order shall be binding upon and inure to the benefit of Debtor and Columbia, and their respective successors and assigns.

7. **Insurance and Audits**. Debtor shall insure the Prepetition Collateral and the Adequate Protection Collateral for the full insurable replacement value thereof with insurance companies acceptable to Columbia. Debtor will provide Columbia with certificates of

Page 4 of 7 - ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-60138-pcm11    Doc 6    Filed 01/17/19

insurance evidencing Debtor's compliance with the insurance requirements herein provided and Columbia may purchase said insurance and charge the expense thereof to Debtor if it fails to obtain and maintain the insurance as herein provided.

8. <u>Additional Duties of Debtor</u>. Debtor is hereby directed to deliver to Columbia such financial and other information concerning the business and affairs of Debtor and any of the Prepetition Collateral and Adequate Protection Collateral as Columbia shall reasonably request from time to time.

9. <u>Events of Default</u>. Each of the following shall be an Event of Default under this Order: (a) spending other than as allowed in the Budget and in this Order unless agreed by Columbia in writing; (b) failure to comply with any of the obligations imposed by this Order; (c) appointment of a Chapter 11 trustee; (d) conversion of this case to a case under Chapter 7 of the Code; and (e) dismissal of this case.

10. <u>Termination Date</u>. In the event of the occurrence of an Event of Default that is not timely cured, Columbia may seek relief from the Court on five business days' written notice to Debtor to terminate Debtor's authority to use all or any portion of the Cash Collateral.

11. <u>Validity of Liens</u>. All liens and priorities granted to Columbia hereunder shall be valid and enforceable obligations of Debtor against any subsequent Chapter 11 or Chapter 7 trustee. The obligations and rights of Debtor and Columbia under this Order, any documents executed pursuant to paragraph 5 hereof, and the priorities, liens and security interests granted herein, shall remain unimpaired and unaffected by any modification, reversal, or vacation of this Order on appeal, or by any termination or any curtailment of lending hereunder. Nothing contained herein, however, shall serve to adjudicate the validity, perfection, attachment, priority, or enforceability, or improve the position of, any of the Existing Indebtedness under the Loan Documents or the Existing Liens.

12. **Amendments**. Nothing herein shall prohibit Debtor and Columbia from amending the terms of the use of Cash Collateral authorized hereby by mutual agreement and further order of the Court after notice and hearing.

13. **Miscellaneous Provisions**

    a. **Modification of Stay**. The automatic stay of Section 362 is hereby modified with respect to Columbia to the extent necessary to effectuate the provisions of this Order.

    b. **No Waiver**. Nothing contained in this Order shall constitute a waiver by Debtor, or any subsequent Chapter 11 or Chapter 7 trustee, of any of their respective rights, including, without limitation, the right to assert any claim, demand, or cause of action, whether in contract, tort, or otherwise, that they had as of the Petition Date, or that Debtor or such trustee now has, or in the future may have, against Columbia.

    c. **Order**. This Order shall be binding on all parties in interest in this case and their respective successors and assigns, including, without limitation, any Chapter 11 or Chapter 7 trustee. If any or all of the provisions of this Order are hereafter modified, vacated or stayed by subsequent order, such action shall not affect the priority, validity, enforceability or effectiveness of any lien, security interest, or priority authorized hereby with respect to the use of Cash Collateral prior to the effective date of such subsequent order (and all such liens, security interests, priorities and other benefits shall be governed in all respects by the original provisions of this Order). Except as otherwise explicitly set forth in this Order, no third parties are intended to be or shall be deemed to be third party beneficiaries of this Order.

# # #

I certify that I have complied with the requirements of LBR 9021-1(a).

Presented by:

TONKON TORP LLP


By _____
   Timothy J. Conway, OSB No. 851752
   Ava L. Schoen, OSB No. 044072
   888 S.W. Fifth Avenue, Suite 1600
   Portland, OR 97204-2099
   Telephone:  503-221-1440
   Facsimile:  503-274-8779
   E-mail:  tim.conway@tonkon.com
           ava.schoen@tonkon.com
   Attorneys for Debtor

cc:    List of Interested Parties

**Page 7 of 7** - ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-60138-pcm11   Doc 6   Filed 01/17/19

## B&J Property Investments Budget to end of 2019

| | 1/15/2019 - 2/28/2019 | March-19 | April-19 | May-19 | June-19 | July-19 | August-19 | September-19 | October-19 | November-19 | December-19 | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Lease Income* | $ 50,500.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | |
| Income from RV/Storage Operations* | $ 41,750.00 | $ 83,500.00 | $ 83,500.00 | $ 83,500.00 | $ 83,500.00 | $ 83,500.00 | $ 83,500.00 | $ 83,500.00 | $ 83,500.00 | $ 83,500.00 | $ 83,500.00 | |
| **Total Income** | **$ 92,250.00** | **$ 83,500.00** | **$ 83,500.00** | **$ 83,500.00** | **$ 83,500.00** | **$ 83,500.00** | **$ 83,500.00** | **$ 83,500.00** | **$ 83,500.00** | **$ 83,500.00** | **$ 83,500.00** | **$ 927,250.00** |
| **Expenses** | | | | | | | | | | | | |
| Payroll/Benefits | $ - | $ 34,500.00 | $ 34,000.00 | $ 34,000.00 | $ 34,500.00 | $ 34,000.00 | $ 34,000.00 | $ 34,500.00 | $ 34,000.00 | $ 34,000.00 | $ 34,500.00 | |
| Adequate Assurance | $ 14,080.16 | $ 14,080.16 | $ 14,080.16 | $ 14,080.16 | $ 14,080.16 | $ 14,080.16 | $ 14,080.16 | $ 14,080.16 | $ 14,080.16 | $ 14,080.16 | $ 14,080.16 | |
| Accounting | $ 150.00 | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 | |
| Auto | $ 150.00 | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 | $ 300.00 | |
| Auto Insurance | $ - | $ 300.00 | $ - | $ - | $ 300.00 | $ - | $ - | $ 300.00 | $ - | $ - | $ - | |
| US Trustee Fees | $ - | $ - | $ 975.00 | $ - | $ - | $ 975.00 | $ - | $ - | $ 975.00 | $ - | $ - | |
| Property Taxes | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 64,500.00 | $ - | $ - | |
| Liability Insurance | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 19,200.00 | $ - | $ - | |
| Insurance | $ 100.00 | $ 175.00 | $ 175.00 | $ 175.00 | $ 175.00 | $ 175.00 | $ 175.00 | $ 175.00 | $ 175.00 | $ 175.00 | $ 175.00 | |
| Tax Distribution | $ - | $ - | $ 30,000.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | |
| Electricity | $ 14,000.00 | $ 11,500.00 | $ 12,000.00 | $ 9,500.00 | $ 8,000.00 | $ 8,500.00 | $ 9,000.00 | $ 10,000.00 | $ 8,000.00 | $ 8,000.00 | $ 11,000.00 | |
| Electrical Deposit | $ 33,000.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | |
| Gas | $ 500.00 | $ 700.00 | $ 400.00 | $ 300.00 | $ 200.00 | $ 200.00 | $ 200.00 | $ 200.00 | $ 200.00 | $ 300.00 | $ 500.00 | |
| Water/Sewer | $ 1,500.00 | $ 2,700.00 | $ 2,600.00 | $ 2,700.00 | $ 2,800.00 | $ 2,900.00 | $ 3,100.00 | $ 3,000.00 | $ 3,100.00 | $ 2,400.00 | $ 2,800.00 | |
| Cable | $ 1,600.00 | $ 3,200.00 | $ 3,200.00 | $ 3,200.00 | $ 3,200.00 | $ 3,200.00 | $ 3,200.00 | $ 3,200.00 | $ 3,200.00 | $ 3,200.00 | $ 3,200.00 | |
| Telephone | $ 425.00 | $ 850.00 | $ 850.00 | $ 850.00 | $ 850.00 | $ 850.00 | $ 850.00 | $ 850.00 | $ 850.00 | $ 850.00 | $ 850.00 | |
| Garbage | $ 1,350.00 | $ 2,700.00 | $ 2,700.00 | $ 2,700.00 | $ 2,700.00 | $ 2,700.00 | $ 2,700.00 | $ 2,700.00 | $ 2,700.00 | $ 2,700.00 | $ 2,700.00 | |
| Office Supplies | $ 250.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | |
| Background Checks/Screens | $ 60.00 | $ 120.00 | $ 120.00 | $ 120.00 | $ 120.00 | $ 120.00 | $ 120.00 | $ 120.00 | $ 120.00 | $ 120.00 | $ 120.00 | |
| Maintenance | $ 450.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | |
| Advertising | $ 1,150.00 | $ 290.00 | $ 290.00 | $ 290.00 | $ 290.00 | $ 290.00 | $ 290.00 | $ 290.00 | $ 290.00 | $ 290.00 | $ 290.00 | |
| RV Park Recreation | $ 75.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | |
| Postage | $ 50.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | $ 100.00 | |
| Stock for Park Store | $ 100.00 | $ 200.00 | $ 200.00 | $ 200.00 | $ 200.00 | $ 200.00 | $ 200.00 | $ 200.00 | $ 200.00 | $ 200.00 | $ 200.00 | |
| Miscellaneous | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | |
| **Total Expenses** | **$ 69,990.16** | **$ 74,565.16** | **$ 104,840.16** | **$ 71,365.16** | **$ 70,665.16** | **$ 71,440.16** | **$ 71,165.16** | **$ 72,865.16** | **$ 154,840.16** | **$ 69,565.16** | **$ 73,965.16** | **$ 905,266.76** |
| **Net Income** | **$ 22,259.84** | **$ 8,934.84** | **$ (21,340.16)** | **$ 12,134.84** | **$ 12,834.84** | **$ 12,059.84** | **$ 12,334.84** | **$ 10,634.84** | **$ (71,340.16)** | **$ 13,934.84** | **$ 9,534.84** | **$ 21,983.24** |

* Based on estimated effective date of lease rejection.

Case 19-60138-pcm11    Doc 6    Filed 01/17/19

EXHIBIT 1
PAGE 1 OF 1

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing **DEBTOR'S MOTION FOR TEMPORARY AND FINAL AUTHORITY TO USE CASH COLLATERAL** was served on the parties indicated as "ECF" on the attached List of Interested Parties by electronic means through the Court's Case Management/Electronic Case File system on the date set forth below.

In addition, the parties indicated as "Non-ECF" on the attached List of Interested Parties were served by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to each party's last-known address and depositing in the U.S. mail at Portland, Oregon on the date set forth below.

DATED this 17th day of January, 2019.

TONKON TORP LLP

By */s/ Timothy J. Conway*
Timothy J. Conway, OSB No. 851752
Ava L. Schoen, OSB No. 044072
Attorneys for Debtor

038533/00001/9417417v1

Page 1 of 1 - CERTIFICATE OF SERVICE

# LIST OF INTERESTED PARTIES

*In re B. & J. Property Investments, Inc.*
U.S. Bankruptcy Court Case No. 19-60138-pcm11

## ECF PARTICIPANTS

- TIMOTHY J CONWAY    tim.conway@tonkon.com, candace.duncan@tonkon.com; spencer.fisher@tonkon.com

- AVA L SCHOEN on behalf of Debtor B. & J.Property Investments, Inc. ava.schoen@tonkon.com, leslie.hurd@tonkon.com

- US TRUSTEE, EUGENE    USTPRegion18.EG.ECF@usdoj.gov

## NON-ECF PARTICIPANTS

**COLUMBIA CREDIT UNION**

Teresa H. Pearson
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204

**WILLIAM J. BERMAN**

Nicholas J. Henderson
Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, OR 97204-3029

**BETTER BUSINESS MANAGEMENT**

Toby Tingleaf
Sherman Sherman Johnnie & Hoyt, LLP
693 Chemeketa St. NE
Salem, OR 97301

**TOP 20 UNSECURED CREDITORS**

Class Action Plaintiffs
c/o Brady Mertz
Brady Mertz PC
345 Lincoln St.
Salem, OR 97302

Saalfield Griggs PC
Attn: Hunter Emerick
POB 470
Salem, OR 97308

Portland General Electric
POB 4438
Portland, OR 97208

Judson's Plumbing
POB12669
Salem, OR 97330

City of Salem
555 Liberty St. SE, Room 230
Salem, OR 97301

Comcast Business
POB 34744
Seattle, WA 98124-1744

Pacific Source
POB 7068
Springfield, OR 97475-0068

Pacific Sanitation
POB 17669
Salem, OR 97305

US Bank
POB 6352
Fargo, ND 58125-6352

Miller Paint
390 Lancaster Dr. NE
Salem, OR 97301

HotSuff Spas & Pool
1840 Lancaster Dr. NE
Salem, OR 97305

NW Natural Gas
POB 6017
Portland, OR 97228-6017

Chateau Locks
1820 47th Terrace East
Bradenton, FL 34203-3773

American Funds
POB 6007
Indianapolis, IN 46206-6007

Century Link
POB 21155
Seattle, WA 98111-9255

Walter Nelson Company
1270 Commercial St. NE
Salem, OR 97301

Statesman Journal
280 Church St.
Salem, OR 97301

Pacific Screening
POB 25582
Portland, OR 97298

DEX Media
Dex Media Attn: Client Care
1615 Bluff City Highway
Bristol, TN 37620