1 | **Timothy J. Conway**, OSB No. 851752
    Direct Dial: (503) 802-2027
2 |     Facsimile:  (503) 972-3727
    E-Mail:     tim.conway@tonkon.com
3 | **Ava L. Schoen**, OSB No. 044072
    Direct Dial: (503) 802-2143
4 |     Facsimile:  (503) 972-3843
    E-Mail:     michael.fletcher@tonkon.com
5 | **TONKON TORP LLP**
  | 1600 Pioneer Tower
6 | 888 S.W. Fifth Avenue
  | Portland, OR  97204
7 |
  |         Attorneys for Debtor
8 |

9 |

10 |                UNITED STATES BANKRUPTCY COURT

11 |                    DISTRICT OF OREGON

12 | In re                              | Case No. 19-60138-pcm11

13 | B. & J. Property Investments, Inc.,| **DEBTOR'S APPLICATION TO EMPLOY FISCHER, HAYES, JOYE & ALLEN, LLC AS ACCOUNTANTS**

14 |            Debtor.

15 |

16 |         B. & J. Property Investments, Inc., debtor and debtor-in-possession

17 | ("Debtor"), hereby applies to this Court for authority to employ Fischer, Hayes, Joye &

18 | Allen, LLC ("Fischer Hayes") as accountants for Debtor.  Debtor makes this Application

19 | pursuant to 11 U.S.C. § 327 and Federal Rule of Bankruptcy Procedure 2014, and

20 | respectfully states as follows:

21 |         1.      On January 22, 2019 (the "Petition Date"), Debtor filed a voluntary

22 | petition for relief under Chapter 11 of Title 11 of the United States Code.

23 |         2.      Debtor has continued in possession of its property and is continuing to

24 | operate and manage its business as debtor-in-possession pursuant to Sections 1107(a) and

25 | 1108 of Title 11 of the United States Code.

26 |

**Page 1 of 4** -  DEBTOR'S APPLICATION TO EMPLOY FISCHER, HAYES, JOYE & ALLEN, LLC AS ACCOUNTANTS

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-60138-pcm11    Doc 117    Filed 02/26/19

3. No request has been made for the appointment of a trustee or examiner, and no official committee of unsecured creditors has been appointed in Debtor's case at this time.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Debtor desires to retain and employ Fischer Hayes as accountants in this Chapter 11 case, pursuant to 327(a) of the Code, to provide tax return preparation and accounting, payroll, and tax issue advice and services to Debtor. Debtor selected the accounting firm of Fischer Hayes for the reason that Fischer Hayes is familiar with Debtor's business and has considerable expertise in accounting and tax issues, and is well qualified to assist Debtor in this matter.

6. The professional services that Fischer Hayes is to render include: accounting for and preparation of Debtor's federal and state corporate tax returns, and generally assisting the Debtor in such accounting and tax matters as Debtor may require.

7. Subject to Court approval, Debtor has agreed to compensate Fischer Hayes on an hourly basis in accordance with Fischer Hayes's ordinary and existing hourly rates in effect on the dates services are rendered. Fischer Hayes's services will be billed to the estate for payment as an administrative expense under Sections 503(b) and 507(a)(1) of the Bankruptcy Code. The Fischer Hayes professionals who will be primarily responsible for providing services and their current billing rates are as follows:

| Name | Hourly Rate |
| --- | --- |
| Stephen Joye | $305 |
| Dean Allen | $305 |
| James Doerfler | $220 |
| Paulette Carrieri | $175 |
| Melissa Wells | $115 |
| Cindi Harris | $105 |
| Admin Staff | $75-$85 |

**Page 2 of 4** - DEBTOR'S APPLICATION TO EMPLOY FISCHER, HAYES, JOYE & ALLEN, LLC AS ACCOUNTANTS

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-60138-pcm11    Doc 117    Filed 02/26/19

8. Fischer Hayes will maintain detailed, contemporaneous time records of expenses incurred, with the rendering of accounting services described above by category and nature of services rendered.

9. Fischer Hayes has not agreed to any variations from, or alterations to, its standard or customary billing arrangements for this engagement.

10. None of the Fischer Hayes professionals included in this engagement have varied their rate based on the geographic location of this bankruptcy case.

11. Within the 12-month period preceding the Petition Date, Fischer Hayes has not provided any accounting services to Debtor, except as stated in the Rule 2014 Verified Statement filed with this Application. Fischer Hayes is not a creditor of Debtor.

12. To the best of Debtor's knowledge, Fischer Hayes does not have any connection with Debtor, its creditors, any other party in interest, or their respective attorneys or accountants, except as stated in the Rule 2014 Verified Statement filed with this Application.

13. A proposed Order Authorizing Employment of Fischer Hayes is attached as **Exhibit 1**.

For the reasons stated in this Application, Debtor requests that the Court enter an order authorizing it to employ Fischer Hayes to provide accounting services to Debtor in this Chapter 11 case, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by this Court after notice and

\* \* \*

\* \* \*

\* \* \*

\* \* \*

\* \* \*

\* \* \*

**Page 3 of 4** - DEBTOR'S APPLICATION TO EMPLOY FISCHER, HAYES, JOYE & ALLEN, LLC AS ACCOUNTANTS

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-60138-pcm11    Doc 117    Filed 02/26/19

| | |
|---|---|
| 1 | hearing pursuant to Section 330 of the Bankruptcy Code or as otherwise provided by Court |
| 2 | order. |
| 3 | DATED this 26th day of February, 2019. |
| 4 | TONKON TORP LLP |
| 5 | |
| 6 | By /s/ Timothy J. Conway |
| | Timothy J. Conway, OSB No. 851752 |
| 7 | Ava L. Schoen, OSB No. 044072 |
| | Attorneys for Debtor |

**Page 4 of 4** - DEBTOR'S APPLICATION TO EMPLOY FISCHER, HAYES, JOYE & ALLEN, LLC AS ACCOUNTANTS

# EXHIBIT 1

## Proposed Form of Order

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

In re

B. & J. Property Investments, Inc.,

Debtor.

Case No. 19-60138-pcm11

**ORDER GRANTING DEBTOR'S APPLICATION TO EMPLOY FISCHER, HAYES, JOYE & ALLEN, LLC AS ACCOUNTANTS**

THIS MATTER having come before the Court upon Debtor's Application for Employ Fischer, Hayes, Joye & Allen, LLC as Accountants (the "Application") [ECF No. ____], and the Court being duly advised in the premises and finding good cause; now, therefore;

IT IS HEREBY ORDERED THAT:

1. The Application is granted.

2. In accordance with Bankruptcy Code Section 327(a), Debtor is authorized to retain and employ Fischer, Hayes, Joye & Allen, LLC as of the date of the Application to perform all the services set forth in the Application, on the terms set forth in the Application.

3. Fischer, Hayes, Joye & Allen, LLC's compensation shall be subject to Court approval in accordance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, including any procedures that may be established under Local Rule 2016-1.

# # #

**Page 1 of 2** - ORDER GRANTING DEBTOR'S APPLICATION TO EMPLOY FISCHER, HAYES, JOYE & ALLEN, LLC AS ACCOUNTANTS

I certify that I have complied with the requirements of LBR 9021-1(a).

Presented by:

TONKON TORP LLP


By _____
    Timothy J. Conway, OSB No. 851752
    Ava L. Schoen, OSB No. 044072
    888 S.W. Fifth Avenue, Suite 1600
    Portland, OR 97204-2099
    Telephone:  503-221-1440
    Facsimile:  503-274-8779
    E-mail:  tim.conway@tonkon.com
          ava.schoen@tonkon.com
    Attorneys for Debtor

cc:    List of Interested Parties

**Page 2 of 2** - ORDER GRANTING DEBTOR'S APPLICATION TO EMPLOY FISCHER, HAYES, JOYE & ALLEN, LLC AS ACCOUNTANTS

CERTIFICATE OF SERVICE

     I hereby certify that the foregoing **DEBTOR'S APPLICATION TO EMPLOY FISCHER, HAYES, JOYE & ALLEN, LLC AS ACCOUNTANTS** was served on the parties indicated as "ECF" on the attached List of Interested Parties by electronic means through the Court's Case Management/Electronic Case File system on the date set forth below.

     In addition, the parties indicated as "Non-ECF" on the attached List of Interested Parties were served by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to each party's last-known address and depositing in the U.S. mail at Portland, Oregon on the date set forth below.

     DATED this 26th day of February, 2019.

TONKON TORP LLP

By /s/ Timothy J. Conway
   Timothy J. Conway, OSB No. 851752
   Ava L. Schoen, OSB No. 044072
   Attorneys for Debtor

038533/00002/9754878v1

Page 1 of 1 - CERTIFICATE OF SERVICE

In re               )
                    )  Case No. _____
                    )
                    )  RULE 2014 VERIFIED STATEMENT
                    )  FOR PROPOSED PROFESSIONAL
Debtor(s)           )

**Note:** To file an amended version of this statement per ¶19, file a fully completed amended Rule 2014 statement on LBF #1114 and clearly identify any changes from the previous filed version.

1. The applicant is not a creditor of the debtor except:

2. The applicant is not an equity security holder of the debtor.

3. The applicant is not a relative of the individual debtor.

4. The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5. The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6. The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7. The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8. The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

9. The applicant is not a person in control of the debtor.

10. The applicant is not a relative of a director, officer or person in control of the debtor.

11. The applicant is not the managing agent of the debtor.

12. The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13. The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s), creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:

14. The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

15. Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case:

16. The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)). Please list and explain the relationship between the debtor and the affiliate:

17. The applicant is not an affiliate of the debtor.

18. Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing):

19. The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court an amended verified statement on LBF #1114, with the caption reflecting that it is an amended Rule 2014 statement and any changes clearly identified.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20. List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:

21. List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed. Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee. Only name those guarantees now outstanding or outstanding within the last 18 months:

22. List the names of any affiliates which have a debtor-creditor relationship with the debtor. Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any. Only name those loans now outstanding or paid off within the last 18 months:

23. List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21. List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22. Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

24. List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

I verify that the above statements are true to the extent of my present knowledge and belief.

_____
Applicant

1114 (11/30/09)    Page 3 of 3

Case 19-60138-pcm11    Doc 117    Filed 02/26/19