UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re ) Case No. _____
)
) **Notice of Motion for Relief**
) **from Automatic Stay in a**
) **Chapter 11/12 Case,**
Debtor(s) ) **and Notice of Hearing Thereon**

**YOU ARE NOTIFIED THAT**:

1. A motion was filed by _____ for relief from the automatic stay protecting the debtor(s) and debtor's property, as provided by 11 U.S.C. § 362.

2. The name and address of the moving party's attorney (or moving party, if no attorney) are:

3. If you wish to resist the motion you must, within 14 days of the service date shown below, file a written response with the clerk at 1050 SW 6th Ave. #700, Portland OR 97204 or 405 E 8th Ave. #2600, Eugene OR 97401. If the response is served in paper, you must also file a certificate showing the response has been served on the moving party's attorney.

4. A response must state the facts upon which relief from the automatic stay is resisted. See LBF 720.50 for details.

5. If you file a timely response, a hearing on the motion will be held as follows:

   **Date:** _____  **Time:** _____

   **Location**: Courtroom #____, _____

   Telephone Hearing [**NOTE**: See LBF 888, Telephone Hearing Requirements]
   **Call-In Number:**   (888) 684-8852
   **Access Code:**     4950985 for Judge Trish M. Brown (tmb)
                        5870400 for Judge David W. Hercher (dwh)
                        1238244 for Judge Peter C. McKittrick (pcm)
                        3388495 for Judge Thomas M. Renn (tmr)
                        Other _____

No testimony will be taken at the hearing. If no timely response is filed, the hearing may be cancelled. Parties are encouraged to check the hearing calendar at https://www.orb.uscourts.gov after the response deadline has passed.

1124 (12/1/2018)                Page 1 of 2

Case 19-60138-pcm11    Doc 153    Filed 03/22/19

6. If a timely response is not filed, then either:

    a. The court may sign an order without further notice, submitted by the moving party, granting relief from the stay; or

    b. The stay will expire under the terms of 11 U.S.C. § 362(e).

I certify that on _____ (1) this notice, (2) LBF 720.50 if this notice was served on paper, (3) LBF 888 if this notice was served on paper and a telephone hearing will be held, and (4) the motion, were served pursuant to Federal Rule of Bankruptcy Procedure (FRBP) 4001 and FRBP 7004 on the debtor(s), U.S. Trustee, trustee, members of any committee appointed pursuant to 11 U.S.C. § 1102 or its authorized agent [or, if no committee, on all creditors included on the list filed pursuant to FRBP 1007(d)], and their respective attorneys.

_____<br>Signature of Moving Party or Attorney

**KEITH D. KARNES**, OSB No. 033521
keith@keithkarnes.com
Karnes Law Offices, PC
2701 12th St. NE
Salem, OR 97302
Tel: 503-385-8888
Fax: 503-385-8899

**KEVIN J. RANK**, OSB No. 914034
kevinr@opusnet.com
Rank & Associates, PC
1265 Waller St SE
Salem OR 97302
Tel: 503-362-6068
Fax: 503-362-7095

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 19-60138-pcm11 |
| B. & J. Property Investments, Inc., ) | |
| ) | MOTION FOR RELIEF FROM THE |
| Debtor ) | AUTOMATIC STAY |
| ) | |

Pursuant to 11 U.S.C. § 362(d) the Ad Hoc Group of Class Action Plaintiffs ("Movants") moves the Court for an Order granting relief from the automatic stay to allow Movants to: (1) liquidate their claim for attorney fees and costs and (2) prosecute their claims in the Oregon Circuit Court and the Oregon Court of Appeals. Movants are not seeking to execute on the debtor's property or the property of the bankruptcy estate. Rather, they are seeking relief to allow the liquidation of the remainder of their claim and to respond to the actions, including an appeal, filed by the debtor.

1 – MOTION FOR RELIEF FROM THE AUTOMATIC STAY

ARGUMENT

1. <u>Pursuant to 11 U.S.C. § 362(a)(1), Movants Are Entitled to a Hearing to Determine Attorney Fees and Costs Related to the State Court Judgment Entered Against Debtor</u>

Pursuant to 11 U.S.C. § 362(a)(1), the bankruptcy court's automatic stay prohibits "the commencement or continuation . . . of a judicial . . . proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this title." (emphasis added). Here, Debtor has filed a Notice of Appeal to the Marion County Court's judgment entered against Debtor (Case No. 13C14321). In that judgment the Marion County Court determined that the claim for reasonable attorney fees, costs and disbursements would be determined and addressed in a supplemental order and judgment. However, because Debtor chose to file for bankruptcy, the Marion County Court was unable to enter its supplemental order and judgment.

Now, because Debtor has chosen to file its Notice of Appeal, the litigation is no longer "against the debtor." Instead, the Debtor has opened the door to continue the litigation against Movants. In doing so, Movants should be allowed to liquidate their claim for attorney fees and costs. To be clear, Movants are not seeking to execute on the Debtor's property or the property of the bankruptcy estate. Movants are simply seeking relief to allow the liquidation of the remainder of their claim.

2. <u>Movants Have Met Their Burden of Proof by Showing Cause Exists to Require Debtor to Post a Supersedeas Bond in Order to Move Forward With its Notice of Appeal Related to the State Court Judgment Entered Against Debtor</u>

Movants and Debtor were involved in the litigation of a case that was resolved prior to Debtor filing for bankruptcy relief (Case No. 13C14321). The Marion County Court entered a judgment against Debtor on October 31, 2018. Debtor then filed a

Notice of Appeal on November 27, 2018, and subsequently filed for bankruptcy relief on January 17, 2019. In filing its Notice of Appeal, Debtor failed to post a supersedeas bond in order to appeal the Marion County Court's judgment. Instead, Debtor decided to avoid that requirement under Oregon law and filed for bankruptcy relief.

Pursuant to ORS 19.300, "[a]n appellant must serve and file an undertaking for costs within 14 days after the filing of a notice of appeal." ORS 19.300(1). "If a judgment is for the recovery of money, a supersedeas undertaking acts to stay the judgment if the undertaking provides that the appellant will pay the judgment to the extent that the judgment is affirmed on appeal." ORS 19.335(1). Here, Debtor has used the Bankruptcy Court's automatic stay to avoid complying with Oregon law. Instead, Debtor wishes to continue its case against Movants without affording them any protection to their already ruled upon secured claim.

Pursuant to the Bankruptcy Code, § 362(d) provides: "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-- (1) for cause, including lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). The burden of proof on a motion to lift or modify the automatic stay under 11 U.S.C. § 362(d)(1) is a shifting one. "The movant must initially produce evidence establishing 'cause' for relief. Once the movant establishes cause, the burden of proof shifts to the debtor on all other issues." *In re Keene Corp.*, 171 B.R. 180 (Bankr. S.D.N.Y. 1994) (citing 11 U.S.C. § 362(g)(2)).

3 – MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Unfortunately, neither 11 U.S.C. § 362(d)(1) nor the legislative history defines "cause." This has left courts to consider what constitutes "cause" based on "the totality of the circumstances in each particular case." *Baldino v. Wilson*, 116 F.3d 87, 90 (3d Cir. 1997). To assist in its analysis, courts have chosen to adopt the following factors:

> whether relief would result in a partial or complete resolution of the issues; lack of any connection with or interference with the bankruptcy case; whether the other proceeding involves the debtor as a fiduciary; whether a specialized tribunal with the necessary expertise is established to hear the cause of action; whether the debtor's insurer assumes full responsibility for defending it; whether the action primarily involves third parties; whether litigation in another forum prejudices the interests of other creditors; whether the judgment claim arising from the other action is subject to equitable subordination; whether movant's success in the other proceeding results in a judicial lien avoidable by the debtor; the interests of judicial economy and the expeditious and economical resolution of litigation; whether the parties are ready for trial in the other proceeding; and impact of the stay on the parties and the balance of harms.

*Id*. (citing *In re Sonnax Indus*., 907 F.2d 1280 (2d Cir. 1990)).

Furthermore, in considering whether to lift the automatic stay, a court "may consider the policies reflected in the bankruptcy code, and the interests of the debtor, other creditors and any other interested parties." *In re Brown*, 311 B.R. 409, 413 (E.D. Pa. 2004). "The determination is by its very nature an equitable one that requires this Court to engage in a fact-sensitive inquiry as to whether the balance of hardships favors the movant." *In re Chandler*, 441 B.R. 452, 463 (Bankr. E.D. Pa. 2010) (citing *FRG, Inc. v. Manley*, 919 F.2d 850, 854 (3d Cir. 1990)).

Here, Movants consist of a group of individuals who the Marion County Court found were taken advantage of by Debtor charging them illegal fees. Movants were then "made whole" by prevailing on their claim against Debtor in Marion County.

Unfortunately, Plaintiffs were then deprived of their judgment because Debtor filed a Notice of Appeal, without posting a supersedeas bond, and then filed for bankruptcy; affording no protection to Movants' judgment. *In re Keene Corp.*, the court found that the plaintiff had met her initial burden to lift the automatic stay against debtor because she demonstrated that she would be "harmed" if the stay remained in place." *In re Keene Corp.*, 171 B.R. at 184. Additionally, the court found that the continued prosecution of the state court proceedings was the only means of resolving the issues between he parties. *Id*.

More importantly, the court *In re Keene Corp.* determined that "[w]here the continuation of a stay deprives the judgment creditor of the opportunity to collect the judgment from a third party - - and no other sources of collection exist - - a court will generally lift the stay to permit the litigation to continue." *Id*. Unlike *In re Keene Corp.*, here, Movants were not even afforded the protection of the supersedeas bond to permit the litigation to continue. *In re Keene Corp.*, the court granted the relief from the stay because plaintiffs right to collect the proceeds of the supersedeas bond depended upon her ability to obtain a final judgment and it was unlikely that she could recover the balance of her claim from the estate.

Although the situation here is a case of first impression, based on similar situations and the totality of the circumstances, the Court should grant Movants their relief from the automatic stay to allow them to prosecute their claims in the Oregon Circuit Court and the Oregon Court of Appeals. Additionally, under Oregon law, Debtor was required to post a supersedeas bond after it filed its Notice of Appeal. In order for Debtor to move forward with its appeal, the Court should require Debtor to

5 – MOTION FOR RELIEF FROM THE AUTOMATIC STAY

post a supersedeas bond to ensure Movants are not "harmed." Movants have no other means to protect the secured judgment that was entered in their favor. The supersedeas bond would allow the Notice of Appeal to move forward and protect Movants' judgment.

Dated March 22, 2019

/s/ Keith D. Karnes
Keith D. Karnes OSB # 033521
Attorney for Ad Hoc Group

6 – MOTION FOR RELIEF FROM THE AUTOMATIC STAY

# CERTIFICATE OF SERVICE

I, Keith Karnes, certify that I served the forgoing document via ECF which will in turn serve:

TIMOTHY J CONWAY    tim.conway@tonkon.com  candace.duncan@tonkon.com  spencer.fisher@tonkon.com

NICHOLAS J HENDERSON    nhenderson@portlaw.com  tsexton@portlaw.com  mperry@portlaw.com  hendersonnr86571@notify.bestcase.com

KEITH D KARNES    kkarnes@keithkarnes.com  kkarnesnotices@gmail.com  patricia@keithkarnes.com  9982680420@filings.docketbird.com  r51870@notify.bestcase.com

SHANNON R MARTINEZ    smartinez@sglaw.com  scurtis@sglaw.com

ERICH M PAETSCH    epaetsch@sglaw.com  ktate@sglaw.com

TERESA H PEARSON    teresa.pearson@millernash.com  MNGD-2823@millernash.com

AVA L SCHOEN    ava.schoen@tonkon.com  leslie.hurd@tonkon.com

TOBIAS TINGLEAF    toby@shermlaw.com  darlene@shermlaw.com

US Trustee, Eugene    USTPRegion18.EG.ECF@usdoj.gov

**via first-class mail:**

| | |
|---|---|
| **Hunter Emerick**<br>Saalfeld Griggs PC<br>250 Church St SE #200<br>Salem, OR 97301 | **Susan Stoehr**<br>24310 S Hwy 99E, Space G<br>Canby, OR 973013 |
| **Stephen Joye**<br>Fischer, Hayes, Joye & Allen, LLC<br>3295 Triangle Dr #200<br>Salem, OR 97302 | **Nancy Wolf**<br>2008 SE Sturdevant Rd<br>Toledo, OR 97391 |

DATED: March 22, 2019

/s/Keith D. Karnes
Keith D. Karnes, OSB No. 033521
**KARNES LAW OFFICES, PC**

7 – MOTION FOR RELIEF FROM THE AUTOMATIC STAY