1   Timothy J. Conway, OSB No. 851752 (Lead Attorney)
        Direct Dial:  (503) 802-2027
2       Facsimile:    (503) 972-3727
        Email:        tim.conway@tonkon.com
3   Ava L. Schoen, OSB No. 044072
        Direct Dial:  (503) 802-2143
4       Facsimile:    (503) 972-3843
        Email:        ava.schoen@tonkon.com
5   TONKON TORP LLP
    1600 Pioneer Tower
6   888 S.W. Fifth Avenue
    Portland, OR  97204
7
        Attorneys for B. & J. Property Investments, Inc.
8
    Nicholas J. Henderson, OSB No. 074027
9       Telephone:    (503) 417-0508
        Facsimile:    (503) 417-0528
10      Email:        nhenderson@portlaw.com
    MOTSCHENBACHER & BLATTNER, LLP
11  117 SW Taylor St., #300
    Portland, OR 97204
12
        Attorneys for William J. Berman
13

14                  UNITED STATES BANKRUPTCY COURT

15                        DISTRICT OF OREGON

16  In re                                   Case No. 19-60138-pcm11

17  B. & J. Property Investments, Inc.,

18                  Debtor.

19  _____          Case No. 19-60230-pcm11

20  In re                                   **DEBTORS' AMENDED JOINT PLAN
                                            OF REORGANIZATION**
21  William J. Berman,                      **(~~JULY 15~~OCTOBER 8, 2019)**

22                  Debtor

23

24

25

26

DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (~~JULY 15~~OCTOBER 8, 2019)

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

# TABLE OF CONTENTS

Page

Article 1    DEFINITIONS ............................................................................................1

Article 2    UNCLASSIFIED CLAIMS ......................................................................8

Article 3    CLASSIFICATION ................................................................................10

Article 4    TREATMENT OF UNIMPAIRED CLASSES ....................................11

Article 5    TREATMENT OF IMPAIRED CLASSES ..........................................11

Article 6    DISPUTED CLAIMS; OBJECTIONS TO CLAIMS ..........................17

Article 7    IMPLEMENTATION OF THE PLAN ..................................................17

Article 8    EXECUTORY CONTRACTS AND UNEXPIRED LEASES .............20

Article 9    EFFECT OF CONFIRMATION ...........................................................21

Article 10   RETENTION OF JURISDICTION ......................................................21

Article 11   ADMINISTRATIVE PROVISIONS ....................................................22

Article 12   MISCELLANEOUS PROVISIONS ....................................................23

Article 1    DEFINITIONS ............................................................................................1

Article 2    UNCLASSIFIED CLAIMS ......................................................................8

Article 3    CLASSIFICATION ................................................................................10

Article 4    TREATMENT OF UNIMPAIRED CLASSES ....................................11

Article 5     TREATMENT OF IMPAIRED CLASSES ...................................................11

Article 6     DISPUTED CLAIMS; OBJECTIONS TO CLAIMS................................17

Article 7     IMPLEMENTATION OF THE PLAN ...................................................17

Article 8     EXECUTORY CONTRACTS AND UNEXPIRED LEASES.......................20

Article 9     EFFECT OF CONFIRMATION ...................................................21

Article 10    RETENTION OF JURISDICTION ...................................................21

Article 11    ADMINISTRATIVE PROVISIONS ...................................................22

Article 12    MISCELLANEOUS PROVISIONS ...................................................23

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

1    B. & J. Property Investments, Inc., as debtor and debtor-in-possession ("B. & J.") and

2    William John Berman, as debtor-in-possession ("Berman") (collectively, "Debtors"), propose

3    this Amended Joint Plan of Reorganization (the "Plan") pursuant to Section 1121(a) of

4    Title 11 of the United States Code.

5    This Plan provides for the repayment of Debtors' obligations to their Creditors.  The

6    Plan provides for payment to all Creditors in full, or the orderly liquidation of B. & J.'s

7    assets, as set forth below.  A Disclosure Statement is enclosed herewith to assist you in

8    understanding this Plan and making an informed judgment concerning its terms.

## ARTICLE 1

## DEFINITIONS

11    Definitions of certain terms used in this Plan are set forth below.  Other terms are

12    defined in the text of this Plan or the text of the Disclosure Statement.  In either case, when a

13    defined term is used, the first letter of each word in the defined term is capitalized.  Terms

14    used and not defined in this Plan or the Disclosure Statement shall have the meanings given

15    in the Bankruptcy Code or Bankruptcy Rules, or otherwise as the context requires.  The

16    meanings of all terms shall be equally applicable to both the singular and plural, and

17    masculine and feminine, forms of the terms defined.  The words "herein," "hereof," "hereto,"

18    "hereunder," and others of similar import, refer to the Plan as a whole and not to any

19    particular section, subsection, or clause contained in the Plan.  Captions and headings to

20    articles, sections, and exhibits are inserted for convenience of reference only and are not

21    intended to be part of or to affect the interpretation of the Plan.  The rules of construction set

22    forth in Section 102 of the Bankruptcy Code shall apply.  In computing any period of time

23    prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

24    Any capitalized term that is not defined herein but is defined in the Bankruptcy Code shall

25    have the meaning ascribed to such term in the Bankruptcy Code.

26

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1.1.    "<u>Administrative Expense Claim</u>" means any Claim entitled to the priority afforded by Sections 503(b) and 507(a)(1) of the Bankruptcy Code.

1.2.    "<u>Allowed</u>" means, with respect to any Claim, proof of which has been properly Filed or, if no Proof of Claim was so Filed, which was or hereafter is listed on the Schedules as liquidated in amount and not disputed or contingent, and, in either case, a Claim as to which no objection to the allowance thereof, or motion to estimate for purposes of allowance, shall have been Filed on or before any applicable period of limitation that may be fixed by the Bankruptcy Code, the Bankruptcy Rules, and/or the Bankruptcy Court, or as to which any objection, or any motion to estimate for purposes of allowance, shall have been so Filed, to the extent allowed by a Final Order.

1.3.    "<u>Allowed Secured Claim</u>" means an Allowed Claim that is secured by a lien, security interest, or other charge against or interest in property in which one of the Debtors has an interest or that is subject to setoff under Section 553 of the Bankruptcy Code, to the extent of the value (as set forth in the Plan or, if no value is specified, as determined in accordance with Section 506(a) of the Bankruptcy Code or, if applicable, Section 1111(b) of the Bankruptcy Code) of the interest of the holder of such Claim in Debtor's interest in such property or to the extent of the amount subject to setoff, as the case may be.

1.4.    "<u>Allowed Unsecured Claim</u>" means an Allowed Claim that is not an Allowed Secured Claim.

1.5.    "<u>B. & J.</u>" means B. & J. Property Investments, Inc.

1.6.    "<u>B. & J. Bankruptcy Case</u>" means the Chapter 11 case filed by B. & J. Property Investments, Inc., Case No. 18-60138-pcm11, pending in the United States Bankruptcy Court for the District of Oregon.

1.7.    "<u>B. & J. Petition Date</u>" means January 17, 2019, the date on which the petition commencing the B. & J. Bankruptcy Case was Filed.

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

~~1.7.~~ 1.8.    "Bankruptcy Cases" means, collectively, the B. & J. Bankruptcy Case and the Berman Bankruptcy Case.

~~1.8.~~ 1.9.    "Bankruptcy Code" means the Bankruptcy Reform Act of 1978, as amended from time to time, set forth in Sections 101 et seq. of Title 11 of the United States Code.

~~1.9.~~ 1.10.   "Bankruptcy Court" means the United States Bankruptcy Court for the District of Oregon, or such other court that exercises jurisdiction over the Bankruptcy Cases or any proceeding therein, including the United States District Court for the District of Oregon, to the extent ~~that~~ the reference to the Bankruptcy Cases or any proceeding therein is withdrawn.

~~1.10.~~ 1.11.  "Bankruptcy Rules" means, collectively, the Federal Rules of Bankruptcy Procedure, as amended and promulgated under Section 2075, Title 28, of the United States Code, and the local rules and standing orders of the Bankruptcy Court.

~~1.11.~~ 1.12.  "Berman Bankruptcy Case" means the Chapter 11 case filed by William John Berman, Case No. 18-60230-pcm11, pending in the United States Bankruptcy Court for the District of Oregon.

1.13.    "Berman Petition Date" means January 28, 2019, the date on which the petition commencing the Berman Bankruptcy Case was Filed.

~~1.12.~~ 1.14.  "Berman Unsecured Claims Fund" means the account and funds described in Section 7.7 of the Plan, below.

~~1.13.~~ 1.15.  "Business Day" means a day other than a Saturday, Sunday, or other day on which banks in Portland, Oregon are authorized or required by law to be closed.

~~1.14.~~ 1.16.  "Cash" means lawful currency of the United States of America.

~~1.15.~~ 1.17.  "Chapter 11 Case" means the case under Chapter 11 of the Bankruptcy Code with respect to Debtors, pending in the District of Oregon, administered as *In re B. & J. Property Investments, Inc.,* Case No. 19-60138-pcm11.

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1.16. 1.18. "Claim" means (a) any right to payment from Debtors arising before the Effective Date, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy against Debtors arising before the Effective Date for breach of performance if such breach gives rise to a right of payment from Debtors, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

1.17. 1.19. "Class" means one of the classes of Claims defined in Article 3 hereof.

1.18. 1.20. "Class Action Case" means the case entitled *Loren Hathaway, et al. v. B. & J. Property Investments, Inc., et al.,* Marion County Case No. 13C14321, and all appeals, remands, and retrials, and further appeals thereof.

1.19. 1.21. "Class Action Claims" means the Allowed Claim of each Creditor that is a plaintiff in the Class Action Case and is awarded an amount due pursuant to a Final Order entered therein.

1.20. 1.22. "Collateral" means any property in which Debtors has have an interest that is subject to an unavoidable lien or security interest securing the payment of an Allowed Secured Claim.

1.21. 1.23. "Columbia" means Columbia Credit Union.

1.22. 1.24. "Columbia Loan Documents" means the loan documents entered into by and between Columbia and Debtors, including:

      (a)     Promissory Note dated September 11, 2015 between B. & J. Property Investments, Inc. (borrower) and Columbia Credit Union (lender) (the "Columbia Note").

      (b)     Commercial Loan Agreement dated September 11, 2015 between B. & J. Property Investments, Inc. (borrower) and Columbia Credit Union (lender).

      (c)     Deed of Trust dated September 11, 2015 between B. & J. Property Investments, Inc. (grantor), Trustee Services, Inc. (trustee), and Columbia Credit Union

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1    (lender).

2                (d)    Guaranty dated September 11, 2015 between Columbia Credit Union

3    (lender), B. & J. Property Investments, Inc. (borrower), and William J. Berman (guarantor)

4    (the "Berman Guaranty").

5                (e)    Guaranty dated September 11, 2015 between Columbia Credit Union

6    (lender), B. & J. Property Investments, Inc. (borrower), and Debra L. Jones-Berman

7    (guarantor) (the "Jones-Berman Guaranty").

8                (f)    Guaranty dated September 11, 2015 between Columbia Credit Union

9    (lender), B. & J. Property Investments, Inc. (borrower), and The Berman Living Trust Dated

10   October 21, 1997 (guarantor) (the "Trust Guaranty").

11               (g)    Guaranty dated September 11, 2015 between Columbia Credit Union

12   (lender), B. & J. Property Investments, Inc. (borrower), and Better Business Management,

13   Inc. (guarantor) (the "BBM Guaranty").

14       ~~1.23.~~ 1.25. The "Columbia Guaranties" means, collectively, the Berman Guaranty,

15   the Jones-Berman Guaranty, the Trust Guaranty, and the BBM Guaranty.

16       ~~1.24.~~ 1.26. "Confirmation Date" means the date on which the Confirmation Order is

17   entered on the docket by the Clerk of the Bankruptcy Court.

18       ~~1.25.~~ 1.27. "Confirmation Order" means the order of the Bankruptcy Court

19   confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

20       ~~1.26.~~ 1.28. "Creditor" means any entity holding a Claim against Debtor.

21       ~~1.27.~~ 1.29. "Debtors" means, collectively, but not to the exclusion of each

22   individually, B. & J. Property Investments, Inc., as Debtor and Debtor-in-Possession in the

23   B. & J. Bankruptcy Case, and William John Berman, as Debtor-in-Possession in the Berman

24   Bankruptcy Case.

25       ~~1.28.~~ 1.30. "Disclosure Statement" means Debtors' Disclosure Statement, as

26   amended, modified, restated, or supplemented from time to time, pertaining to the Plan.

**Page 5 of 27** -    DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (~~JULY 15~~
OCTOBER 8, 2019)

1    ~~1.29.~~ 1.31. "Disputed Claim" means a Claim with respect to which a Proof of Claim

2    has been timely Filed or deemed timely Filed under applicable law, and as to which an

3    objection, timely Filed, has not been withdrawn on or before the Effective Date or any date

4    fixed for filing such objections by order of the Bankruptcy Court, and has not been denied by

5    a Final Order, and which Claim has not been estimated or temporarily allowed by the

6    Bankruptcy Court on timely motion by the holder of such Claim.  If an objection related to

7    the allowance of only a part of a Claim has been timely Filed or deemed timely Filed, such

8    Claim shall be a Disputed Claim only to the extent of the objection.

9    ~~1.30.~~ 1.32. "Effective Date" means the 11th day following the date the Confirmation

10   Order is entered.

11   ~~1.31.~~ 1.33. "Filed" means filed with the Bankruptcy Court in the Bankruptcy Cases.

12   ~~1.32.~~ 1.34. "Final Order" means an order or judgment entered on the docket by the

13   Clerk of the Bankruptcy Court or any other court exercising jurisdiction over the subject

14   matter and the parties that has not been reversed, stayed, modified, appealed, or amended and

15   as to which the time for filing a notice of appeal, or petition for certiorari, or request for

16   certiorari, or request for rehearing shall have expired.

17   ~~1.33.~~ 1.35. "Insider" shall have the meaning ascribed to it by Section 101(31) of the

18   Bankruptcy Code.

19   ~~1.34.~~ 1.36. "Interests" means all rights of the owners of the membership interests of

20   Debtor.

21   ~~1.35.~~ 1.37. "Net Proceeds" means the funds available to distribute to Allowed Claims

22   after payment of all costs of sale, and liquidation of Debtor's Real Property and remaining

23   assets, including, but not limited to, after reduction for any and all fees and liquidation

24   expenses incurred or to be incurred with respect to the wind-down and closing of B & J's

25   business and closing of any sale(s), payments of any and all prior liens and encumbrances,

26   and payment of any and all taxes, fees, and expenses of any kind, including legal and

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

accounting ~~fees~~, related to the sale, the closing down, and the winding up of B & J's business and liquidation of assets.

~~1.36.~~ 1.38. "Other Priority Claim" means any Claim for an amount entitled to priority in right of payment under Section 507(a)(3), (4), (5), (6), or (7) of the Bankruptcy Code.

~~1.1     "B. & J. Petition Date" means January 17, 2019, the date on which the petition commencing the B. & J. Bankruptcy Case was Filed.~~

~~1.2     "Berman Petition Date" means January 28, 2019, the date on which the petition commencing the Berman Bankruptcy Case was Filed.~~

~~1.37.~~ 1.39. "Plan" means this Amended Joint Plan of Reorganization, as amended, modified, restated, or supplemented from time to time.

~~1.38.~~ 1.40. "Priority Tax Claim" means a Claim of a governmental unit of the kind entitled to priority under Section 507(a)(8) of the Bankruptcy Code or that would otherwise be entitled to priority but for the secured status of the Claim.

~~1.39.~~ 1.41. "Reorganized B. & J." means B. & J. from and after the Effective Date.

~~1.40.~~ 1.42. "Reorganized Berman" means Berman from and after the Effective Date.

~~1.41.~~ 1.43. "Reorganized Debtors" means both Debtors from and after the Effective Date.

~~1.42.~~ 1.44. "Restated Articles of Incorporation" means the restated articles of organization and restated operating agreement ("Organizational ~~Document~~Documents") of B. & J., which shall modify and amend Debtor's Organizational Documents to prohibit the issuance of non-voting equity securities to the extent required by Section 1123(a)(6) of the Bankruptcy Code, and make such other changes as Reorganized B. & J. may deem necessary or appropriate ~~or~~ to carry out the purpose and intent of the Plan.

~~1.43.~~ 1.45. "Schedules" means the Schedules of Assets and Liabilities and the Statement of Financial Affairs Filed by Debtors pursuant to Section 521 of the Bankruptcy Code, as amended, modified, restated, or supplemented from time to time.

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1.44. 1.46. "Secured Claim" means any Claim against either of DebtorsDebtor held by any entity, including, without limitation, an Affiliate or judgment creditor of Debtors, to the extent such Claim constitutes an unavoidable secured Claim under Sections 506(a) or 1111(b) of the Bankruptcy Code.

1.45. 1.47. "Quicken Loans" means Quicken Loans, Inc.

1.46. 1.48. "Quicken Loan Documents" means the loan documents entered into by and between Quicken Loans and Berman, including:

    (a)    Promissory Note dated October 20, 2016, between William J. Berman and Debra L. Berman (borrowers) and Quicken Loans, Inc. (lender); and

    (b)    Deed of Trust dated October 20, 2016, between William J. Berman and Debra L. Berman, husband and wife (grantors), First American Title (trustee), and Quicken Loans, Inc. (lender).

1.47. 1.49. "Real Property" means the real property located at 4490 Silverton Road NE, Salem, Oregon 97305, including any and all improvements located thereon, all easements, all water rights, and all other rights of every nature appurtenant to such real property.

1.48. 1.50. "Unsecured Claim" means an unsecured Claim that is not an Administrative Claim, a Secured Claim, a Tax Claim, or an Other Priority Claim.

1.49. 1.51. "Unsecured Creditor" means a holder of an Allowable Unsecured Claim.

1.50. 1.52. "Utility Deposits" means post-petition deposits with utilities made by Debtors pursuant to Section 366(b) of the Bankruptcy Code.

## ARTICLE 2

## UNCLASSIFIED CLAIMS

2.1.    Administrative Expense Claims.  Each holder of an Allowed Administrative Expense Claim shall be paid by Debtors in full in Cash on the later of (a) the Effective Date; or (b) the date on which such Claim becomes Allowed, unless such holder shall agree in

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1    writing to a different treatment of such Claim (including, without limitation, any different

2    treatment that may be provided for in any documentation, statute, or regulation governing

3    such Claim); provided, however, that Administrative Expense Claims representing

4    obligations incurred in the ordinary course of business by Debtors during the Bankruptcy

5    Case shall be paid by Debtors or Reorganized Debtors in the ordinary course of business and

6    in accordance with any terms and conditions of the particular transaction, and any

7    agreements relating thereto.

8         2.2.    <u>Priority Tax Claims</u>.  Each holder of an Allowed Priority Tax Claim shall be

9    paid by Debtors the full amount of its Allowed Priority Tax Claim as allowed by 11 U.S.C.

10    § 1129(a)(9)(C) and (D) within 30 days following the Effective Date or the date the claim is

11    Allowed, whichever first occurs.

12         2.3.    <u>Other Priority Claims</u>.  Each holder of an Other Priority Claim shall be paid in

13    full in cash the amount of its Allowed Claim on the latest to occur of (a) the Effective Date~~,~~;

14    (b) the date such claim becomes an Allowed Claim~~,~~; or (c) the date such claim becomes due

15    and owing, unless such holder shall agree in writing, or has agreed, to a different treatment of

16    such Claim (including, without limitation, any different treatment that may be provided for in

17    any documentation, agreement, contract, statute, law, or regulation creating and governing

18    such Claim).

19         2.4.    <u>Bankruptcy Fees</u>.  Fees payable by Debtors under 28 U.S.C. § 1930, or to the

20    Clerk of the Bankruptcy Court, will be paid in full in Cash on the Effective Date.  ~~After~~

21    ~~confirmation, Reorganized Debtors shall continue to pay quarterly fees of the Office of the~~

22    ~~United States Trustee and to file quarterly reports with the Office of the United States~~

23    ~~Trustee until this case is closed by the Court, dismissed, or converted.  This requirement is~~

24    ~~subject to any amendments to 28 U.S.C. § 1930(a)(6) that Congress makes retroactively~~

25    ~~applicable to confirmed Chapter 11 cases~~All quarterly fees due to the United States Trustee

26    pursuant to 28 USC § 1930(a), including fees due for any partial quarter, accruing after the

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1   Effective Date shall be paid by the Reorganized Debtors as and when they become due and

2   will be based on the Reorganized Debtors' total disbursements, including ordinary course of

3   business disbursements as well as disbursements made to Claimants under this Plan.  Such

4   fee obligations will not terminate until this Case is converted or dismissed, or until this Case

5   is no longer pending upon entry of a Final Order closing this Case, whichever first occurs,

6   and all United States Trustee fees, including any such fees accrued in any partial quarter,

7   shall be paid as a condition precedent prior to entry of an order closing the case.  After the

8   Effective Date, the Reorganized Debtors shall file with the Court a post-confirmation

9   monthly financial report for each month, or portion thereof, that the case is open or during

10  any period of time that the case is reopened. The monthly financial report shall include a

11  statement of all disbursements made during the course of the month, whether or not pursuant

12  to the Plan.  All United States Trustee fees, including any such fees accrued in any partial

13  quarter, shall also be paid as a condition precedent prior to entry of a Final Decree.

14                                   **ARTICLE 3**

15                                 **CLASSIFICATION**

16          For purposes of this Plan, Claims and Interests are classified as provided below.  A

17  Claim is classified in a particular Class only to the extent such Claim qualifies within the

18  description of such Class, and is classified in a different Class to the extent such Claim

19  qualifies within the description of such different Class.

20          3.1.    Class 1 – Columbia's Secured Claim Against B. & J.  Class 1 consists of the

21  Allowed Secured Claim of Columbia.

22          3.2.    Class 2 – Columbia's Unsecured Guaranty Claim Against Berman.  Class 2

23  consists of the Allowed Unsecured Claim of Columbia against Berman pursuant to the

24  Berman Guaranty.

25          3.3.    Class 3 – Quicken Loans' Secured Claim Against Berman.  Class 3 consists of

26  the Allowed Secured Claim of Quicken Loans.

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

3.4.     Class 4 – General Unsecured Claims Against B. & J.  Class 4 consists of all Allowed Unsecured Claims against B. & J~~.,~~, other than Administrative Expense Claims, Priority Tax Claims, and Class 6 Claims.

3.5.     Class 5 – General Unsecured Claims Against Berman.  Class 5 consists of all Allowed Unsecured Claims against Berman, other than Administrative Expense Claims, Priority Tax Claims, and Class 7 Claims.

3.6.     Class 6 – Class Action Claims Against B. & J.  Class 6 consists of the Allowed ~~Unsecured~~ Claims of the Class Action Plaintiffs against B. & J.

3.7.     Class 7 – Class Action Claims Against Berman.  Class 7 consists of the Allowed Unsecured Claims of the Class Action Plaintiffs against Berman.

3.8.     Class 8 – Interests of B. & J.  Class 8 consists of the Interests of the holders of B. & J.'s common stock.

3.9.     Class 9 – Berman's Interests in Berman Bankruptcy Case Estate.  Class 9 consists of Berman's interest in property of the estate of the Berman Bankruptcy Case.

## ARTICLE 4

## TREATMENT OF UNIMPAIRED CLASSES

4.1.     All Classes of Claims against B. & J. are impaired under the Plan.

4.2.     All Classes of Claims against Berman are impaired, with the exception of the Class 3 Claim of Quicken Loans.  Class 3 is unimpaired, and Berman shall pay the Class 3 Claim in accordance with the Quicken Loan Documents.

## ARTICLE 5

## TREATMENT OF IMPAIRED CLASSES

5.1.     Class 1 (Columbia's Secured Claim Against B. & J.).  Columbia's Class 1 Claim will be satisfied in full, together with interest at the non-default fixed Loan rate of 5.02%, on the same terms and payments as set forth in the Columbia Loan Documents, which will remain in effect, except as stated below:

- The Commercial Loan Agreement shall be amended as follows:  Section 3, the first sentence shall be deleted so that the loan will not be payable on demand but will still be payable no later than September 20, 2025. Section 6.D., Compliance with Laws, will not be read to cause a default based on the allegations in the Class Action Case.  Section ~~6.Y., Additional Covenants, shall be deleted.  Section 8.A. shall be deleted.~~8.A. shall be amended to add the following at the end of the section:  "Notwithstanding the foregoing, this note shall not be accelerated as a result of my filing of a bankruptcy petition on January 12, 2019, commencing Bankruptcy Case Number 19-60138-pcm11."

- The Columbia Note shall be amended as follows:  Section 3.A., Interest After Default, shall not apply based on the filing of the Bankruptcy Case, but will remain in effect to the extent of any future defaults.  Section 7 shall delete reference to payment on demand.  Section 12, Due on Sale or Encumbrance, shall ~~not be effective if Debtor is not successful in avoiding the judgment lien from the Class Action Case; provided, however, that B & J must seek to avoid such judgment lien. Section 12 shall also be revised to delete the words "or contract for the creation of" in the first sentence so that it reads as follows~~be deleted and replaced with the following:

  > You may, at your option, declare the entire balance of this Note to be immediately due and payable upon the creation of any lien, encumbrance, transfer, or sale of all or any part of the Property.  Notwithstanding the foregoing, you may not declare the entire balance of this Note to be immediately due and payable because of the judgment lien arising from the case entitled *Loren Hathaway, et al. v. B. & J. Property Investments, Inc., et al.*, Marion County Case No. 13C14321, provided that I must seek to avoid such judgment lien.  This right is subject to the restrictions imposed by federal law, as applicable.

**Page 12 of 27** -  DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (~~JULY 15~~ OCTOBER 8, 2019)

- The Deed of Trust is revised as necessary to be consistent with the above changes to the Commercial Loan Agreement and the Columbia Note.

- The Columbia Loan Documents are deemed revised to the extent necessary so Reorganized Debtors are not in default as of the ~~Effective~~ Petition Date and shall not be in default based on any terms set forth in the Plan or Confirmation Order.

5.2. <u>Class 2 (Columbia's Unsecured Guaranty Claim Against Berman)</u>.  The Berman Guaranty will remain in full force and effect and will be an obligation of Reorganized Berman.  For Columbia's Class 2 Claim, any default that exists under the Columbia Guaranties shall be deemed cured or waived as of the Effective Date.  Columbia's Class 2 Claim will be satisfied in full, together with interest at the non-default fixed Loan rate of 5.02%—the same terms and payments as set forth in the Columbia Loan Documents, which will remain in effect except as stated below:

- Each of the Columbia Loan Documents are amended as set forth in Section 5.1 above

- The following language shall be added to the end of paragraph 5 in each of the Columbia Guaranties:

> Notwithstanding the foregoing, the maturity of the Debt shall not be accelerated as a result of Borrower's filing of a bankruptcy petition on January 12, 2019, commencing Bankruptcy Case Number 19-60138-pcm11.

5.3. <u>Intentionally Omitted</u>

5.4. <u>Class 4 (General Unsecured Claims Against B. & J.)</u>.  Class 4 consists of all Allowed Unsecured Claims against B. & J. that are not otherwise classified in the Plan.  Each holder of a Class 4 Claim shall be paid in full, together with interest at the federal judgment rate (fixed at the rate in effect on the Effective Date) from and after the Effective Date, as follows:  (a) commencing on the first day of the first full month following the Effective Date,

**Page 13 of 27** -  DEBTORS' <u>AMENDED</u> JOINT PLAN OF REORGANIZATION (~~JULY 15~~ <u>OCTOBER 8</u>, 2019)

General Unsecured Creditors will be paid monthly payments of interest only, at the federal judgment rate, for ~~12~~24 months; and (b) commencing on the first day of the ~~13th~~25th month following the Effective Date, General Unsecured Creditors will be paid the full balance of their claims in equal amortizing monthly payments, including principal and interest at the federal judgment rate, for the next 36 months; provided, however, that if the appeal of the Class Action Case is not successful and funds are due and owing to the Class 6 Claimants under a Final Order, then payments made to Class 4 Claims up to that point will be recharacterized as payments of principal only and Class 4 Claims shall share pro rata in the liquidation of assets described in Class 6 below on a pari passu basis with Class 6 Unsecured Claims, with no further payments being made to Class 4 Claims until such time as payments to Class 6 Unsecured Claims have caught up and are on par with the percentage previously received by Class 4 Claims.

     5.5.    Class 5 (General Unsecured Claims Against Berman). Class 5 consists of all Allowed Unsecured Claims against Berman not otherwise classified in the Plan.

     Within 60 days after the later of (a) B. & J. completing payments to Class 4 Claims; or (b) B. & J. exhausting all of its options for paying Class 6 Claims, Reorganized Berman shall pay the remaining balance of any Class 5 Claim from the amount available in the Berman Unsecured Claims Fund. In the event the Berman Unsecured Claims Fund is insufficient to pay the remaining Class 5 Claims in full, Class 5 Claims shall receive their pro rata share of the Berman Unsecured Claims Fund. Each Class 5 Creditor's pro rata share of the Berman Unsecured Claims Fund shall be determined by dividing the amount of the creditor's remaining claim by the total amount of all remaining Class 5 and Class 7 Claims. Payments from the Berman Unsecured Claims Fund shall be made annually until Reorganized Berman's obligation to pay into the Berman Unsecured Claims Fund has been satisfied as set forth in Section 7.7. below and all such funds have been distributed under this Plan.

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

5.6.  Class 6 (Class Action Claims Against B. & J.).  Class 6 consists of the Allowed Class Action Claims against B. & J. of Creditors entitled to payment resulting from the Class Action Case.  To the extent the Class 6 Class Action Claims are partially or fully Allowed Secured Claims, they will be paid the allowed amount of their Secured Claim in full with interest, if applicable, at the federal judgment rate (fixed at the rate in effect on the Effective Date) from and after the Effective Date until paid as described below.  To the extent the Allowed Class Action Claims are Allowed Unsecured Claims or to the extent the value of any Collateral valued as of the B. & J. Petition Date is insufficient to pay Allowed Secured Claims, then the deficiency amount shall be treated as an Unsecured Claim, which Allowed Unsecured Claims of Class Action Claimants shall be paid with interest, if applicable, at the federal judgment rate (fixed at the rate in effect on the Effective Date) from and after the Effective Date until paid as described below.

Upon entry of a Final Order on the Class Action Claims, Reorganized B. & J. will pay Allowed Class Action Claims, whether Secured or Unsecured, within 12 months after any order entered in the Class Action Case becomes a Final Order.  To the Extent Reorganized B. & J. does not have sufficient funds to pay the Allowed Class 6 Claims from available cash, then Reorganized B. & J. shall first seek to pursue the malpractice claims against Saalfeld Griggs in order to recover the full amounts owing to the Class Action Claims.  If recovery against Saalfeld Griggs is not successful, then Reorganized B. & J. will seek to refinance the Real Property to generate Net Proceeds in a sufficient amount to pay the Allowed Class 6 Claims.  If Reorganized B. & J. is unable to refinance the Real Property, then Reorganized B. & J. shall proceed to sell the Real Property and liquidate all its remaining assets, with the Net Proceeds from the Real Property to be paid first in full satisfaction of the Allowed Class 6 Secured Claims and thereafter to the Allowed Class 4

Tonkon Torp LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

and Class 6 Unsecured Claims.  If the ~~amounts payable to the Class 6 Claimants~~Net Proceeds are insufficient to pay ~~any Allowed Secured Claim or~~ Allowed Unsecured ~~Claim~~Claims in full, then each Unsecured Claimant shall be paid its pro rata share of the amount owed to all Allowed Class ~~6 Claims~~4 and 6 Unsecured Claims.  Proceeds from the malpractice claims against Saalfeld Griggs, Net Proceeds of the refinancing, or Net Proceeds from the sale of the Real Property and liquidation of assets shall first be paid to the Class 6 Unsecured Claims until such payments equal the same percentage that Class 4 Claims have received to date, and thereafter Class 4 and Class 6 Unsecured Claims shall be paid from available funds on a pro rata basis.

5.7.    Class 7 (Class Action Claims Against Berman).  Class 7 consists of the Allowed Class Action Claims against Berman of Creditors entitled to payment resulting from the Class Action Case.

Within 60 days after B. & J. has exhausted all of its options for paying Class 6 Claims pursuant to Section 5.6. above, Reorganized Berman shall pay the remaining balance of any Class 7 Claim.  In the event the Berman Unsecured Claims Fund is insufficient to pay the remaining Class 7 Claims in full, Class 7 Claims shall receive their pro rata share of the Berman Unsecured Claims Fund.  Each Class 7 Creditor's pro rata share of the Berman Unsecured Claims Fund shall be determined by dividing the amount of the creditor's remaining claim by the total amount of all remaining Class 5 and Class 7 claims.  Payments from the Berman Unsecured Claims Fund shall be made annually until Reorganized Berman's obligation to pay into the Berman Unsecured Claims Fund has been satisfied as set forth in Section 7.7. below and all such funds have been distributed under this Plan.

5.8.    Class 8 (Interests in B. & J.).  Class 8 Interests will retain their interest in B. & J. to the extent there are sufficient funds to pay Allowed Claims in full, but such Interests will be extinguished if there are insufficient funds upon a liquidation.

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

5.9.    Class 9 (Berman's Interests).  The Class 9 interest holder is Berman, who shall retain his interests in property of the bankruptcy estate of the Berman Bankruptcy Case.

## ARTICLE 6

## DISPUTED CLAIMS; OBJECTIONS TO CLAIMS

6.1.    Disputed Claims; Objections to Claims.  Only Claims that are Allowed shall be entitled to distributions under the Plan.  Debtors reserve the right to contest and object to any Claims and previously Scheduled Amounts, including, without limitation, those Claims and Scheduled Amounts that are specifically referenced herein, are not listed in the Schedules, are listed therein as disputed, contingent, and/or unliquidated in amount, or are listed therein at a different amount than Debtors currently believe is validly due and owing.  Unless otherwise ordered by the Bankruptcy Court, all objections to Claims and Scheduled Amounts (other than Administrative Expense Claims) shall be Filed and served upon counsel for Debtors and the holder of the Claim objected to on or before the later of (a) 30 days after the Effective Date, or (b) 60 days after the date (if any) on which a Proof of Claim is Filed in respect of a Rejection Claim.  The last day for filing objections to Administrative Expense Claims shall be set pursuant to an order of the Bankruptcy Court.  All Disputed Claims shall be resolved by the Bankruptcy Court, except to the extent that (ia) Debtors may otherwise elect consistent with the Plan and the Bankruptcy Code;, or (iib) the Bankruptcy Court may otherwise order.

## ARTICLE 7

## IMPLEMENTATION OF THE PLAN

7.1.    Executory Contracts and Unexpired Leases.  Except as may otherwise be provided, all executory contracts and unexpired leases of Debtors that are not otherwise subject to a prior Bankruptcy Court order or pending motion before the Bankruptcy Court are assumed by and assigned to each respective Reorganized Debtor on the Effective Date.

7.2.    Setoffs.  Debtors may, but shall not be required to, set off against any Claim

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

and the distributions to be made pursuant to the Plan in respect of such Claim, any claims of any nature whatsoever that Debtors may have against the holder of such Claim, but neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release of any such claim Debtors may have against such holder.

7.3.    <u>Corporate Action</u>.  Upon entry of the Confirmation Order by the Clerk of the Bankruptcy Court, all actions contemplated by the Plan shall be authorized and approved in all respects (subject to the provisions of the Plan), including, without limitation, the following:  (a) the adoption and filing with the Secretary of State of the State of Oregon the Restated Articles of Incorporation; and (b) the execution, delivery, and performance of all documents and agreements relating to the Plan and any of the foregoing.  On the Effective Date, Reorganized Berman and the appropriate officers of Reorganized B. & J. are authorized and directed to execute and deliver the agreements, documents, and instruments contemplated by the Plan and the Disclosure Statement in the name of, and on behalf of, the respective Reorganized Debtors.  Both Reorganized Debtors may continue to act and make further amendments and elections as they may deem necessary or desirable.

7.4.    <u>Saturday, Sunday, or Legal Holiday</u>.  If any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

7.5.    <u>Utility Deposit</u>.  All utilities holding a Utility Deposit shall immediately after the Effective Date return or refund such Utility Deposit to Debtor.

7.6.    <u>Event of Default; Remedy</u>.  Any material failure by Reorganized Debtors to perform any term of this Plan, which failure continues for a period of 15 Business Days following receipt by Reorganized Debtors of written notice of such default from the holder of an Allowed Claim to whom performance is due, shall constitute an Event of Default.  Upon the occurrence of an Event of Default, the holder of an Allowed Claim to whom performance

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1  is due shall have all rights and remedies granted by law, this Plan, or any agreement between

2  the holder of such Claim and Debtors or Reorganized Debtors.  An Event of Default with

3  respect to one Claim shall not be an Event of Default with respect to any other Claim.

4      7.7.    Berman Unsecured Claims Fund.  Within 30 days after the Effective Date,

5  Reorganized Berman shall open a depository account (the "Berman Unsecured Claims

6  Fund") into which he shall ~~deposit $1,000 per month for 60 months, or such other amount as~~

7  ~~the Bankruptcy Court may determine.[1]~~ make deposits in the amount of $1,735 per month

8  through September of 2020.  Beginning in October of 2020, Berman shall make deposits to

9  the Berman Unsecured Claims Fund in the amount of $492 per month.  Berman shall

10 continue making such deposits until the 60th month following the Effective Date, or to

11 another date as the Bankruptcy Court may determine.[2]  Berman shall make such deposits

12 from his earnings operating B. & J.  In the event that B. & J.'s property is liquidated, Berman

13 will obtain new employment to make the payments described in this Section.

14      Except to make distributions under this Plan, Reorganized Berman shall not use the

15 funds deposited in the Berman Unsecured Claims Fund until all claims entitled to payment

16 from the Berman Unsecured Claims Fund are paid in full.  At Reorganized Berman's option,

17 he can make extra payments into the Berman Unsecured Claims Fund if he has excess funds

18 available to him.  To the extent extra payments are made into the Berman Unsecured Claims

19 Fund, it shall reduce the amount Reorganized Berman is obligated to pay for the next

20 scheduled payment(s).  Additionally, Reorganized Berman shall make efforts to collect the

---

[1] ~~The $1,000 monthly deposit amount is Reorganized Berman's "projected disposable~~
~~income" as defined in 11 U.S.C. § 1325(b)(2).  See Exhibit 3 to the Disclosure Statement.~~

[2] The $1,000 monthly deposit amount is Reorganized Berman's "projected disposable
income" as defined in 11 U.S.C. § 1325(b)(2).  See Exhibit 3 to the Disclosure Statement.

**Page 19 of 27** -  DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (~~JULY 15~~
OCTOBER 8, 2019)

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

$107,690.33 owed to him in relation to William Lloyd Investments, and Reorganized Berman shall contribute all amounts collected to the Berman Unsecured Claims Fund.

Once Reorganized Berman has deposited the total amount of $~~60~~160,000 into the Berman Unsecured Claims Fund, his obligation to pay such deposits shall be fully satisfied, and no additional payments shall be required. However, notwithstanding the foregoing, Berman will make an additional contribution to the Berman Unsecured Claims fund if the Absolute Priority Rule applies to his Plan. The Absolute Priority Rule will apply in the event that all of the following occur: (a) Debtors are unsuccessful on their appeal, (b) the Class Action Creditors do not accept the Plan, (c) the Class Action Claims are not fully paid by B. & J., and (d) the remainder of the Class Action Claims are not paid in full from the Berman Unsecured Claims Fund. In the event the Absolute Priority Rule applies, Berman shall obtain a loan from family or from a financial institution to make a contribution to the Berman Unsecured Claims Fund in the amount of $98,000, or the amount needed to pay the remaining balance of the Class Action Claims, whichever is less.

## ARTICLE 8

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

8.1.    <u>Assumption</u>.  Except as may otherwise be provided, all executory contracts and unexpired leases of Debtors~~, which~~ that are not otherwise subject to a prior Bankruptcy Court order or pending motion before the Bankruptcy Court, are assumed by and assigned to Reorganized Debtors on the Effective Date.  The Confirmation Order shall constitute an order authorizing assumption and assignment of all executory contracts and unexpired leases except those otherwise specifically rejected or otherwise provided for or subject to other Court Order or pending motion.  Reorganized Debtors shall promptly pay all amounts required under Section 365 of the Bankruptcy Code to cure any defaults and assume the executory contracts.

8.2.    <u>Rejection Claims</u>.  Rejection Claims must be Filed no later than 30 days after

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

the entry of the order rejecting the executory contract or unexpired lease or 30 days after the

Effective Date, whichever is sooner.  Any such Rejection Claim not Filed within such time

shall be forever barred from assertion against Debtors, Reorganized Debtors, and their

property and estates.  Each Rejection Claim resulting from such rejection shall constitute a

Class 2 Claim.

## ARTICLE 9

## EFFECT OF CONFIRMATION

9.1.    <u>Injunction</u>.  The effect of confirmation shall be as set forth in Section 1141 of

the Bankruptcy Code.  Except as otherwise provided in the Plan or ~~in~~ the Confirmation

Order, confirmation of the Plan shall act as a permanent injunction applicable to entities

against (a) the commencement or continuation, including the issuance or employment of

process, of a judicial, administrative, or other action or proceeding against Reorganized

Debtors that was or could have been commenced before the entry of the Confirmation Order;

(b) the enforcement against either of the Reorganized Debtors or their assets of a judgment

obtained before Reorganized Debtors' respective petition dates; and (c) any act to obtain

possession of or to exercise control over, or to create, perfect, or enforce a lien upon all or

any part of the assets.

9.2.    <u>Discharge</u>.  Except as otherwise expressly provided herein, ~~the~~ confirmation

of the Plan shall, as of the Effective Date, discharge all Claims to the fullest extent

authorized or provided for by the Bankruptcy Code, including, without limitation, to the

extent authorized or provided for by Sections 524 and 1141 thereof.

## ARTICLE 10

## RETENTION OF JURISDICTION

10.1.    <u>Jurisdiction of the Bankruptcy Court</u>.  Notwithstanding entry of the

Confirmation Order, the Court shall retain jurisdiction of this Chapter 11 Case pursuant to

and for the purposes set forth in Section 1127(b) of the Bankruptcy Code and <u>to</u>:

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1    (a)    ~~to~~ classify the Claim or interest of any Creditor or stockholder,

2    reexamine Claims or Interests ~~which~~<u>that</u> have been owed for voting purposes, and determine

3    any objections that may be Filed to Claims or Interests;

4    (b)    ~~to~~ determine requests for payment of Claims entitled to priority under

5    Section 507(a)(1) of the Bankruptcy Code, including compensation and reimbursement of

6    expenses in favor of professionals employed at the expense of the Estates;

7    (c)    ~~to~~ avoid liens, transfers, or obligations, or to subordinate Claims under

8    Chapter 5 of the Bankruptcy Code;

9    (d)    ~~to~~ approve the assumption, assignment, or rejection of an executory

10    contract or an unexpired lease pursuant to this Plan;

11    (e)    ~~to~~ resolve controversies and disputes regarding the interpretation of

12    this Plan;

13    (f)    ~~to~~ implement the provisions of this Plan and enter orders in aid of

14    confirmation;

15    (g)    ~~to~~ adjudicate adversary proceedings and contested matters pending or

16    hereafter commenced in this Chapter 11 Case; and

17    (h)    ~~to~~ enter a final decree closing this Chapter 11 proceeding.

18    10.2.    <u>Failure of Bankruptcy Court to Exercise Jurisdiction</u>.  If the Bankruptcy Court

19    abstains from exercising or declines to exercise jurisdiction over any matter arising under,

20    arising in, or related to the Chapter 11 Case, this Article shall not prohibit or limit the

21    exercise of jurisdiction by any other court having competent jurisdiction with respect to such

22    subject matter.

23    **ARTICLE 11**

24    **ADMINISTRATIVE PROVISIONS**

25    11.1.    <u>Modification or Withdrawal of the Plan</u>.  Debtors may alter, amend, or modify

26    the Plan pursuant to Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019 at any

**Page 22 of 27** -  DEBTORS' <u>AMENDED</u> JOINT PLAN OF REORGANIZATION (~~JULY 15~~
<u>OCTOBER 8</u>, 2019)

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1    time prior to the time the Bankruptcy Court has signed the Confirmation Order.  After such

2    time, and prior to substantial consummation of the Plan, Debtors may, so long as the

3    treatment of holders of Claims and Interests under the Plan is not adversely affected, institute

4    proceedings in Bankruptcy Court to remedy any defect or omission, or to reconcile any

5    inconsistencies in the Plan, the Disclosure Statement, or the Confirmation Order, and any

6    other matters as may be necessary to carry out the purposes and effects of the Plan; provided,

7    however, that prior notice of such proceedings shall be served in accordance with

8    Bankruptcy Rule 2002.

9          11.2.    <u>Revocation or Withdrawal of Plan</u>.  Debtors reserve the right to revoke or

10   withdraw the Plan at any time prior to the Effective Date.

11         11.3.    <u>Effect of Withdrawal or Revocation</u>.  If Debtors revoke or withdraw the Plan

12   prior to the Effective Date, then the Plan shall be deemed null and void.  In such event,

13   nothing contained herein shall be deemed to constitute a waiver or release of any claims by

14   or against Debtors or any other Entity or to prejudice in any manner the rights of Debtors or

15   any Entity in any further proceeding involving Debtors.

16         11.4.    <u>Nonconsensual Confirmation</u>.  Debtors shall request that the Bankruptcy

17   Court confirm the Plan pursuant to Section 1129(b) of the Bankruptcy Code if the

18   requirements of all provisions of Section 1129(a) of the Bankruptcy Code, except Subsection

19   1129(a)(8), are met.

20                              **ARTICLE 12**

21                       **MISCELLANEOUS PROVISIONS**

22         12.1.    <u>Revesting</u>.  Except as otherwise expressly provided herein, on the Effective

23   Date, all property and assets of the estate of each Debtor shall revest in each respective

24   Reorganized Debtor, free and clear of all claims, liens, encumbrances, charges, and other

25   Interests of Creditors arising on or before the Effective Date, and Reorganized Debtors may

26   operate, from and after the Effective Date, free of any restrictions imposed by the

**Page 23 of 27** -  DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (JULY 15
OCTOBER 8, 2019)

1 Bankruptcy Code or the Bankruptcy Court.  For the avoidance of doubt, all liens,
2 encumbrances, charges, and other interests of Columbia remain in full force and effect from
3 and after the Effective Date.

4      12.2.   <u>Rights of Action</u>.  Except as otherwise expressly provided herein, any rights
5 or causes of action (including, without limitation, any and all avoidance actions) accruing to
6 Debtors shall remain assets of Reorganized Debtors.  Reorganized Debtors may pursue such
7 rights of action, as appropriate, in accordance with what is in ~~its~~their best interests and for
8 their benefit.

9      12.3.   <u>Governing Law</u>.  Except to the extent the Bankruptcy Code, the Bankruptcy
10 Rules, or other federal laws are applicable, the laws of the State of Oregon shall govern the
11 construction and implementation of the Plan and all rights and obligations arising under the
12 Plan.

13      12.4.   <u>Withholding and Reporting Requirements</u>.  In connection with the Plan and
14 all instruments issued in connection therewith and distributions thereon, Debtors and
15 Reorganized Debtors shall comply with all withholding, reporting, certification, and
16 information requirements imposed by any federal, state, local, or foreign taxing authorities
17 and all distributions hereunder shall, to the extent applicable, be subject to any such
18 withholding, reporting, certification, and information requirements.  Entities entitled to
19 receive distributions hereunder shall, as a condition to receiving such distributions, provide
20 such information and take such steps as Reorganized Debtors may reasonably require to
21 ensure compliance with such withholding and reporting requirements, and to enable
22 Reorganized Debtors to obtain the certifications and information as may be necessary or
23 appropriate to satisfy the provisions of any tax law.

24      12.5.   <u>Time</u>.  Unless otherwise specified herein, in computing any period of time
25 prescribed or allowed by the Plan, the day of the act or event from which the designated
26 period begins to run shall not be included.  The last day of the period so computed shall be

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1    included, unless it is not a Business Day, in which event the period runs until the end of the

2    next succeeding day that is a Business Day.

3        12.6.    Addresses and Notices.  If an Event of Default occurs, written notice of such

4    Default shall be provided at the addresses for notices set forth below:

5        To B. & J.                    B. & J. Property Investments, Inc.
                                       c/o William J. Berman, President
6                                      4490 Silverton Road NE
                                       Salem, OR  97305
7

8        with a copy to:              Timothy J. Conway
                                       Tonkon Torp LLP
9                                      888 SW Fifth Avenue, #1600
                                       Portland, OR 97204

10       To Berman:                   William J. Berman
                                       4490 Silverton Road NE
11                                     Salem, OR  97305

12       with a copy to:              Nicholas J. Henderson
                                       Motschenbacher & Blattner LLP
13                                     117 SW Taylor Street, #300
                                       Portland, OR 97204
14

15       12.7.    Section 1146(c) Exemption.  Pursuant to Section 1146(c) of the Bankruptcy

16   Code, the issuance, transfer, or exchange of any security under the Plan, or the execution,

17   delivery, or recording of an instrument of transfer pursuant to, in implementation of, or as

18   contemplated by the Plan; or the revesting, transfer, or sale of any real property of Debtors or

19   Reorganized Debtors pursuant to, in implementation of, or as contemplated by the Plan, shall

20   not be taxed under any state or local law imposing a stamp tax, transfer tax, or similar tax or

21   fee.  Consistent with the foregoing, each recorder of deeds or similar official for any city,

22   county, or governmental unit in which any instrument hereunder is to be recorded shall,

23   pursuant to the Confirmation Order, be ordered and directed to accept such instrument

24   without requiring the payment of any documentary stamp tax, deed stamps, transfer tax,

25   intangible tax, or similar tax.

26       12.8.    Severability.  In the event any provision of the Plan is determined to be

Page 25 of 27 -  DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (JULY 15
                 OCTOBER 8, 2019)

unenforceable, such determination shall not limit or affect the enforceability and operative

effect of any other provisions of the Plan.  To the extent any provision of the Plan would, by

its inclusion in the Plan, prevent or preclude the Bankruptcy Court from entering the

Confirmation Order, the Bankruptcy Court, on the request of Debtors, may modify or amend

such provision, in whole or in part, as necessary to cure any defect or remove any

impediment to confirmation of the Plan existing by reason of such provision.

12.9.   Binding Effect.  The provisions of the Plan shall bind Debtors, Reorganized

Debtors, and all holders of Claims and Interests, and their respective successors, heirs, and

assigns.

12.10.  Recordable Order.  The Confirmation Order shall be deemed to be in

recordable form and shall be accepted by any recording officer for filing and recording

purposes without further or additional orders, certifications, or other supporting documents.

12.11.  Plan Controls.  In the event, and to the extent, that any provision of the Plan is

inconsistent with the provisions of the Disclosure Statement or any other instrument or

agreement contemplated to be executed pursuant to the Plan, the provisions of the Plan shall

control and take precedence.

12.12.  Effectuating Documents and Further Transactions.  Debtors and Reorganized

Debtors shall execute, deliver, file, or record such contracts, instruments, assignments, and

other agreements or documents, and take or direct such actions as may be necessary or

appropriate to effectuate and further evidence the terms and conditions of this Plan.

1    DATED this ~~16th~~8th day of ~~July~~October, 2019.

2                                          Respectfully submitted,

3                                          B. & J. PROPERTY INVESTMENTS, INC.

4

5                                          By */s/ William J. Berman*
                                              William J. Berman, President

6

7                                          By */s/ William J. Berman*
8                                              William J. Berman, Personally

9    TONKON TORP LLP

10

11   By */s/ Timothy J. Conway*
        Timothy J. Conway, OSB No. 851752
12      Ava L. Schoen, OSB No. 044072
        Of Attorneys for Debtor

13

14   MOTSCHENBACHER & BLATTNER, LLP

15

16   By */s/ Nicholas J. Henderson*
        Nicholas J. Henderson, OSB No. 074027
17      Telephone:    (503) 417-0508
        Facsimile:    (503) 417-0528
18      Email:        nhenderson@portlaw.com
        Attorneys for William J. Berman

19

20

21

22

23

24

25

26

**Page 27 of 27** -  DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (~~JULY 15~~
             OCTOBER 8, 2019)

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1  Timothy J. Conway, OSB No. 851752 (Lead Attorney)
       Direct Dial: (503) 802-2027
2      Facsimile:   (503) 972-3727
       Email:       tim.conway@tonkon.com
3  Ava L. Schoen, OSB No. 044072
       Direct Dial: (503) 802-2143
4      Facsimile:   (503) 972-3843
       Email:       ava.schoen@tonkon.com
5  TONKON TORP LLP
   1600 Pioneer Tower
6  888 S.W. Fifth Avenue
   Portland, OR  97204
7
       Attorneys for B. & J. Property Investments, Inc.
8
   Nicholas J. Henderson, OSB No. 074027
9      Telephone:   (503) 417-0508
       Facsimile:   (503) 417-0528
10     Email:       nhenderson@portlaw.com
   MOTSCHENBACHER & BLATTNER, LLP
11 117 SW Taylor St., #300
   Portland, OR 97204
12
       Attorneys for William J. Berman
13

14              UNITED STATES BANKRUPTCY COURT

15                    DISTRICT OF OREGON

16 | In re | Case No. 19-60138-pcm11 |

17 B. & J. Property Investments, Inc.,

18            Debtor.

19                                    Case No. 19-60230-pcm11

20 In re                              **DEBTORS' AMENDED JOINT PLAN
                                      OF REORGANIZATION
21 William J. Berman,                 (OCTOBER 8, 2019)**

             Debtor
22

23

24

25

26

DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8, 2019)

# TABLE OF CONTENTS

Page

Article 1    DEFINITIONS ........................................................................................1

Article 2    UNCLASSIFIED CLAIMS ....................................................................8

Article 3    CLASSIFICATION ..............................................................................10

Article 4    TREATMENT OF UNIMPAIRED CLASSES ...................................11

Article 5    TREATMENT OF IMPAIRED CLASSES .........................................11

Article 6    DISPUTED CLAIMS; OBJECTIONS TO CLAIMS ........................16

Article 7    IMPLEMENTATION OF THE PLAN ...............................................17

Article 8    EXECUTORY CONTRACTS AND UNEXPIRED LEASES ...........20

Article 9    EFFECT OF CONFIRMATION .........................................................20

Article 10   RETENTION OF JURISDICTION .....................................................21

Article 11   ADMINISTRATIVE PROVISIONS ...................................................22

Article 12   MISCELLANEOUS PROVISIONS ...................................................23

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1    B. & J. Property Investments, Inc., as debtor and debtor-in-possession ("B. & J.") and

2    William John Berman, as debtor-in-possession ("Berman") (collectively, "Debtors"), propose

3    this Amended Joint Plan of Reorganization (the "Plan") pursuant to Section 1121(a) of

4    Title 11 of the United States Code.

5    This Plan provides for the repayment of Debtors' obligations to their Creditors.  The

6    Plan provides for payment to all Creditors in full, or the orderly liquidation of B. & J.'s

7    assets, as set forth below.  A Disclosure Statement is enclosed herewith to assist you in

8    understanding this Plan and making an informed judgment concerning its terms.

9                                    **ARTICLE 1**

10                                   **DEFINITIONS**

11    Definitions of certain terms used in this Plan are set forth below.  Other terms are

12    defined in the text of this Plan or the text of the Disclosure Statement.  In either case, when a

13    defined term is used, the first letter of each word in the defined term is capitalized.  Terms

14    used and not defined in this Plan or the Disclosure Statement shall have the meanings given

15    in the Bankruptcy Code or Bankruptcy Rules, or otherwise as the context requires.  The

16    meanings of all terms shall be equally applicable to both the singular and plural, and

17    masculine and feminine, forms of the terms defined.  The words "herein," "hereof," "hereto,"

18    "hereunder," and others of similar import, refer to the Plan as a whole and not to any

19    particular section, subsection, or clause contained in the Plan.  Captions and headings to

20    articles, sections, and exhibits are inserted for convenience of reference only and are not

21    intended to be part of or to affect the interpretation of the Plan.  The rules of construction set

22    forth in Section 102 of the Bankruptcy Code shall apply.  In computing any period of time

23    prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

24    Any capitalized term that is not defined herein but is defined in the Bankruptcy Code shall

25    have the meaning ascribed to such term in the Bankruptcy Code.

26

**Page 1 of 27 -**    DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8, 2019)

1.1.    "Administrative Expense Claim" means any Claim entitled to the priority afforded by Sections 503(b) and 507(a)(1) of the Bankruptcy Code.

1.2.    "Allowed" means, with respect to any Claim, proof of which has been properly Filed or, if no Proof of Claim was so Filed, which was or hereafter is listed on the Schedules as liquidated in amount and not disputed or contingent and, in either case, a Claim as to which no objection to the allowance thereof, or motion to estimate for purposes of allowance, shall have been Filed on or before any applicable period of limitation that may be fixed by the Bankruptcy Code, the Bankruptcy Rules, and/or the Bankruptcy Court, or as to which any objection, or any motion to estimate for purposes of allowance, shall have been so Filed, to the extent allowed by a Final Order.

1.3.    "Allowed Secured Claim" means an Allowed Claim that is secured by a lien, security interest, or other charge against or interest in property in which one of the Debtors has an interest or that is subject to setoff under Section 553 of the Bankruptcy Code, to the extent of the value (as set forth in the Plan or, if no value is specified, as determined in accordance with Section 506(a) of the Bankruptcy Code or, if applicable, Section 1111(b) of the Bankruptcy Code) of the interest of the holder of such Claim in Debtor's interest in such property or to the extent of the amount subject to setoff, as the case may be.

1.4.    "Allowed Unsecured Claim" means an Allowed Claim that is not an Allowed Secured Claim.

1.5.    "B. & J." means B. & J. Property Investments, Inc.

1.6.    "B. & J. Bankruptcy Case" means the Chapter 11 case filed by B. & J. Property Investments, Inc., Case No. 18-60138-pcm11, pending in the United States Bankruptcy Court for the District of Oregon.

1.7.    "B. & J. Petition Date" means January 17, 2019, the date on which the petition commencing the B. & J. Bankruptcy Case was Filed.

**TONKON TORP** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1      1.8.    "Bankruptcy Cases" means, collectively, the B. & J. Bankruptcy Case and the

2  Berman Bankruptcy Case.

3      1.9.    "Bankruptcy Code" means the Bankruptcy Reform Act of 1978, as amended

4  from time to time, set forth in Sections 101 et seq. of Title 11 of the United States Code.

5      1.10.   "Bankruptcy Court" means the United States Bankruptcy Court for the

6  District of Oregon, or such other court that exercises jurisdiction over the Bankruptcy Cases

7  or any proceeding therein, including the United States District Court for the District of

8  Oregon, to the extent the reference to the Bankruptcy Cases or any proceeding therein is

9  withdrawn.

10     1.11.   "Bankruptcy Rules" means, collectively, the Federal Rules of Bankruptcy

11  Procedure, as amended and promulgated under Section 2075, Title 28, of the United States

12  Code, and the local rules and standing orders of the Bankruptcy Court.

13     1.12.   "Berman Bankruptcy Case" means the Chapter 11 case filed by William John

14  Berman, Case No. 18-60230-pcm11, pending in the United States Bankruptcy Court for the

15  District of Oregon.

16     1.13.   "Berman Petition Date" means January 28, 2019, the date on which the

17  petition commencing the Berman Bankruptcy Case was Filed.

18     1.14.   "Berman Unsecured Claims Fund" means the account and funds described in

19  Section 7.7 of the Plan, below.

20     1.15.   "Business Day" means a day other than a Saturday, Sunday, or other day on

21  which banks in Portland, Oregon are authorized or required by law to be closed.

22     1.16.   "Cash" means lawful currency of the United States of America.

23     1.17.   "Chapter 11 Case" means the case under Chapter 11 of the Bankruptcy Code

24  with respect to Debtors, pending in the District of Oregon, administered as *In re B. & J.*

25  *Property Investments, Inc.,* Case No. 19-60138-pcm11.

26

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1.18.    "Claim" means (a) any right to payment from Debtors arising before the Effective Date, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy against Debtors arising before the Effective Date for breach of performance if such breach gives rise to a right of payment from Debtors, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

1.19.    "Class" means one of the classes of Claims defined in Article 3 hereof.

1.20.    "Class Action Case" means the case entitled *Loren Hathaway, et al. v. B. & J. Property Investments, Inc., et al.,* Marion County Case No. 13C14321, and all appeals, remands, retrials, and further appeals thereof.

1.21.    "Class Action Claims" means the Allowed Claim of each Creditor that is a plaintiff in the Class Action Case and is awarded an amount due pursuant to a Final Order entered therein.

1.22.    "Collateral" means any property in which Debtors have an interest that is subject to an unavoidable lien or security interest securing the payment of an Allowed Secured Claim.

1.23.    "Columbia" means Columbia Credit Union.

1.24.    "Columbia Loan Documents" means the loan documents entered into by and between Columbia and Debtors, including:

(a)    Promissory Note dated September 11, 2015 between B. & J. Property Investments, Inc. (borrower) and Columbia Credit Union (lender) (the "Columbia Note").

(b)    Commercial Loan Agreement dated September 11, 2015 between B. & J. Property Investments, Inc. (borrower) and Columbia Credit Union (lender).

**TONKON TORP** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

(c)    Deed of Trust dated September 11, 2015 between B. & J. Property Investments, Inc. (grantor), Trustee Services, Inc. (trustee), and Columbia Credit Union (lender).

(d)    Guaranty dated September 11, 2015 between Columbia Credit Union (lender), B. & J. Property Investments, Inc. (borrower), and William J. Berman (guarantor) (the "Berman Guaranty").

(e)    Guaranty dated September 11, 2015 between Columbia Credit Union (lender), B. & J. Property Investments, Inc. (borrower), and Debra L. Jones-Berman (guarantor) (the "Jones-Berman Guaranty").

(f)    Guaranty dated September 11, 2015 between Columbia Credit Union (lender), B. & J. Property Investments, Inc. (borrower), and The Berman Living Trust Dated October 21, 1997 (guarantor) (the "Trust Guaranty").

(g)    Guaranty dated September 11, 2015 between Columbia Credit Union (lender), B. & J. Property Investments, Inc. (borrower), and Better Business Management, Inc. (guarantor) (the "BBM Guaranty").

1.25.    The "Columbia Guaranties" means, collectively, the Berman Guaranty, the Jones-Berman Guaranty, the Trust Guaranty, and the BBM Guaranty.

1.26.    "Confirmation Date" means the date on which the Confirmation Order is entered on the docket by the Clerk of the Bankruptcy Court.

1.27.    "Confirmation Order" means the order of the Bankruptcy Court confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

1.28.    "Creditor" means any entity holding a Claim against Debtor.

1.29.    "Debtors" means, collectively, but not to the exclusion of each individually, B. & J. Property Investments, Inc., as Debtor and Debtor-in-Possession in the B. & J. Bankruptcy Case, and William John Berman, as Debtor-in-Possession in the Berman Bankruptcy Case.

**Page 5 of 27** -    DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8, 2019)

1.30.   "<u>Disclosure Statement</u>" means Debtors' Disclosure Statement, as amended, modified, restated, or supplemented from time to time, pertaining to the Plan.

1.31.   "<u>Disputed Claim</u>" means a Claim with respect to which a Proof of Claim has been timely Filed or deemed timely Filed under applicable law, and as to which an objection, timely Filed, has not been withdrawn on or before the Effective Date or any date fixed for filing such objections by order of the Bankruptcy Court, and has not been denied by a Final Order, and which Claim has not been estimated or temporarily allowed by the Bankruptcy Court on timely motion by the holder of such Claim.  If an objection related to the allowance of only a part of a Claim has been timely Filed or deemed timely Filed, such Claim shall be a Disputed Claim only to the extent of the objection.

1.32.   "<u>Effective Date</u>" means the 11th day following the date the Confirmation Order is entered.

1.33.   "<u>Filed</u>" means filed with the Bankruptcy Court in the Bankruptcy Cases.

1.34.   "<u>Final Order</u>" means an order or judgment entered on the docket by the Clerk of the Bankruptcy Court or any other court exercising jurisdiction over the subject matter and the parties that has not been reversed, stayed, modified, appealed, or amended and as to which the time for filing a notice of appeal, or petition for certiorari, or request for certiorari, or request for rehearing shall have expired.

1.35.   "<u>Insider</u>" shall have the meaning ascribed to it by Section 101(31) of the Bankruptcy Code.

1.36.   "<u>Interests</u>" means all rights of the owners of the membership interests of Debtor.

1.37.   "<u>Net Proceeds</u>" means the funds available to distribute to Allowed Claims after payment of all costs of sale, and liquidation of Debtor's Real Property and remaining assets, including, but not limited to, after reduction for any and all fees and liquidation expenses incurred or to be incurred with respect to the wind-down and closing of B & J's

**Page 6 of 27** -   DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8, 2019)

1    business and closing of any sale(s), payments of any and all prior liens and encumbrances,

2    and payment of any and all taxes, fees, and expenses of any kind, including legal and

3    accounting fees, related to the sale, the closing down, and the winding up of B & J's business

4    and liquidation of assets.

5        1.38.    "Other Priority Claim" means any Claim for an amount entitled to priority in

6    right of payment under Section 507(a)(3), (4), (5), (6), or (7) of the Bankruptcy Code.

7        1.39.    "Plan" means this Amended Joint Plan of Reorganization, as amended,

8    modified, restated, or supplemented from time to time.

9        1.40.    "Priority Tax Claim" means a Claim of a governmental unit of the kind

10   entitled to priority under Section 507(a)(8) of the Bankruptcy Code or that would otherwise

11   be entitled to priority but for the secured status of the Claim.

12       1.41.    "Reorganized B. & J." means B. & J. from and after the Effective Date.

13       1.42.    "Reorganized Berman" means Berman from and after the Effective Date.

14       1.43.    "Reorganized Debtors" means both Debtors from and after the Effective Date.

15       1.44.    "Restated Articles of Incorporation" means the restated articles of

16   organization and restated operating agreement ("Organizational Documents") of B. & J.,

17   which shall modify and amend Debtor's Organizational Documents to prohibit the issuance

18   of non-voting equity securities to the extent required by Section 1123(a)(6) of the

19   Bankruptcy Code, and make such other changes as Reorganized B. & J. may deem necessary

20   or appropriate to carry out the purpose and intent of the Plan.

21       1.45.    "Schedules" means the Schedules of Assets and Liabilities and the Statement

22   of Financial Affairs Filed by Debtors pursuant to Section 521 of the Bankruptcy Code, as

23   amended, modified, restated, or supplemented from time to time.

24       1.46.    "Secured Claim" means any Claim against either Debtor held by any entity,

25   including, without limitation, an Affiliate or judgment creditor of Debtors, to the extent such

26

**Page 7 of 27 -**    DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8,
                       2019)

1 Claim constitutes an unavoidable secured Claim under Sections 506(a) or 1111(b) of the

2 Bankruptcy Code.

3      1.47. "Quicken Loans" means Quicken Loans, Inc.

4      1.48. "Quicken Loan Documents" means the loan documents entered into by and

5 between Quicken Loans and Berman, including:

6      (a)     Promissory Note dated October 20, 2016, between William J. Berman

7 and Debra L. Berman (borrowers) and Quicken Loans, Inc. (lender); and

8      (b)     Deed of Trust dated October 20, 2016, between William J. Berman

9 and Debra L. Berman, husband and wife (grantors), First American Title (trustee), and

10 Quicken Loans, Inc. (lender).

11      1.49. "Real Property" means the real property located at 4490 Silverton Road NE,

12 Salem, Oregon 97305, including any and all improvements located thereon, all easements, all

13 water rights, and all other rights of every nature appurtenant to such real property.

14      1.50. "Unsecured Claim" means an unsecured Claim that is not an Administrative

15 Claim, a Secured Claim, a Tax Claim, or an Other Priority Claim.

16      1.51. "Unsecured Creditor" means a holder of an Allowable Unsecured Claim.

17      1.52. "Utility Deposits" means post-petition deposits with utilities made by Debtors

18 pursuant to Section 366(b) of the Bankruptcy Code.

## ARTICLE 2

## UNCLASSIFIED CLAIMS

21      2.1. Administrative Expense Claims. Each holder of an Allowed Administrative

22 Expense Claim shall be paid by Debtors in full in Cash on the later of (a) the Effective Date;

23 or (b) the date on which such Claim becomes Allowed, unless such holder shall agree in

24 writing to a different treatment of such Claim (including, without limitation, any different

25 treatment that may be provided for in any documentation, statute, or regulation governing

26 such Claim); provided, however, that Administrative Expense Claims representing

**Page 8 of 27** - DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8, 2019)

1    obligations incurred in the ordinary course of business by Debtors during the Bankruptcy

2    Case shall be paid by Debtors or Reorganized Debtors in the ordinary course of business and

3    in accordance with any terms and conditions of the particular transaction, and any

4    agreements relating thereto.

5        2.2.    Priority Tax Claims.  Each holder of an Allowed Priority Tax Claim shall be

6    paid by Debtors the full amount of its Allowed Priority Tax Claim as allowed by 11 U.S.C.

7    § 1129(a)(9)(C) and (D) within 30 days following the Effective Date or the date the claim is

8    Allowed, whichever first occurs.

9        2.3.    Other Priority Claims.  Each holder of an Other Priority Claim shall be paid in

10    full in cash the amount of its Allowed Claim on the latest to occur of (a) the Effective Date;

11    (b) the date such claim becomes an Allowed Claim; or (c) the date such claim becomes due

12    and owing, unless such holder shall agree in writing, or has agreed, to a different treatment of

13    such Claim (including, without limitation, any different treatment that may be provided for in

14    any documentation, agreement, contract, statute, law, or regulation creating and governing

15    such Claim).

16        2.4.    Bankruptcy Fees.  Fees payable by Debtors under 28 U.S.C. § 1930, or to the

17    Clerk of the Bankruptcy Court, will be paid in full in Cash on the Effective Date.  All

18    quarterly fees due to the United States Trustee pursuant to 28 USC § 1930(a), including fees

19    due for any partial quarter, accruing after the Effective Date shall be paid by the Reorganized

20    Debtors as and when they become due and will be based on the Reorganized Debtors' total

21    disbursements, including ordinary course of business disbursements as well as disbursements

22    made to Claimants under this Plan.  Such fee obligations will not terminate until this Case is

23    converted or dismissed, or until this Case is no longer pending upon entry of a Final Order

24    closing this Case, whichever first occurs, and all United States Trustee fees, including any

25    such fees accrued in any partial quarter, shall be paid as a condition precedent prior to entry

26    of an order closing the case.  After the Effective Date, the Reorganized Debtors shall file

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1    with the Court a post-confirmation monthly financial report for each month, or portion

2    thereof, that the case is open or during any period of time that the case is reopened. The

3    monthly financial report shall include a statement of all disbursements made during the

4    course of the month, whether or not pursuant to the Plan.  All United States Trustee fees,

5    including any such fees accrued in any partial quarter, shall also be paid as a condition

6    precedent prior to entry of a Final Decree.

7                                            **ARTICLE 3**

8                                        **CLASSIFICATION**

9            For purposes of this Plan, Claims and Interests are classified as provided below.  A

10    Claim is classified in a particular Class only to the extent such Claim qualifies within the

11    description of such Class, and is classified in a different Class to the extent such Claim

12    qualifies within the description of such different Class.

13            3.1.    Class 1 – Columbia's Secured Claim Against B. & J.  Class 1 consists of the

14    Allowed Secured Claim of Columbia.

15            3.2.    Class 2 – Columbia's Unsecured Guaranty Claim Against Berman.  Class 2

16    consists of the Allowed Unsecured Claim of Columbia against Berman pursuant to the

17    Berman Guaranty.

18            3.3.    Class 3 – Quicken Loans' Secured Claim Against Berman.  Class 3 consists of

19    the Allowed Secured Claim of Quicken Loans.

20            3.4.    Class 4 – General Unsecured Claims Against B. & J.  Class 4 consists of all

21    Allowed Unsecured Claims against B. & J. other than Administrative Expense Claims,

22    Priority Tax Claims, and Class 6 Claims.

23            3.5.    Class 5 – General Unsecured Claims Against Berman.  Class 5 consists of all

24    Allowed Unsecured Claims against Berman, other than Administrative Expense Claims,

25    Priority Tax Claims, and Class 7 Claims.

26

**Page 10 of 27** -  DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8, 2019)

3.6.    Class 6 – Class Action Claims Against B. & J.  Class 6 consists of the

Allowed Claims of the Class Action Plaintiffs against B. & J.

3.7.    Class 7 – Class Action Claims Against Berman.  Class 7 consists of the

Allowed Unsecured Claims of the Class Action Plaintiffs against Berman.

3.8.    Class 8 – Interests of B. & J.  Class 8 consists of the Interests of the holders of

B. & J.'s common stock.

3.9.    Class 9 – Berman's Interests in Berman Bankruptcy Case Estate.  Class 9

consists of Berman's interest in property of the estate of the Berman Bankruptcy Case.

**ARTICLE 4**

**TREATMENT OF UNIMPAIRED CLASSES**

4.1.    All Classes of Claims against B. & J. are impaired under the Plan.

4.2.    All Classes of Claims against Berman are impaired, with the exception of the

Class 3 Claim of Quicken Loans.  Class 3 is unimpaired, and Berman shall pay the Class 3

Claim in accordance with the Quicken Loan Documents.

**ARTICLE 5**

**TREATMENT OF IMPAIRED CLASSES**

5.1.    Class 1 (Columbia's Secured Claim Against B. & J.).  Columbia's Class 1

Claim will be satisfied in full, together with interest at the non-default fixed Loan rate of

5.02%, on the same terms and payments as set forth in the Columbia Loan Documents, which

will remain in effect, except as stated below:

- The Commercial Loan Agreement shall be amended as follows:  Section 3,
  the first sentence shall be deleted so that the loan will not be payable on
  demand but will still be payable no later than September 20, 2025.
  Section 6.D., Compliance with Laws, will not be read to cause a default based
  on the allegations in the Class Action Case.  Section 8.A. shall be amended to
  add the following at the end of the section:  "Notwithstanding the foregoing,

**Page 11 of 27** -  DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8,
2019)

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1   this note shall not be accelerated as a result of my filing of a bankruptcy

2   petition on January 12, 2019, commencing Bankruptcy Case Number

3   19-60138-pcm11."

4   • The Columbia Note shall be amended as follows:  Section 3.A., Interest After

5   Default, shall not apply based on the filing of the Bankruptcy Case, but will

6   remain in effect to the extent of any future defaults.  Section 7 shall delete

7   reference to payment on demand.  Section 12, Due on Sale or Encumbrance,

8   shall be deleted and replaced with the following:

> You may, at your option, declare the entire balance of this Note to be immediately due and payable upon the creation of any lien, encumbrance, transfer, or sale of all or any part of the Property.  Notwithstanding the foregoing, you may not declare the entire balance of this Note to be immediately due and payable because of the judgment lien arising from the case entitled *Loren Hathaway, et al. v. B. & J. Property Investments, Inc., et al.*, Marion County Case No. 13C14321, provided that I must seek to avoid such judgment lien.  This right is subject to the restrictions imposed by federal law, as applicable.

16  • The Deed of Trust is revised as necessary to be consistent with the above

17  changes to the Commercial Loan Agreement and the Columbia Note.

18  • The Columbia Loan Documents are deemed revised to the extent necessary so

19  Reorganized Debtors are not in default as of the Petition Date and shall not be

20  in default based on any terms set forth in the Plan or Confirmation Order.

21  5.2.   Class 2 (Columbia's Unsecured Guaranty Claim Against Berman).  The

22  Berman Guaranty will remain in full force and effect and will be an obligation of

23  Reorganized Berman.  For Columbia's Class 2 Claim, any default that exists under the

24  Columbia Guaranties shall be deemed cured or waived as of the Effective Date.  Columbia's

25  Class 2 Claim will be satisfied in full, together with interest at the non-default fixed Loan

26

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1  rate of 5.02%—the same terms and payments as set forth in the Columbia Loan Documents,

2  which will remain in effect except as stated below:

3  •  Each of the Columbia Loan Documents are amended as set forth in

4  Section 5.1 above

5  •  The following language shall be added to the end of paragraph 5 in each of the

6  Columbia Guaranties:

7  Notwithstanding the foregoing, the maturity of the Debt
   shall not be accelerated as a result of Borrower's filing
8  of a bankruptcy petition on January 12, 2019,
   commencing Bankruptcy Case Number
9  19-60138-pcm11.

10  5.3.  Intentionally Omitted.

11  5.4.  Class 4 (General Unsecured Claims Against B. & J.).  Class 4 consists of all

12  Allowed Unsecured Claims against B. & J. that are not otherwise classified in the Plan.  Each

13  holder of a Class 4 Claim shall be paid in full, together with interest at the federal judgment

14  rate (fixed at the rate in effect on the Effective Date) from and after the Effective Date, as

15  follows:  (a) commencing on the first day of the first full month following the Effective Date,

16  General Unsecured Creditors will be paid monthly payments of interest only, at the federal

17  judgment rate, for 24 months; and (b) commencing on the first day of the 25th month

18  following the Effective Date, General Unsecured Creditors will be paid the full balance of

19  their claims in equal amortizing monthly payments, including principal and interest at the

20  federal judgment rate, for the next 36 months; provided, however, that if the appeal of the

21  Class Action Case is not successful and funds are due and owing to the Class 6 Claimants

22  under a Final Order, then payments made to Class 4 Claims up to that point will be

23  recharacterized as payments of principal only and Class 4 Claims shall share pro rata in the

24  liquidation of assets described in Class 6 below on a pari passu basis with Class 6 Unsecured

25  Claims, with no further payments being made to Class 4 Claims until such time as payments

26

**Page 13 of 27** -  DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8, 2019)

1   to Class 6 Unsecured Claims have caught up and are on par with the percentage previously

2   received by Class 4 Claims.

3        5.5.    Class 5 (General Unsecured Claims Against Berman).  Class 5 consists of all

4   Allowed Unsecured Claims against Berman not otherwise classified in the Plan.

5        Within 60 days after the later of (a) B. & J. completing payments to Class 4 Claims;

6   or (b) B. & J. exhausting all of its options for paying Class 6 Claims, Reorganized Berman

7   shall pay the remaining balance of any Class 5 Claim from the amount available in the

8   Berman Unsecured Claims Fund.  In the event the Berman Unsecured Claims Fund is

9   insufficient to pay the remaining Class 5 Claims in full, Class 5 Claims shall receive their

10   pro rata share of the Berman Unsecured Claims Fund.  Each Class 5 Creditor's pro rata share

11   of the Berman Unsecured Claims Fund shall be determined by dividing the amount of the

12   creditor's remaining claim by the total amount of all remaining Class 5 and Class 7 Claims.

13   Payments from the Berman Unsecured Claims Fund shall be made annually until

14   Reorganized Berman's obligation to pay into the Berman Unsecured Claims Fund has been

15   satisfied as set forth in Section 7.7.  below and all such funds have been distributed under

16   this Plan.

17        5.6.    Class 6 (Class Action Claims Against B. & J.).  Class 6 consists of the

18   Allowed Class Action Claims against B. & J. of Creditors entitled to payment resulting from

19   the Class Action Case.  To the extent the Class 6 Class Action Claims are partially or fully

20   Allowed Secured Claims, they will be paid the allowed amount of their Secured Claim in full

21   with interest, if applicable, at the federal judgment rate (fixed at the rate in effect on the

22   Effective Date) from and after the Effective Date until paid as described below.  To the

23   extent the Allowed Class Action Claims are Allowed Unsecured Claims or to the extent the

24   value of any Collateral valued as of the B. & J. Petition Date is insufficient to pay Allowed

25   Secured Claims, then the deficiency amount shall be treated as an Unsecured Claim, which

26   Allowed Unsecured Claims of Class Action Claimants shall be paid with interest, if

**Page 14 of 27** -  DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8, 2019)

1  applicable, at the federal judgment rate (fixed at the rate in effect on the Effective Date) from

2  and after the Effective Date until paid as described below.

3                    Upon entry of a Final Order on the Class Action Claims, Reorganized B. & J.

4                    will pay Allowed Class Action Claims, whether Secured or Unsecured, within

5                    12 months after any order entered in the Class Action Case becomes a Final

6                    Order.  To the Extent Reorganized B. & J. does not have sufficient funds to

7                    pay the Allowed Class 6 Claims from available cash, then Reorganized

8                    B. & J. shall first seek to pursue the malpractice claims against Saalfeld

9                    Griggs in order to recover the full amounts owing to the Class Action Claims.

10                   If recovery against Saalfeld Griggs is not successful, then Reorganized B. & J.

11                   will seek to refinance the Real Property to generate Net Proceeds in a

12                   sufficient amount to pay the Allowed Class 6 Claims.  If Reorganized B. & J.

13                   is unable to refinance the Real Property, then Reorganized B. & J. shall

14                   proceed to sell the Real Property and liquidate all its remaining assets, with

15                   the Net Proceeds from the Real Property to be paid first in full satisfaction of

16                   the Allowed Class 6 Secured Claims and thereafter to the Allowed Class 4 and

17                   Class 6 Unsecured Claims.  If the Net Proceeds are insufficient to pay

18                   Allowed Unsecured Claims in full, then each Unsecured Claimant shall be

19                   paid its pro rata share of the amount owed to all Allowed Class 4 and 6

20                   Unsecured Claims.  Proceeds from the malpractice claims against Saalfeld

21                   Griggs, Net Proceeds of the refinancing, or Net Proceeds from the sale of the

22                   Real Property and liquidation of assets shall first be paid to the Class 6

23                   Unsecured Claims until such payments equal the same percentage that Class 4

24                   Claims have received to date, and thereafter Class 4 and Class 6 Unsecured

25                   Claims shall be paid from available funds on a pro rata basis.

26

**Page 15 of 27** -  DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8, 2019)

5.7.   <u>Class 7 (Class Action Claims Against Berman)</u>.  Class 7 consists of the Allowed Class Action Claims against Berman of Creditors entitled to payment resulting from the Class Action Case.

Within 60 days after B. & J. has exhausted all of its options for paying Class 6 Claims pursuant to Section 5.6. above, Reorganized Berman shall pay the remaining balance of any Class 7 Claim.  In the event the Berman Unsecured Claims Fund is insufficient to pay the remaining Class 7 Claims in full, Class 7 Claims shall receive their pro rata share of the Berman Unsecured Claims Fund.  Each Class 7 Creditor's pro rata share of the Berman Unsecured Claims Fund shall be determined by dividing the amount of the creditor's remaining claim by the total amount of all remaining Class 5 and Class 7 claims.  Payments from the Berman Unsecured Claims Fund shall be made annually until Reorganized Berman's obligation to pay into the Berman Unsecured Claims Fund has been satisfied as set forth in Section 7.7.  below and all such funds have been distributed under this Plan.

5.8.   <u>Class 8 (Interests in B. & J.)</u>.  Class 8 Interests will retain their interest in B. & J. to the extent there are sufficient funds to pay Allowed Claims in full, but such Interests will be extinguished if there are insufficient funds upon a liquidation.

5.9.   <u>Class 9 (Berman's Interests)</u>.  The Class 9 interest holder is Berman, who shall retain his interests in property of the bankruptcy estate of the Berman Bankruptcy Case.

## ARTICLE 6

## DISPUTED CLAIMS; OBJECTIONS TO CLAIMS

6.1.   <u>Disputed Claims; Objections to Claims</u>.  Only Claims that are Allowed shall be entitled to distributions under the Plan.  Debtors reserve the right to contest and object to any Claims and previously Scheduled Amounts, including, without limitation, those Claims and Scheduled Amounts that are specifically referenced herein, are not listed in the Schedules, are listed therein as disputed, contingent, and/or unliquidated in amount, or are listed therein at a different amount than Debtors currently believe is validly due and owing.

**Page 16 of 27** -  DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8, 2019)

1 Unless otherwise ordered by the Bankruptcy Court, all objections to Claims and Scheduled

2 Amounts (other than Administrative Expense Claims) shall be Filed and served upon counsel

3 for Debtors and the holder of the Claim objected to on or before the later of (a) 30 days after

4 the Effective Date, or (b) 60 days after the date (if any) on which a Proof of Claim is Filed in

5 respect of a Rejection Claim.  The last day for filing objections to Administrative Expense

6 Claims shall be set pursuant to an order of the Bankruptcy Court.  All Disputed Claims shall

7 be resolved by the Bankruptcy Court, except to the extent that (a) Debtors may otherwise

8 elect consistent with the Plan and the Bankruptcy Code, or (b) the Bankruptcy Court may

9 otherwise order.

## ARTICLE 7

## IMPLEMENTATION OF THE PLAN

12      7.1.   <u>Executory Contracts and Unexpired Leases</u>.  Except as may otherwise be

13 provided, all executory contracts and unexpired leases of Debtors that are not otherwise

14 subject to a prior Bankruptcy Court order or pending motion before the Bankruptcy Court are

15 assumed by and assigned to each respective Reorganized Debtor on the Effective Date.

16      7.2.   <u>Setoffs</u>.  Debtors may, but shall not be required to, set off against any Claim

17 and the distributions to be made pursuant to the Plan in respect of such Claim, any claims of

18 any nature whatsoever that Debtors may have against the holder of such Claim, but neither

19 the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or

20 release of any such claim Debtors may have against such holder.

21      7.3.   <u>Corporate Action</u>.  Upon entry of the Confirmation Order by the Clerk of the

22 Bankruptcy Court, all actions contemplated by the Plan shall be authorized and approved in

23 all respects (subject to the provisions of the Plan), including, without limitation, the

24 following:  (a) the adoption and filing with the Secretary of State of the State of Oregon the

25 Restated Articles of Incorporation; and (b) the execution, delivery, and performance of all

26 documents and agreements relating to the Plan and any of the foregoing.  On the Effective

**Page 17 of 27** - DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8, 2019)

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1  Date, Reorganized Berman and the appropriate officers of Reorganized B. & J. are

2  authorized and directed to execute and deliver the agreements, documents, and instruments

3  contemplated by the Plan and the Disclosure Statement in the name of, and on behalf of, the

4  respective Reorganized Debtors.  Both Reorganized Debtors may continue to act and make

5  further amendments and elections as they may deem necessary or desirable.

6       **7.4.**  <u>Saturday, Sunday, or Legal Holiday</u>.  If any payment or act under the Plan is

7  required to be made or performed on a date that is not a Business Day, then the making of

8  such payment or the performance of such act may be completed on the next succeeding

9  Business Day, but shall be deemed to have been completed as of the required date.

10       **7.5.**  <u>Utility Deposit</u>.  All utilities holding a Utility Deposit shall immediately after

11  the Effective Date return or refund such Utility Deposit to Debtor.

12       **7.6.**  <u>Event of Default; Remedy</u>.  Any material failure by Reorganized Debtors to

13  perform any term of this Plan, which failure continues for a period of 15 Business Days

14  following receipt by Reorganized Debtors of written notice of such default from the holder of

15  an Allowed Claim to whom performance is due, shall constitute an Event of Default.  Upon

16  the occurrence of an Event of Default, the holder of an Allowed Claim to whom performance

17  is due shall have all rights and remedies granted by law, this Plan, or any agreement between

18  the holder of such Claim and Debtors or Reorganized Debtors.  An Event of Default with

19  respect to one Claim shall not be an Event of Default with respect to any other Claim.

20       **7.7.**  <u>Berman Unsecured Claims Fund</u>.  Within 30 days after the Effective Date,

21  Reorganized Berman shall open a depository account (the "Berman Unsecured Claims

22  Fund") into which he shall make deposits in the amount of $1,735 per month through

23  September of 2020.  Beginning in October of 2020, Berman shall make deposits to the

24  Berman Unsecured Claims Fund in the amount of $492 per month.  Berman shall continue

25  making such deposits until the 60th month following the Effective Date, or to another date as

26

**Page 18 of 27** -  DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8, 2019)

the Bankruptcy Court may determine.[1]  Berman shall make such deposits from his earnings

operating B. & J.  In the event that B. & J.'s property is liquidated, Berman will obtain new

employment to make the payments described in this Section.

Except to make distributions under this Plan, Reorganized Berman shall not use the

funds deposited in the Berman Unsecured Claims Fund until all claims entitled to payment

from the Berman Unsecured Claims Fund are paid in full.  At Reorganized Berman's option,

he can make extra payments into the Berman Unsecured Claims Fund if he has excess funds

available to him.  To the extent extra payments are made into the Berman Unsecured Claims

Fund, it shall reduce the amount Reorganized Berman is obligated to pay for the next

scheduled payment(s).  Additionally, Reorganized Berman shall make efforts to collect the

$107,690.33 owed to him in relation to William Lloyd Investments, and Reorganized

Berman shall contribute all amounts collected to the Berman Unsecured Claims Fund.

Once Reorganized Berman has deposited the total amount of $160,000 into the

Berman Unsecured Claims Fund, his obligation to pay such deposits shall be fully satisfied,

and no additional payments shall be required.  However, notwithstanding the foregoing,

Berman will make an additional contribution to the Berman Unsecured Claims fund if the

Absolute Priority Rule applies to his Plan.  The Absolute Priority Rule will apply in the event

that all of the following occur: (a) Debtors are unsuccessful on their appeal, (b) the Class

Action Creditors do not accept the Plan, (c) the Class Action Claims are not fully paid by

B. & J., and (d) the remainder of the Class Action Claims are not paid in full from the

Berman Unsecured Claims Fund.  In the event the Absolute Priority Rule applies, Berman

shall obtain a loan from family or from a financial institution to make a contribution to the

---

[1] The $1,000 monthly deposit amount is Reorganized Berman's "projected disposable income" as defined in 11 U.S.C. § 1325(b)(2).  See Exhibit 3 to the Disclosure Statement.

**Page 19 of 27** - DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8, 2019)

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1    Berman Unsecured Claims Fund in the amount of $98,000, or the amount needed to pay the

2    remaining balance of the Class Action Claims, whichever is less.

3                                    **ARTICLE 8**

4                **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

5        8.1.    <u>Assumption</u>.  Except as may otherwise be provided, all executory contracts

6    and unexpired leases of Debtors that are not otherwise subject to a prior Bankruptcy Court

7    order or pending motion before the Bankruptcy Court, are assumed by and assigned to

8    Reorganized Debtors on the Effective Date.  The Confirmation Order shall constitute an

9    order authorizing assumption and assignment of all executory contracts and unexpired leases

10    except those otherwise specifically rejected or otherwise provided for or subject to other

11    Court Order or pending motion.  Reorganized Debtors shall promptly pay all amounts

12    required under Section 365 of the Bankruptcy Code to cure any defaults and assume the

13    executory contracts.

14        8.2.    <u>Rejection Claims</u>.  Rejection Claims must be Filed no later than 30 days after

15    the entry of the order rejecting the executory contract or unexpired lease or 30 days after the

16    Effective Date, whichever is sooner.  Any such Rejection Claim not Filed within such time

17    shall be forever barred from assertion against Debtors, Reorganized Debtors, and their

18    property and estates.  Each Rejection Claim resulting from such rejection shall constitute a

19    Class 2 Claim.

20                                    **ARTICLE 9**

21                            **EFFECT OF CONFIRMATION**

22        9.1.    <u>Injunction</u>.  The effect of confirmation shall be as set forth in Section 1141 of

23    the Bankruptcy Code.  Except as otherwise provided in the Plan or the Confirmation Order,

24    confirmation of the Plan shall act as a permanent injunction applicable to entities against

25    (a) the commencement or continuation, including the issuance or employment of process, of

26    a judicial, administrative, or other action or proceeding against Reorganized Debtors that was

**Page 20 of 27** -  DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8, 2019)

**Tonkon Torp**LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1    or could have been commenced before the entry of the Confirmation Order; (b) the

2    enforcement against either of the Reorganized Debtors or their assets of a judgment obtained

3    before Reorganized Debtors' respective petition dates; and (c) any act to obtain possession of

4    or to exercise control over, or to create, perfect, or enforce a lien upon all or any part of the

5    assets.

6        9.2.    Discharge.  Except as otherwise expressly provided herein, confirmation of

7    the Plan shall, as of the Effective Date, discharge all Claims to the fullest extent authorized

8    or provided for by the Bankruptcy Code, including, without limitation, to the extent

9    authorized or provided for by Sections 524 and 1141 thereof.

10                              **ARTICLE 10**

11                        **RETENTION OF JURISDICTION**

12        10.1.    Jurisdiction of the Bankruptcy Court.  Notwithstanding entry of the

13    Confirmation Order, the Court shall retain jurisdiction of this Chapter 11 Case pursuant to

14    and for the purposes set forth in Section 1127(b) of the Bankruptcy Code and to:

15            (a)    classify the Claim or interest of any Creditor or stockholder,

16    reexamine Claims or Interests that have been owed for voting purposes, and determine any

17    objections that may be Filed to Claims or Interests;

18            (b)    determine requests for payment of Claims entitled to priority under

19    Section 507(a)(1) of the Bankruptcy Code, including compensation and reimbursement of

20    expenses in favor of professionals employed at the expense of the Estates;

21            (c)    avoid liens, transfers, or obligations, or to subordinate Claims under

22    Chapter 5 of the Bankruptcy Code;

23            (d)    approve the assumption, assignment, or rejection of an executory

24    contract or an unexpired lease pursuant to this Plan;

25            (e)    resolve controversies and disputes regarding the interpretation of this

26    Plan;

**Page 21 of 27** -  DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8,
                2019)

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1    (f)    implement the provisions of this Plan and enter orders in aid of

2  confirmation;

3    (g)    adjudicate adversary proceedings and contested matters pending or

4  hereafter commenced in this Chapter 11 Case; and

5    (h)    enter a final decree closing this Chapter 11 proceeding.

6    10.2.    <u>Failure of Bankruptcy Court to Exercise Jurisdiction</u>.  If the Bankruptcy Court

7  abstains from exercising or declines to exercise jurisdiction over any matter arising under,

8  arising in, or related to the Chapter 11 Case, this Article shall not prohibit or limit the

9  exercise of jurisdiction by any other court having competent jurisdiction with respect to such

10  subject matter.

11    **ARTICLE 11**

12    **ADMINISTRATIVE PROVISIONS**

13    11.1.    <u>Modification or Withdrawal of the Plan</u>.  Debtors may alter, amend, or modify

14  the Plan pursuant to Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019 at any

15  time prior to the time the Bankruptcy Court has signed the Confirmation Order.  After such

16  time, and prior to substantial consummation of the Plan, Debtors may, so long as the

17  treatment of holders of Claims and Interests under the Plan is not adversely affected, institute

18  proceedings in Bankruptcy Court to remedy any defect or omission, or to reconcile any

19  inconsistencies in the Plan, the Disclosure Statement, or the Confirmation Order, and any

20  other matters as may be necessary to carry out the purposes and effects of the Plan; provided,

21  however, that prior notice of such proceedings shall be served in accordance with

22  Bankruptcy Rule 2002.

23    11.2.    <u>Revocation or Withdrawal of Plan</u>.  Debtors reserve the right to revoke or

24  withdraw the Plan at any time prior to the Effective Date.

25    11.3.    <u>Effect of Withdrawal or Revocation</u>.  If Debtors revoke or withdraw the Plan

26  prior to the Effective Date, then the Plan shall be deemed null and void.  In such event,

**Page 22 of 27** -  DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8, 2019)

1    nothing contained herein shall be deemed to constitute a waiver or release of any claims by

2    or against Debtors or any other Entity or to prejudice in any manner the rights of Debtors or

3    any Entity in any further proceeding involving Debtors.

4         11.4.   <u>Nonconsensual Confirmation</u>.  Debtors shall request that the Bankruptcy

5    Court confirm the Plan pursuant to Section 1129(b) of the Bankruptcy Code if the

6    requirements of all provisions of Section 1129(a) of the Bankruptcy Code, except Subsection

7    1129(a)(8), are met.

8    **ARTICLE 12**

9    **MISCELLANEOUS PROVISIONS**

10         12.1.   <u>Revesting</u>.  Except as otherwise expressly provided herein, on the Effective

11    Date, all property and assets of the estate of each Debtor shall revest in each respective

12    Reorganized Debtor, free and clear of all claims, liens, encumbrances, charges, and other

13    Interests of Creditors arising on or before the Effective Date, and Reorganized Debtors may

14    operate, from and after the Effective Date, free of any restrictions imposed by the

15    Bankruptcy Code or the Bankruptcy Court.  For the avoidance of doubt, all liens,

16    encumbrances, charges, and other interests of Columbia remain in full force and effect from

17    and after the Effective Date.

18         12.2.   <u>Rights of Action</u>.  Except as otherwise expressly provided herein, any rights

19    or causes of action (including, without limitation, any and all avoidance actions) accruing to

20    Debtors shall remain assets of Reorganized Debtors.  Reorganized Debtors may pursue such

21    rights of action, as appropriate, in accordance with what is in their best interests and for their

22    benefit.

23         12.3.   <u>Governing Law</u>.  Except to the extent the Bankruptcy Code, the Bankruptcy

24    Rules, or other federal laws are applicable, the laws of the State of Oregon shall govern the

25    construction and implementation of the Plan and all rights and obligations arising under the

26    Plan.

**TONKON TORP** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

12.4.   <u>Withholding and Reporting Requirements</u>.  In connection with the Plan and all instruments issued in connection therewith and distributions thereon, Debtors and Reorganized Debtors shall comply with all withholding, reporting, certification, and information requirements imposed by any federal, state, local, or foreign taxing authorities and all distributions hereunder shall, to the extent applicable, be subject to any such withholding, reporting, certification, and information requirements.  Entities entitled to receive distributions hereunder shall, as a condition to receiving such distributions, provide such information and take such steps as Reorganized Debtors may reasonably require to ensure compliance with such withholding and reporting requirements, and to enable Reorganized Debtors to obtain the certifications and information as may be necessary or appropriate to satisfy the provisions of any tax law.

12.5.   <u>Time</u>.  Unless otherwise specified herein, in computing any period of time prescribed or allowed by the Plan, the day of the act or event from which the designated period begins to run shall not be included.  The last day of the period so computed shall be included, unless it is not a Business Day, in which event the period runs until the end of the next succeeding day that is a Business Day.

12.6.   <u>Addresses and Notices</u>.  If an Event of Default occurs, written notice of such Default shall be provided at the addresses for notices set forth below:

<u>To B. & J.</u>

B. & J. Property Investments, Inc.
c/o William J. Berman, President
4490 Silverton Road NE
Salem, OR  97305

with a copy to:

Timothy J. Conway
Tonkon Torp LLP
888 SW Fifth Avenue, #1600
Portland, OR 97204

<u>To Berman</u>:

William J. Berman
4490 Silverton Road NE
Salem, OR  97305

**TONKON TORP** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

with a copy to:

Nicholas J. Henderson
Motschenbacher & Blattner LLP
117 SW Taylor Street, #300
Portland, OR 97204

12.7.  <u>Section 1146(c) Exemption</u>.  Pursuant to Section 1146(c) of the Bankruptcy

Code, the issuance, transfer, or exchange of any security under the Plan, or the execution,

delivery, or recording of an instrument of transfer pursuant to, in implementation of, or as

contemplated by the Plan; or the revesting, transfer, or sale of any real property of Debtors or

Reorganized Debtors pursuant to, in implementation of, or as contemplated by the Plan, shall

not be taxed under any state or local law imposing a stamp tax, transfer tax, or similar tax or

fee.  Consistent with the foregoing, each recorder of deeds or similar official for any city,

county, or governmental unit in which any instrument hereunder is to be recorded shall,

pursuant to the Confirmation Order, be ordered and directed to accept such instrument

without requiring the payment of any documentary stamp tax, deed stamps, transfer tax,

intangible tax, or similar tax.

12.8.  <u>Severability</u>.  In the event any provision of the Plan is determined to be

unenforceable, such determination shall not limit or affect the enforceability and operative

effect of any other provisions of the Plan.  To the extent any provision of the Plan would, by

its inclusion in the Plan, prevent or preclude the Bankruptcy Court from entering the

Confirmation Order, the Bankruptcy Court, on the request of Debtors, may modify or amend

such provision, in whole or in part, as necessary to cure any defect or remove any

impediment to confirmation of the Plan existing by reason of such provision.

12.9.  <u>Binding Effect</u>.  The provisions of the Plan shall bind Debtors, Reorganized

Debtors, and all holders of Claims and Interests, and their respective successors, heirs, and

assigns.

**Page 25 of 27** - DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8, 2019)

**TONKON TORP** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1    12.10.  _Recordable Order_.  The Confirmation Order shall be deemed to be in

2   recordable form and shall be accepted by any recording officer for filing and recording

3   purposes without further or additional orders, certifications, or other supporting documents.

4    12.11.  _Plan Controls_.  In the event, and to the extent, that any provision of the Plan is

5   inconsistent with the provisions of the Disclosure Statement or any other instrument or

6   agreement contemplated to be executed pursuant to the Plan, the provisions of the Plan shall

7   control and take precedence.

8    12.12.  _Effectuating Documents and Further Transactions_.  Debtors and Reorganized

9   Debtors shall execute, deliver, file, or record such contracts, instruments, assignments, and

10   other agreements or documents, and take or direct such actions as may be necessary or

11   appropriate to effectuate and further evidence the terms and conditions of this Plan.

12    DATED this 8th day of October, 2019.

13    Respectfully submitted,

14    B. & J. PROPERTY INVESTMENTS, INC.

15

16    By _/s/ William J. Berman_
    William J. Berman, President
17

18
    By _/s/ William J. Berman_
19    William J. Berman, Personally

20   TONKON TORP LLP

21

22   By _/s/ Timothy J. Conway_
    Timothy J. Conway, OSB No. 851752
23    Ava L. Schoen, OSB No. 044072
    Of Attorneys for Debtor
24

25

26

**Page 26 of 27** -  DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8, 2019)

1    MOTSCHENBACHER & BLATTNER, LLP

2

3    By /s/ Nicholas J. Henderson
         Nicholas J. Henderson, OSB No. 074027
4        Telephone:    (503) 417-0508
         Facsimile:    (503) 417-0528
5        Email:        nhenderson@portlaw.com
         Attorneys for William J. Berman
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Page 27 of 27** -  DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8,
            2019)

1    CERTIFICATE OF SERVICE

2         I hereby certify that the foregoing **DEBTORS' AMENDED JOINT PLAN**
**OF REORGANIZATION (October 8, 2019)** was served on the parties indicated as "ECF"

3    on the attached List of Interested Parties by electronic means through the Court's Case
Management/Electronic Case File system on the date set forth below.

4

5         In addition, the parties indicated as "Non-ECF" on the attached List of
Interested Parties were served by mailing a copy thereof in a sealed, first-class postage

6    prepaid envelope, addressed to each party's last-known address and depositing in the
U.S. mail at Portland, Oregon on the date set forth below.

7         DATED this 9th day of October, 2019.

8         TONKON TORP LLP

9

10        By /s/ Timothy J. Conway
              Timothy J. Conway, OSB No. 851752

11            Ava L. Schoen, OSB No. 044072
              Attorneys for B. & J. Property Investments, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Page 1 of 1** -   CERTIFICATE OF SERVICE

**TONKON TORP** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

## CONSOLIDATED LIST OF INTERESTED PARTIES

*In re B. & J. Property Investments, Inc.*
U.S. Bankruptcy Court Case No. 19-60138-pcm11

*In re William J. Berman*
U.S. Bankruptcy Court Case No. 19-60230-pcm11

### ECF PARTICIPANTS

- TIMOTHY J CONWAY    tim.conway@tonkon.com, candace.duncan@tonkon.com, spencer.fisher@tonkon.com
- NICHOLAS J HENDERSON    nhenderson@portlaw.com, tsexton@portlaw.com; mperry@portlaw.com; hendersonnr86571@notify.bestcase.com
- KEITH D KARNES    kkarnes@keithkarnes.com, kkarnesnotices@gmail.com; patricia@keithkarnes.com; 9982680420@filings.docketbird.com ;r51870@notify.bestcase.com
- SHANNON R MARTINEZ    smartinez@sglaw.com, scurtis@sglaw.com
- ERICH M PAETSCH    epaetsch@sglaw.com, ktate@sglaw.com
- TERESA H PEARSON    teresa.pearson@millernash.com, MNGD-2823@millernash.com
- AVA L SCHOEN    ava.schoen@tonkon.com, leslie.hurd@tonkon.com
- TROY SEXTON    tsexton@portlaw.com, nhenderson@portlaw.com ,mperry@portlaw.com ,troy-sexton-4772@ecf.pacerpro.com
- TOBIAS TINGLEAF    toby@shermlaw.com, darlene@shermlaw.com
- US TRUSTEE, Eugene    USTPRegion18.EG.ECF@usdoj.gov

### NON-ECF PARTICIPANTS

**B. & J. TOP 20 UNSECURED CREDITORS**

Class Action Plaintiffs
c/o Brady Mertz
Brady Mertz PC
345 Lincoln St.
Salem, OR 97302

Portland General Electric
POB 4438
Portland, OR 97208

Judson's Plumbing
POB 12669
Salem, OR 97330

City of Salem
555 Liberty St. SE, Room 230
Salem, OR 97301

Comcast Business
POB 34744
Seattle, WA 98124-1744

Pacific Source
POB 7068
Springfield, OR 97475-0068

Pacific Sanitation
POB 17669
Salem, OR 97305

US Bank
POB 6352
Fargo, ND 58125-6352

Miller Paint
390 Lancaster Dr. NE
Salem, OR 97301

HotSuff Spas & Pool
1840 Lancaster Dr. NE
Salem, OR 97305

NW Natural Gas
POB 6017
Portland, OR 97228-6017

Chateau Locks
1820 47th Terrace East
Bradenton, FL 34203-3773

Century Link
Bankruptcy Dept.
600 New Century Parkway
New Century, KS  66031

Walter Nelson Company
1270 Commercial St. NE
Salem, OR 97301

Statesman Journal
340 Vista Ave. SE
Salem, OR 97302

Pacific Screening
POB 25582
Portland, OR 97298

DEX Media
Dex Media Attn: Client Care
1615 Bluff City Highway
Bristol, TN 37620

AllAmerican Insurance
POB 758554
Topeka, KS 66675-8554

US Bank
POB 6352
Fargo, ND  58125

Saalfeld Griggs PC
Attn: Hunter Emerick
Park Place, #200
250 Church St. SE
Salem, OR 97301

Susan Stoehr
24310 S Hwy 99E, Space G
Canby, OR  97013

Stephen Joye
Fischer, Hayes, et al.
3295 Triangle Dr SE #200
Salem, OR 97302

Nancy Wolf
2008 SE Sturdevant Rd
Toledo, OR 97391

**BERMAN SECURED CREDITOR**

Quicken Loans Inc.
635 Woodward Ave.
Detroit, MI 48226

**BERMAN TOP 20 UNSECURED CREDITORS**

Class Action Plaintiffs
c/o Brady Mertz
Brady Mertz PC
345 Lincoln St.
Salem, OR 97302

Saalfeld Griggs PC
Attn: Hunter Emerick
Park Place, #200
250 Church St. SE
Salem, OR 97301

Heather Noble
4490 Silverton Rd NE #4
Salem, OR 97305-2060