Timothy J. Conway, OSB No. 851752 (Lead Attorney)
   Direct Dial: (503) 802-2027
   Facsimile: (503) 972-3727
   Email: tim.conway@tonkon.com
Ava L. Schoen, OSB No. 044072
   Direct Dial: (503) 802-2143
   Facsimile: (503) 972-3843
   Email: ava.schoen@tonkon.com
TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, OR 97204-2099

   Attorneys for Debtor B. & J. Property Investments, Inc.

Nicholas J. Henderson, OSB No. 074027
Email: nhenderson@portlaw.com
MOTSCHENBACHER & BLATTNER, LLP
117 SW Taylor Street, Suite 300
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528

   Of Attorneys for William J. Berman

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>B. & J. Property Investments, Inc.<br><br>            Debtor.<br><br>In re<br><br>William J. Berman,<br><br>            Debtor. | Case No. 19-60138-pcm11<br>**LEAD CASE**<br><br>Jointly Administered With<br>Case No. 19-60230-pcm11<br><br>**MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION AND NOTICE OF PLAN MODIFICATION** |

## I. INTRODUCTION

B. & J. Property Investments, Inc. ("B&J") and William J. Berman

("Berman") (collectively, "Debtors") submit this memorandum in support of confirmation of

Page 1 of 16   MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION AND NOTICE OF PLAN MODIFICATION REJECTING PLAN

TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 19-60138-pcm11   Doc 273   Filed 12/11/19

their Joint Plan of Reorganization (the "Plan") and provide notice of Plan modification as to Class 6, as set forth below.

On January 17, 2019 (the "B. & J. Petition Date"), B. & J. Property Investments, Inc. ("B & J," or the "Company") filed a voluntary petition under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). On January 28, 2019 (the "Berman Petition Date"), William J. Berman ("Berman") filed a voluntary petition under Chapter 11 of the Bankruptcy Code. B & J and Berman are together referred to as "Debtors." On October 16, 2019, the Court entered an Order Approving Disclosure Statement ("Disclosure Statement"). The Disclosure Statement and Plan were thereafter transmitted to all Creditors and interested parties. The deadline for filing written ballots accepting or rejecting the Plan and filing objections to the Plan was December 5, 2019. Classes 1, 2, 4, 5, 8, and 9 voted 100% in favor of the Plan. Class 3 is unimpaired and deemed to have accepted the Plan. 11 U.S.C. § 1126(f). The majority of Classes 6 and 7 voted in favor of the Plan, but there were not sufficient votes in favor to obtain class acceptance. No objections to the Plan were filed.

## II. NO OBJECTIONS TO THE PLAN WERE FILED OR SHOULD BE BELATEDLY CONSIDERED

Section 1128(b) of the Bankruptcy Code states that "[a] party in interest may object to confirmation of a plan." Rule 3020(b) of the Federal Rules of Bankruptcy Procedure governs objections under section 1128(b). That rule provides that "[a]n objection to confirmation of the plan <u>shall be filed and served</u> on the debtor, the trustee, the proponent of the plan, any committee appointed under the Bankruptcy Code, and any other entity designated by the court, <u>within a time fixed by the court</u>" (emphasis added). Rule 3020(b) also requires that a copy of any objection brought under section 1128 must be transmitted to the U.S. trustee within the time fixed by the court for filing objections.

**Page 2 of 16** MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION AND NOTICE OF PLAN MODIFICATION REJECTING PLAN

TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 19-60138-pcm11    Doc 273    Filed 12/11/19

1   On October 16, 2019, the Court entered an order requiring that any objections
2   to the proposed Plan "must be in writing" and "must be filed with the Clerk of Court" no
3   later than December 5, 2019 [ECF No. 248]. The December 5, 2019, deadline to file
4   objections has come and gone; no objections were filed. In turn, consistent with Bankruptcy
5   Rule 3020(b) and the Court's order, the Court should not consider any objections to the
6   extent they are belatedly asserted. *See, e.g., In re Ruti-Sweetwater, Inc.*, 836 F.2d 1263, 1267
7   (10th Cir. 1988) ("The Code contemplates that concerned creditors will take an active role in
8   protecting their claims. Otherwise, Bankruptcy Rule 3020(b), which provides for fixing a
9   deadline for filing objections to confirmation, would have no substance) (internal citations
10  omitted); *In re Goldstein*, 114 B.R. 430 (Bankr. E.D. Pa. 1990) (rejecting untimely
11  confirmation objection).

**III.     SUMMARY OF THE PLAN**

    **1.     General**

Generally, the Plan provides that (a) Debtors will operate in the ordinary course and pay and satisfy their obligations from revenue generated by operations; and (b) Debtors shall seek to prevail on the appeal in the Class Action Case so they may pay all Creditors in full over time; or (c) if Debtors are unable to prevail, or at least substantially prevail on the appeal, (i) B. & J. will pursue its malpractice claim against Saalfeld Griggs and if insufficient funds are recovered, B. & J. will then seek to refinance or sell the Real Property and liquidate its assets, with the Net Proceeds to be distributed first to Secured Creditors and then pro rata to Unsecured Creditors; and (ii) Berman will distribute to unsecured creditors all the projected disposable income he believes he will receive during the five-year period after the Effective Date.

    **2.     Secured Creditors**

Reorganized B. & J.'s secured Creditor, Columbia Credit Union ("Columbia"), will be paid the full amount of its Allowed Secured Claim in accordance with
Page 3 of 16    MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION AND NOTICE OF PLAN MODIFICATION REJECTING PLAN

TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 19-60138-pcm11    Doc 273    Filed 12/11/19

the existing terms of its loan to B. & J., except as modified under the Plan with respect to certain loan terms and covenants set forth in the Plan.

Reorganized Berman's secured Creditor, Quicken Loans, Inc. ("Quicken Loans"), will be paid the full amount of its Allowed Secured Claim in accordance with the existing terms of its loan to Berman.

**3.    General Unsecured Creditors**

B. & J.'s General Unsecured Creditors will be paid in full over five years if other Unsecured Creditors are paid in full. However, if B. & J. does not prevail on the appeal of the Class Action Case, and there are insufficient funds to pay the Class Action Claims, then General Unsecured Creditors will be paid pro rata from the sale and liquidation of B. & J.'s assets on a pro rata basis with Unsecured Class Action Claims.

To the extent not paid by B. & J., Berman's General Unsecured Creditors and Class Action Creditors (discussed below) shall be paid their pro rata share of $60,000, which is Berman's projected disposable income for the five-year period following the Effective Date.

**4.    Class Action Creditors**

Certain Creditors in the Marion County Case (the "Class Action Claims") were awarded a General Judgment in the total amount of $4,864,951 against Debtors on October 31, 2018, which Debtors have appealed. If the Class Action Claims are denied on appeal, they will receive nothing. If the Class Action Claims are allowed and prevail on appeal, then such Allowed Claims will be paid in full if B. & J. has sufficient funds to do so once the appeals have concluded, or B. & J. will liquidate its assets and pay the Class Action Creditors from available funds. B. & J. plans to file an adversary proceeding under 11 USC § 547 avoiding the judgment lien obtained by the Class Action Claimants as a bankruptcy preference. If the B. & J. preference claim is successful, the Class Action Claims will be Unsecured Claims even if Allowed. If the preference claim is not successful and the Class

**Page 4 of 16**    MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION AND NOTICE OF PLAN MODIFICATION REJECTING PLAN

**TONKON TORP** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 19-60138-pcm11    Doc 273    Filed 12/11/19

1 Action plaintiffs prevail on the appeal, they would have at least a partially Secured Claim against the Real Property up to the value of the Real Property in excess of prior liens.

To the extent the Class Action Claims are unsecured, paid in full, and entitled to interest, they shall receive interest at the federal judgment rate. *In re Cardelucci*, 285 F.3d 1231 (9th Cir. 2002) (interest is to be calculated using the federal judgment interest rate); *In re Beguelin*, 220 B.R. 94, 99 (9th Cir.BAP1998) (same), *In re Williams Love, O'Leary, & Powers, PC*, 588 Fed.Appx. 559 (Mem) (9th Cir. 2014) (upublished opinion) (same). To the extent the Allowed Class Action Creditors are unsecured, but not paid in full by B. & J., they shall receive payment from Berman in the amount of their pro rata share of $60,000.

To the extent the Class Action Claims are secured, Debtors seek to modify the Plan as set forth in Section IV, below.

**5.     Equity Interests**

The Plan provides that existing equity interests in B. & J. will be left in place unless the Company is liquidated, in which case equity will be extinguished.

The Plan provides that Berman will retain his interests in the assets of his bankruptcy estate.

**6.     Leases and Executory Contracts**

All unexpired leases and executory contracts will be assumed by the respective Debtors through the Plan unless such unexpired leases and executory contracts have previously been assumed and assigned or rejected, or a motion seeking their assumption or rejection has been filed before the Confirmation Date.

**IV.     PROPOSED CHANGES TO THE PLAN**

In accordance with 11 U.S.C. § 1127(a) and Federal Rule of Bankruptcy Procedure 3019(a), Debtors propose that modifications with respect to Class 6, as set out immediately below, be approved as part of their Plan at the confirmation hearing. . *In re Art and Architecture Books of the 21st Century*, 2016 WL 1118743, Case No. 2:13-bk-14135-

Page 5 of 16     MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION AND NOTICE OF PLAN MODIFICATION REJECTING PLAN

TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 19-60138-pcm11     Doc 273     Filed 12/11/19

1 | RK, at *4 (Bankr. C.D. Cal. March 18, 2016) (The Bankruptcy Code permits plan
2 | modification at the confirmation hearing); *In re U.S. Fidelis, Inc.*, 481 B.R. 503, 524 (Bankr.
3 | E.D. Mo. 2012) (plan modification does not require additional disclosure or re-solicitation of
4 | votes where classes will not be materially and adversely impacted by modification); *In re Art*
5 | *and Architecture Books of the 21st Century*, Case No. 2:13–bk–14135–RK, 2016 WL
6 | 1118743, at *5 (Bankr. C.D. Cal. March 18, 2016) (where plan modifications do not change
7 | the way any creditor would vote, no further solicitation is needed). These proposed changes
8 | have no materially adverse impact on any class.

Debtors propose that the first paragraph of Section 5.6 of the Plan be modified as follows:

"Class 6 consists of the Allowed Class Action Claims against B. & J. of Creditors entitled to payment resulting from the Class Action Case. To the extent the Class 6 Class Action Claims are partially or fully Allowed Secured Claims, they will be paid the allowed amount of their Secured Claim in full with interest, if applicable, at the prime rate of interest (fixed at the rate in effect on the Effective Date) plus 2% from and after the Effective Date, or at such other rate fixed by the Court at confirmation, until paid as described below. To the extent the Allowed Class Action Claims are Allowed Unsecured Claims or to the extent the value of any Collateral valued as of the B. & J. Petition Date is insufficient to pay Allowed Secured Claims, then the deficiency amount shall be treated as an Unsecured Claim, which Allowed Unsecured Claims of Class Action Claimants shall be paid with interest, if applicable, at the federal judgment rate (fixed at the rate in effect on the Effective Date) from and after the Effective Date until paid as described below." The remainder of Section 5.6 shall remain the same.

**Page 6 of 16** MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION AND NOTICE OF PLAN MODIFICATION REJECTING PLAN

TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 19-60138-pcm11    Doc 273    Filed 12/11/19

## V. THE PLAN SATISFIES THE REQUIREMENTS OF 11 U.S.C. § 1129

Debtors' Plan is confirmable. Section 1129(a) of the Bankruptcy Code provides that the Court shall confirm a plan if it meets the requirements set forth therein. Debtors' Plan meets those requirements.

### A. THE PLAN COMPLIES WITH THE REQUIREMENTS OF 11 U.S.C. § 1129(A)(1)

Section 1129(a)(1) requires that the Plan comply with the applicable provisions of Title 11. This requirement is generally accepted to mean that the Plan must comply with the classification and other requirements of 11 U.S.C. §§ 1122 and 1123. *In re Art and Architecture Books of the 21st Century*, Case No. 2:13–bk–14135–RK, 2016 WL 1118743, at *14 (Bankr. C.D. Cal. March 18, 2016) (finding that the legislative history of 1129(a)(1), as set out in H.R.Rep. No. 5–595, 95th Cong., 1st Sess. 412 (1977) and S.Rep. No. 95989, 95th Cong., 2d Sess. 126 (1978), explains that this provision encompasses the requirements of Sections 1122 and 1123, which are the substantive provisions most relevant in satisfying section 1129(a)); *In re Toy & Sports Warehouse, Inc.*, 37 B.R. 141, 149 (Bankr. S.D.N.Y. 1984); *In re Apex Oil Co.*, 118 B.R. 683 (Bankr. E.D. Mo. 1990). There is no dispute that the Plan complies with Section 1129(a)(1) and is consistent with 11 U.S.C. §§ 1122 and 1123.

### B. THE PLAN COMPLIES WITH THE REQUIREMENTS OF 11 U.S.C. § 1129(A)(2)

Section 1129(a)(2) requires the proponent of a Plan to comply with all applicable provisions of the Bankruptcy Code. The record reflects that Debtors have complied with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules.

TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

**C. THE PLAN IS PROPOSED IN GOOD FAITH AND COMPLIES WITH THE REQUIREMENTS OF 11 U.S.C. § 1129(A)(3)**

Section 1129(a)(3) requires that a Plan be "proposed in good faith and not by any means forbidden by law." A Chapter 11 plan is proposed in good faith where it achieves a result consistent with the objectives and purposes of the Bankruptcy Code. *Platinum Capital, Inc. v. Sylmar Plaza, LP* (*In re Sylmar Plaza, LP*), 314 F.3d 1070, 1074 (9th Cir. 2002). In determining whether the Debtors have acted in good faith in proposing a reorganization plan, the Court must take into account the totality of the circumstances, including whether the plan deals with the creditors in a fundamentally fair manner. *Jorgensen v. Federal Land Bank* (*In re Jorgensen*), 66 B.R. 104, 108-109 (9th Cir BAP 1986).

The B. & J. Plan provides for either payment in full to all Allowed Claims or for the liquidation of the Debtor and distribution of the assets in order of priority. If Allowed Class Action Claims are not paid in full from B. & J., then they will also receive payment from Berman. The Plan is a good faith effort by Debtors to maximize the recovery to Creditors and deals with Creditors in a fundamentally fair manner and recognizes and preserves all rights of Creditors and interested parties.

**D. THE PLAN SATISFIES THE REQUIREMENTS OF 11 U.S.C. § 1129(A)(4)**

Section 1129(a)(4) requires that the Plan provide for appropriate court supervision over professional fees and expenses incurred in connection with the case, or in connection with the plan and incident to the case. All such fees and expenses have been or will be submitted to the Court for approval in applications to compensate professionals and, therefore, this requirement is satisfied.

Page 8 of 16   MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION AND NOTICE OF PLAN MODIFICATION REJECTING PLAN

TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 19-60138-pcm11    Doc 273    Filed 12/11/19

E.  **THE PLAN COMPLIES WITH THE REQUIREMENTS OF 11 U.S.C. § 1129(A)(5)**

Section 1129(a)(5) requires: (1) the disclosure of the identity and affiliations of any individual proposed to serve post-confirmation as a successor to the debtors under the plan; (2) that such appointment be consistent with the interests of creditors, equity security holders, and with public policy; and (3) disclosure of the nature of the compensation to be provided to any insiders to be employed or retained post-confirmation.

B. & J. will continue to be operated by William Berman as President and Deborah Berman as Secretary. Their compensation is $6,250 per month each and will be paid from the operations of B. & J. Accordingly, the disclosure requirements of Section 1129(a)(5) have been satisfied.

F.  **11 U.S.C. § 1129(A)(6) IS NOT APPLICABLE TO THE PLAN**

Debtors are not subject to any governmental regulation regarding rate changes as provided in Section 1129(a)(6). B. & J. will comply with applicable Oregon law, as recently enacted under Senate Bill 608, with respect to any rent increases.

G.  **THE PLAN IS IN THE BEST INTEREST OF CREDITORS AND COMPLIES WITH THE REQUIREMENTS § 1129(A)(7)**

Section 1129(a)(7) requires that holders of claims or interests of each impaired class either accept the Plan or "receive or retain under the Plan * * * property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtors were liquidated under Chapter 7…." As set forth in the Section VIII of the Disclosure Statement and the Liquidation Analysis attached thereto as Exhibit 3, Creditors will receive or retain property of a value, as of the Effective Date, that is not less than the amount that they would receive or retain if Debtors were liquidated under Chapter 7 of this Title. 11 U.S.C. § 1129(a)(7)(ii). Accordingly, the requirements of Section 1129(A)(7) have been satisfied.

Page 9 of 16   MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION AND NOTICE OF PLAN MODIFICATION REJECTING PLAN

TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 19-60138-pcm11    Doc 273    Filed 12/11/19

## H. THE PLAN SATISFIES THE REQUIREMENTS OF 11 U.S.C. § 1129(A)(8)

Section 1129(a)(8) requires that each class of claims has either accepted the Plan or such class is not impaired under the Plan. Class 3 is unimpaired, so § 1129(a)(8) is satisfied as to Class 3. Classes 1, 2, 4, 5, 8, and 9 have accepted the Plan. Thus, Section 1129(a)(8) is satisfied as to Classes Classes 1, 2, 4, 5, 8, and 9.

Classes 6 and 7 voted in favor of the Plan, but not in sufficient amounts to constitute class acceptance.

Debtors request that the Plan still be confirmed pursuant to 11 U.S.C. § 1129(b)(1). In accordance with 11 U.S.C. § 1129(b)(1), if all of the applicable requirements of § 1129(a) other than § 1229(a)(8) are met with respect to a pan, the Court shall still confirm a plan notwithstanding the requirements of subsection (a)(8) if the plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests that is impaired and has not accepted the plan. Here, 11 U.S.C. § 1129(a)(8) is still satisfied because, consistent with 11 U.S.C. § 1129(b)(1), the Plan does not discriminate unfairly and is fair and equipment with respect to all impaired classes, as discussed further below. See Section P below.

## I. THE PLAN SATISFIES THE REQUIREMENTS OF 11 U.S.C. § 1129(A)(9)

Section 1129(a)(9) requires particular treatment with respect to certain priority claims except to the extent that the claimant has agreed to a different treatment.

Section 1129(a)(9)(A) is satisfied because Article 2 of the Plan provides that administrative expenses will be paid in full in cash on the later of the Effective Date or the date on which such claims are approved by the court, unless different treatment is agreed to. Because this Chapter 11 case was commenced voluntarily, there are no "gap" claims.

Section 1129(a)(9)(B) does not apply.

Page 10 of 16 MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION AND NOTICE OF PLAN MODIFICATION REJECTING PLAN

TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 19-60138-pcm11    Doc 273    Filed 12/11/19

Section 1129(a)(9)(C) and (D) is satisfied because Article 2 of the Plan provides that priority tax claims will be paid.

### J. THE PLAN SATISFIES THE REQUIREMENTS OF 11 U.S.C. § 1129(A)(10)

Section 1129(a)(10) requires that if a class of claims is impaired under the Plan, at least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider. Impaired Classes 1, 2, 4, and 5 voted to accept the Plan; therefore, this requirement is satisfied. *In re Transwest Resort Properties Inc*., 881 F.3d 724 (9th Cir. 2018) (Section 1129(a)(10) of the Bankruptcy Code, which requires cramdown plans to have at least one impaired accepting class, applies on a "per-plan" basis, rather than a "per-debtor" basis).

### K. THE PLAN SATISFIES THE REQUIREMENTS OF 11 U.S.C. § 1129(A)(11)

Debtors' Plan is feasible and satisfies the requirements of Section 1129(a)(11). The "feasibility" requirement of Section 1129(a)(11) requires that in order to confirm a plan, a court must be satisfied that confirmation "is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtors or any successor to the debtors under the plan, unless such liquidation or reorganization is proposed in the plan." To demonstrate that a plan is feasible, a debtor is required to show a "reasonable probability of success"; a debtor does not have to prove that success is inevitable. *In re Brotby*, 303 B.R. 177, 191 (9th Cir. BAP 2003) (*citing In re Acequia, Inc*., 787 F.2d 1352, 1364 (9th Cir. 1986)); *In re WCI Cable, Inc*., 282 B.R. 457, 486 (Bankr. D. Or. 2002). "The mere potential for failure of the plan or the prospect of financial uncertainty is insufficient to disprove feasibility." *In re Sagewood Manor Associates Limited Partnership*, 223 B.R. 756, 762 (Bankr. D. Nev. 1998). The threshold of evidence necessary to establish feasibility is relatively low; a debtor need only establish that there is a reasonable probability

**Page 11 of 16** MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION AND NOTICE OF PLAN MODIFICATION REJECTING PLAN

TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 19-60138-pcm11    Doc 273    Filed 12/11/19

that the provisions of the plan of reorganization can be performed. *Brotby*, 303 B.R. at 192; *Sagewood*, 223 B.R. at 762.

As described above, Debtors' Plan provides that Debtors will operate in the ordinary course, pay and satisfy their obligations from revenue generated by operations, and seek to prevail on the appeal in the Class Action Case so they may pay all Creditors in full over time. In the event Debtors are unable to prevail, or at least substantially prevail on the appeal, B. & J. will pursue its malpractice claims against Saalfeld Griggs and if insufficient funds are recovered, B. & J. will then seek to refinance or sell the Real Property and liquidate its assets, with the Net Proceeds to be distributed pro rata to Creditors in order of priority; and Berman will distribute to unsecured creditors all the projected disposable income he believes he will receive during the five-year period after the Effective Date. In other words, the Plan is either a payment in full Plan or a self-effectuating Liquidation Plan.

As shown in the projections attached to the Disclosure Statement, Debtors have adequate operations to carry out the Plan and the projections on which they rely are realistic. If they are not successful, then the Plan calls for the liquidation of assets through a sale. Accordingly, there is more than a reasonable probability that the Debtors will be able to perform pursuant to the Plan.

The more relevant issue here is the application of § 1129(a)(11) to a plan of liquidation. *In re The Heritage Organization, L.L.C.*, 375 B.R. 230, 311 (Bankr. N.D. TX 2007). As discussed by the court in *The Heritage Organization*, 375 B.R. at 311, some courts take a narrow approach and interpret the plain language of § 1129(a)(11) to say that feasibility need not be established when liquidation is proposed in the plan. *See, e.g., In re 47th and Belleview Partners*, 95 B.R. 117, 120 (Bankr.W.D.Mo. 1988); *In re Pero Bros. Farms, Inc.*, 90 B.R. 562, 563 (Bankr.S.D.Fla. 1988). Or, to put it differently, courts find that § 1129(a)(11) is satisfied where such liquidation is proposed in the plan. *In re Cellular Info. Sys., Inc.*, 171 B.R. 926 (Bankr.S.D.N.Y. 1994).

**Page 12 of 16** MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION AND NOTICE OF PLAN MODIFICATION REJECTING PLAN

TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 19-60138-pcm11    Doc 273    Filed 12/11/19

1       Other courts take a broader approach and apply the feasibility test to plans of liquidation, focusing their analysis on whether the liquidation itself, as proposed in the plan, is feasible. *See, e.g., In re Holmes*, 301 B.R. 911, 914 (Bankr.M.D.Ga. 2003); *In re Yates Development, Inc.*, 258 B.R. 36, 42–44 (Bankr.M.D.Fla. 2000).

      Even if the broader approach is used and the feasibility test applies to plans of liquidation, the Plan is feasible because the assets can be sold and liquidated. In fact, the value of the real estate and RV Park is likely to be much higher in the future than it is at present. Under the life of the Plan, rental rates and gross revenue will be increasing which will improve the value of the property in the event of a sale. In addition, the property currently has a significant amount of deferred maintenance. The projections include significant amounts to be used to remedy the deferred maintenance and improve the condition of the property which will also increase its value. Thus, even if the property will ultimately be liquidated, creditors will receive more from a liquidation under the Plan than if a liquidation of the property would occur now. The feasibility of the liquidation itself will not change.

      Accordingly, there is more than a reasonable probability that the Debtors will be able to perform pursuant to the Plan. For these reasons, the Plan is feasible and satisfies the requirements of Section 1129(a)(11).

**L.    THE PLAN SATISFIES THE REQUIREMENTS OF 11 U.S.C. § 1129(A)(12)**

      Section 1129(a)(12) requires that certain fees listed in 28 U.S.C. § 1930, as determined by the Court at the hearing on confirmation of the Plan, have been paid or that the Plan provides for the payment of all such fees on the Effective Date of the Plan. Section 2.4 of the Plan provides for the payment of all such fees so this requirement is satisfied.

**Page 13 of 16**   MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION AND NOTICE OF PLAN MODIFICATION REJECTING PLAN

TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 19-60138-pcm11   Doc 273   Filed 12/11/19

**M. SECTION 1129(A)(13) DOES NOT APPLY TO THE PLAN**

Because Debtors offers no retiree benefits as that term is defined in Section 1114, Section 1129(a)(13) is not applicable to confirmation of the Plan.

**N. SECTIONS 1129(A)(14) AND (15) DO NOT APPLY TO THE PLAN**

B & J is not an individual and Berman individually is not obligated to pay domestic support obligations.

**O. SECTION 1129(A)(16) DOES NOT APPLY TO THE PLAN**

B. & J. is not a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

**P. THE PLAN SATISFIES THE REQUIREMENTS OF SECTION 1129(B)**

Section 1129(b) of the Bankruptcy Code provides a mechanism for confirmation of a chapter 11 plan in circumstances where not all impaired classes of claims and equity interests vote to accept that plan. Classes 6 and 7 did not accept the Plan.

The Plan satisfies the fair and equitable requirement of Section 1129(b)(2) with respect to Classes 6 and 7. Section 1129(b)(2)(A)(i) provides that with respect to a class of secured creditors, the plan must be fair and equitable by providing:

> (I) that the holders of such claims retain the liens securing such claims, whether the property subject to such liens is retained by the debtor or transferred to another entity, to the extent of the allowed amounts of such claims; and
>
> (II) that each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property.

**Page 14 of 16** MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION AND NOTICE OF PLAN MODIFICATION REJECTING PLAN

TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 19-60138-pcm11    Doc 273    Filed 12/11/19

Class 6 provides for the Class Action Claims to retain their security interest, to the extent their junior lien is not avoided as a preference. In addition the Class 6 Secured Claims will receive interest on account of the claim at the rate of a prime + 2%. Prime + 2% is an appropriate rate. *Till v. SCS Credit Corporation*, 541 U.S. 465, 124 S. Ct. 1951, 158 L.Ed.2d 787 (2004); *In re Windmill Durango Office*, LLC, 481 B.R. 51, 59 (9th Cir BAP 2012) (under Till, the appropriate rate of interest is the prime rate plus a 1% to 3% adjustment for risk factors); *In re Industry West Commerce Center LLC*, 2011 WL 3300187, Nos. BAP NC–10–1336–JuHBa, 10–10088 (9th Cir. BAP, May 24, 2011) (upholding the bankruptcy court's application of the "prime plus" approach and assessment of 1.70% risk adjustment).

The "Absolute Priority Rule" will only apply in the event that all of the following occur: (1) Debtors are unsuccessful on their appeal, (2) the Class Action Claims are not fully paid by B. & J., and (3) the remainder of the Class Action Claims are not paid in full from the Berman Unsecured Claims Fund. The Absolute Priority Rule provides that unsecured creditors in a dissenting impaired class must be satisfied in full before the debtor is allowed to retain any property under the plan. In B. & J., the equity is cancelled if there are insufficient funds to pay all other creditors in full. In Berman's case, Berman proposes to retain approximately $97,665.13 of non-exempt property. Specifically, the non-exempt portion of equity in his residence, and the amount of cash Berman held on hand and in his checking account on the Petition Date. In the event the Absolute Priority Rule applies, Berman proposes to obtain a loan from family or from a financial institution to pay the Class Action Claims the lesser of $98,000, or the amount needed to pay the remaining balance of the Class Action Claims.

/ / /

/ / /

/ / /

Page 15 of 16 MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION AND NOTICE OF PLAN MODIFICATION REJECTING PLAN

TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 19-60138-pcm11 Doc 273 Filed 12/11/19

## VI. CONCLUSION

For the foregoing reasons, the Court should confirm the Plan, as modified.

DATED this 11th day of December, 2019.

TONKON TORP LLP


By */s/ Timothy J. Conway*
Timothy J. Conway, OSB No. 851752
Ava L. Schoen, OSB No. 044072
Attorneys for B. & J. Property Investments, Inc.

Page 16 of 16   MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION AND NOTICE OF PLAN MODIFICATION REJECTING PLAN

TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 19-60138-pcm11    Doc 273    Filed 12/11/19

| | |
|---|---|
| 1 | <div align="center">CERTIFICATE OF SERVICE</div> |
| 2 | I hereby certify that the foregoing **MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTOR'S PLAN OF REORGANIZATION AND NOTICE OF PLAN MODIFICATION** was served on the parties indicated as "ECF" on the attached List of Interested Parties by electronic means through the Court's Case Management/Electronic Case File system on the date set forth below. |
| | In addition, the parties indicated as "Non-ECF" on the attached List of Interested Parties were served by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to each party's last-known address and depositing in the U.S. mail at Portland, Oregon on the date set forth below. |
| | DATED this 11th day of December, 2019. |
| | TONKON TORP LLP |
| | By */s/ Timothy J. Conway* |
| | Timothy J. Conway, OSB No. 851752 |
| | Ava L. Schoen, OSB No. 044072 |
| | Attorneys for B. & J. Property Investments, Inc. |

Page 1 of 1 - CERTIFICATE OF SERVICE

# CONSOLIDATED LIST OF INTERESTED PARTIES

*In re B. & J. Property Investments, Inc.*
U.S. Bankruptcy Court Case No. 19-60138-pcm11

*In re William J. Berman*
U.S. Bankruptcy Court Case No. 19-60230-pcm11

## ECF PARTICIPANTS

- TIMOTHY J CONWAY    tim.conway@tonkon.com, candace.duncan@tonkon.com, spencer.fisher@tonkon.com
- NICHOLAS J HENDERSON    nhenderson@portlaw.com, tsexton@portlaw.com; mperry@portlaw.com; hendersonnr86571@notify.bestcase.com
- KEITH D KARNES    kkarnes@keithkarnes.com, kkarnesnotices@gmail.com; patricia@keithkarnes.com; 9982680420@filings.docketbird.com; r51870@notify.bestcase.com
- SHANNON R MARTINEZ    smartinez@sglaw.com, scurtis@sglaw.com
- ERICH M PAETSCH    epaetsch@sglaw.com, ktate@sglaw.com
- TERESA H PEARSON    teresa.pearson@millernash.com, MNGD-2823@millernash.com
- AVA L SCHOEN    ava.schoen@tonkon.com, leslie.hurd@tonkon.com
- TROY SEXTON    tsexton@portlaw.com, nhenderson@portlaw.com,mperry@portlaw.com, troy-sexton-4772@ecf.pacerpro.com
- TOBIAS TINGLEAF    toby@shermlaw.com, darlene@shermlaw.com
- US TRUSTEE, EUGENE    USTPRegion18.EG.ECF@usdoj.gov

## NON-ECF PARTICIPANTS

**B. & J. TOP 20 UNSECURED CREDITORS**

Class Action Plaintiffs
c/o Brady Mertz
Brady Mertz PC
345 Lincoln St.
Salem, OR 97302

Portland General Electric
POB 4438
Portland, OR 97208

Judson's Plumbing
POB12669
Salem, OR 97330

City of Salem
555 Liberty St. SE, Room 230
Salem, OR 97301

Comcast Business
POB 34744
Seattle, WA 98124-1744

Pacific Source
POB 7068
Springfield, OR 97475-0068

Pacific Sanitation
POB 17669
Salem, OR 97305

US Bank
POB 6352
Fargo, ND 58125-6352

Miller Paint
390 Lancaster Dr. NE
Salem, OR 97301

HotSuff Spas & Pool
1840 Lancaster Dr. NE
Salem, OR 97305

NW Natural Gas
POB 6017
Portland, OR 97228-6017

Chateau Locks
1820 47th Terrace East
Bradenton, FL 34203-3773

Century Link
Bankruptcy Dept.
600 New Century Parkway
New Century, KS 66031

Walter Nelson Company
1270 Commercial St. NE
Salem, OR 97301

Statesman Journal
340 Vista Ave. SE
Salem, OR 97302

Pacific Screening
POB 25582
Portland, OR 97298

DEX Media
Dex Media Attn: Client Care
1615 Bluff City Highway
Bristol, TN 37620

AllAmerican Insurance
POB 758554
Topeka, KS 66675-8554

US Bank
POB 6352
Fargo, ND 58125

Susan Stoehr
24310 S Hwy 99E, Space G
Canby, OR 97013

Stephen Joye
Fischer, Hayes, et al.
3295 Triangle Dr SE #200
Salem, OR 97302

Nancy Wolf
2008 SE Sturdevant Rd
Toledo, OR 97391

**BERMAN SECURED CREDITOR**

Quicken Loans Inc.
635 Woodward Ave.
Detroit, MI 48226

**BERMAN TOP 20 UNSECURED CREDITORS**

Class Action Plaintiffs
c/o Brady Mertz
Brady Mertz PC
345 Lincoln St.
Salem, OR 97302

Heather Noble
4490 Silverton Rd NE #4
Salem, OR 97305-2060