United States Bankruptcy Court
District of Oregon

In re:                                                          Case No. 19-60138-pcm
B. & J. Property Investments, Inc.                             Chapter 11
        Debtor
                        **CERTIFICATE OF NOTICE**

District/off: 0979-6          User: Admin.          Page 1 of 1          Date Rcvd: Jan 21, 2020
                              Form ID: pdf018       Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 23, 2020.
db              +B. & J. Property Investments, Inc.,   4490 Silverton Rd. NE,   Salem, OR 97305-2060

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                    TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 23, 2020                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 21, 2020 at the address(es) listed below:
NONE.                                                                                    TOTAL: 0

Below is an order of the court.

_____

PETER C. McKITTRICK
U.S. Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>B. & J. Property Investments, Inc.,<br><br>        Debtor. | Case No. 19-60138-pcm11 |
| In re<br><br>William J. Berman,<br><br>        Debtor. | Case No. 19-60230-pcm11<br><br>**ORDER CONFIRMING DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8, 2019) (AS MODIFIED AT CONFIRMATION)** |

This matter came before the Court on December 12, 2019, for confirmation of Debtors'

Amended Joint Plan of Reorganization (October 8, 2019) [ECF 245] as modified by the

Memorandum In Support of Confirmation of Debtors' Plan of Reorganization and Notice of Plan

Modification [ECF 273] (the "*Plan*").  Based upon the testimony, exhibits, and representations

provided at the hearing, and the Court's review of the record, and further based on the findings of

fact and conclusions of law stated by the Court on the record at the hearing held on December 20,

**Page 1 of 6 –**  ORDER CONFIRMING DEBTORS' AMENDED JOINT PLAN OF
REORGANIZATION (OCTOBER 8, 2019) (AS MODIFIED AT
CONFIRMATION)

2019, the Court finds all requirements for confirmation contained in 11 USC § 1129 are met. Based on the foregoing,

THE COURT HEREBY FINDS AND CONCLUDES that:

A. This Court has jurisdiction over the cases of B. & J. Property Investments, Inc. ("**B&J**") and William John Berman ("**Berman**") (collectively, "**Debtors**") pursuant to 28 U.S.C. §§ 157 and 1334. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. Notice of the confirmation hearing was provided to creditors and other parties in interest pursuant to Bankruptcy Rules 2002, 3017, and 3020, and such notice was reasonable, adequate, and sufficient in all respects.

C. The disclosure statement and ballots were transmitted and served in compliance with the Bankruptcy Code and the Bankruptcy Rules. Votes for acceptance of the Plan were solicited in good faith and in compliance with Sections 1125 and 1126 of the Bankruptcy Code and Rules 3017 and 3018 of the Bankruptcy Code.

D. No written objections were filed by the deadline established by the Order Approving Disclosure Statement and Fixing Time for Filing Acceptances or Rejections of Plan; and Notice of Confirmation Hearing [ECF 248]. It would have been prejudicial to Debtors to allow the Class Action Claimants to assert objections to confirmation, for the first time, at the confirmation hearing, without having filed a timely written objection by the deadline ordered by the Court.

E. The Plan complies with the applicable provisions of the Bankruptcy Code and satisfies Section 1129(a)(1) of the Bankruptcy Code. The Plan complies with the classification and other requirements of 11 U.S.C. §§ 1122 and 1123.

F. Debtors have complied with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules, and have satisfied Section 1129(a)(2) of the Bankruptcy Code. No evidence of impermissible conduct was presented to the Court.

**Page 2 of 6** – ORDER CONFIRMING DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8, 2019) (AS MODIFIED AT CONFIRMATION)

G.      The Plan was proposed in good faith and not by any means forbidden by law, and Section 1129(a)(3) of the Bankruptcy Code has been satisfied.  No evidence to the contrary was presented to the Court.

H.      Any payments made or to be made by Debtors for services or costs and expenses in, or in connection with, this Case, or in connection with the Plan and incident to this Case, have been approved by, or are subject to the approval of, the Court as reasonable.  Therefore, Section 1129(a)(4) has been satisfied.

I.      Debtors have identified the individuals that shall act as officers and directors of B&J, and will carry out the terms of the Plan, and therefore, Section 1129(a)(5) is satisfied.

J.      Section 1129(a)(6) is not applicable because no governmental regulatory commission has jurisdiction over the rates of Debtor.

K.      Section 1129(a)(7) has been satisfied because each holder of a Claim in an impaired class of claims has accepted the Plan or will receive or retain under the Plan on account of such Claim property of a value as of the Effective Date of the Plan that is not less than the amount such holder would receive or retain if Debtor was liquidated under Chapter 7.

L.      Section 1129(a)(8) was not satisfied because Classes 6 and 7 did not vote to accept the Plan.  Debtors' Motion to Designate Ballot [ECF 268] is moot because even if the ballot at issue was disqualified, there would still not be class acceptance by Classes 6 and 7.

M.      Section 1129(a)(9) is satisfied because the Plan provides for payment in full of all priority claims in a manner and within the timeframes specified by Section 1129(a)(9).

N.      At least one class of impaired claims has accepted the Plan, and therefore Section 1129(a)(10) is satisfied.

O.      Debtors have demonstrated that there is a reasonable possibility of success under the Plan, and that confirmation is not likely to be followed by the need for further financial reorganization.  Therefore, Section 1129(a)(11) is satisfied.

**Page 3 of 6** –   ORDER CONFIRMING DEBTORS' AMENDED JOINT PLAN OF
                REORGANIZATION (OCTOBER 8, 2019) (AS MODIFIED AT
                CONFIRMATION)

P. All fees payable under 28 U.S.C. § 1930 have been paid or the Plan provides for the payment of all such fees on the Effective Date of the Plan. The Plan, therefore, satisfies 11 U.S.C. § 1129(a)(12).

Q. Sections 1129(a)(13) – (14) do not apply to the Plan.

R. Section 1129(a)(15) does not apply to B&J, and is satisfied with respect to Berman, as none of Debtors' unsecured creditors have filed a timely objection to the Plan. Even if such an objection had been timely filed, the Plan, as amended by this Order, requires Berman to distribute value under the Plan that is not less than Berman's projected disposable income to be received by Berman during the five-year period beginning on the date that the first payment is due under the Plan.

S. Section 1129(a)(16) does not apply to the Plan.

T. Section 1228(b) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("**BAPCPA**") is satisfied, because no party made a request, under 11 U.S.C. § 521(f), that Berman file any tax returns with the Court.

U. Section 1129(b) is satisfied because the Plan does not discriminate unfairly, and is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted, the Plan.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Plan, as modified by the amendments described herein, is confirmed in all respects pursuant to Section 1129 of the Bankruptcy Code.

2. The first paragraph of Section 7.7 shall be amended to read as follows (with additions displayed in **bold highlighted text**):

> 7.7. <u>Berman Unsecured Claims Fund</u>. Within 30 days after the Effective Date, Reorganized Berman shall open a depository account (the "Berman Unsecured Claims Fund") into which he shall make deposits in the amount of $1,735.00 per month through September of 2020. Beginning in October of 2020, Berman shall make deposits to the Berman Unsecured Claims Fund in the amount of $492.00 per month. Berman shall continue making such deposits until the 60th month

**Page 4 of 6** – ORDER CONFIRMING DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8, 2019) (AS MODIFIED AT CONFIRMATION)

following the Effective Date, or to another date as the Bankruptcy Court may determine. Berman shall make such deposits from his earnings operating B. & J. **Additionally, for the 5-year period following the Effective Date, Berman shall deposit into the Berman Unsecured Claims Fund all after-tax (1) salary or (2) other distributions he receives from William Lloyd Developments, Inc. ("Lloyd"). Berman will not take any action to defer any compensation due to him from Lloyd, and will be** compensated **from Lloyd in the same manner and frequency that he was paid prior to the Petition Date, recognizing that Berman is not paid a regular salary, but is only paid based on work performed.** In the event that B. & J.'s property is liquidated, Berman will obtain new employment to make the payments described in this Section.

The remaining paragraphs of Section 7.7 of the Plan shall remain unchanged.

3.     A new Section 7.8 shall be added to the Plan, to read as follows:

"Debtors shall obtain an agreement from Lloyd to the effect that the debt(s) owed to B&J and any other creditors shall be paid current prior to making profit distributions/dividends to Lloyd's shareholders. Notwithstanding the foregoing, Lloyd may continue paying employees, including shareholders, for work performed."

4.     A new Section 7.9 shall be added to the Plan, to read as follows:

"Berman shall report to the Class Action Claimants, at least annually, that he is in compliance with his obligations to make deposits to the Berman Unsecured Claims Fund as required by the Plan."

5.     Attached hereto as **Exhibit A** is a copy of the Plan containing all amendments and modifications.

6.     All actions contemplated by the Plan are authorized and approved in all respects, subject to the provisions of the Plan. Debtors, and their agents and officers, are hereby authorized and directed to take all actions, and enter into and execute all documents, reasonably necessary or appropriate to effectuate the Plan and to consummate the transactions contemplated by the Plan.

7.     Pursuant to Section 1141 of the Bankruptcy Code, except as otherwise specifically provided in the Plan or this Order, the distributions and rights provided in the Plan and this Order shall be in complete satisfaction, discharge, and release of all liens, security interests, encumbrances, and Claims, whether known or unknown, against Debtors that arose prior to the Effective Date.

**Page 5 of 6 –**   ORDER CONFIRMING DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8, 2019) (AS MODIFIED AT CONFIRMATION)

8.      This Order is a Final Order.  There shall be no stay of this Order under Bankruptcy Rule 3020(e) and the period in which an appeal must be filed shall commence immediately upon the entry hereof in accordance with Bankruptcy Rule 3020(e).

9.      To the extent any provision designated herein as a finding of fact is more properly characterized to be a conclusion of law, it shall be so deemed, and vice versa.

# # #

We certify that we have complied with the requirements of LBR 9021-1(a)(2)(A).

**Presented by:**

MOTSCHENBACHER & BLATTNER LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB# 074027
Email: nhenderson@portlaw.com
117 SW Taylor Street, Suite 300
Portland, Oregon 97204-3029
Telephone: (503) 417-0500
Fax: (503) 417-0501

TONKON TORP LLP

/s/ Timothy J. Conway
Timothy J. Conway, OSB No. 851752
Email: tim.conway@tonkon.com
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR  97204
Telephone: (503) 802-2027
Facsimile: (503) 972-3727

038533/00002/10689655v1

**Page 6 of 6** –   ORDER CONFIRMING DEBTORS' AMENDED JOINT PLAN OF
        REORGANIZATION (OCTOBER 8, 2019) (AS MODIFIED AT
        CONFIRMATION)

# EXHIBIT A

**DEBTORS' AMENDED JOINT PLAN OF
REORGANIZATION (OCTOBER 8, 2019)
(AS MODIFIED AT CONFIRMATION)**

1  Timothy J. Conway, OSB No. 851752 (Lead Attorney)
       Direct Dial:  (503) 802-2027
2      Facsimile:    (503) 972-3727
       Email:        tim.conway@tonkon.com
3  Ava L. Schoen, OSB No. 044072
       Direct Dial:  (503) 802-2143
4      Facsimile:    (503) 972-3843
       Email:        ava.schoen@tonkon.com
5  TONKON TORP LLP
   1600 Pioneer Tower
6  888 S.W. Fifth Avenue
   Portland, OR  97204
7
       Attorneys for B. & J. Property Investments, Inc.
8
   Nicholas J. Henderson, OSB No. 074027
9      Telephone:   (503) 417-0508
       Facsimile:   (503) 417-0528
10     Email:       nhenderson@portlaw.com
   MOTSCHENBACHER & BLATTNER, LLP
11 117 SW Taylor St., #300
   Portland, OR 97204
12
       Attorneys for William J. Berman
13

14              UNITED STATES BANKRUPTCY COURT

15                    DISTRICT OF OREGON

16 | In re                          | Case No. 19-60138-pcm11 |

17 | B. & J. Property Investments, Inc., |

18 |         Debtor.                |

19 |                                | Case No. 19-60230-pcm11 |

20 | In re                          | **DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8, 2019) (AS MODIFIED AT CONFIRMATION)** |

21 | William J. Berman,             |

22 |         Debtor                 |

23

24

25

26

DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8, 2019) (AS MODIFIED AT CONFIRMATION)

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

EXHIBIT A
PAGE 1 OF 32

# TABLE OF CONTENTS

Page

Article 1    DEFINITIONS.................................................................................................1

Article 2    UNCLASSIFIED CLAIMS ............................................................................8

Article 3    CLASSIFICATION .....................................................................................10

Article 4    TREATMENT OF UNIMPAIRED CLASSES .................................................11

Article 5    TREATMENT OF IMPAIRED CLASSES.......................................................11

Article 6    DISPUTED CLAIMS; OBJECTIONS TO CLAIMS.........................................16

Article 7    IMPLEMENTATION OF THE PLAN .............................................................17

Article 8    EXECUTORY CONTRACTS AND UNEXPIRED LEASES..........................20

Article 9    EFFECT OF CONFIRMATION .....................................................................21

Article 10   RETENTION OF JURISDICTION.................................................................22

Article 11   ADMINISTRATIVE PROVISIONS................................................................23

Article 12   MISCELLANEOUS PROVISIONS................................................................24

**Page i of i** -  DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8, 2019) (AS MODIFIED AT CONFIRMATION)

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

B. & J. Property Investments, Inc., as debtor and debtor-in-possession ("B. & J.") and William John Berman, as debtor-in-possession ("Berman") (collectively, "Debtors"), propose this Amended Joint Plan of Reorganization (the "Plan") pursuant to Section 1121(a) of Title 11 of the United States Code.

This Plan provides for the repayment of Debtors' obligations to their Creditors. The Plan provides for payment to all Creditors in full, or the orderly liquidation of B. & J.'s assets, as set forth below. A Disclosure Statement is enclosed herewith to assist you in understanding this Plan and making an informed judgment concerning its terms.

## ARTICLE 1

## DEFINITIONS

Definitions of certain terms used in this Plan are set forth below. Other terms are defined in the text of this Plan or the text of the Disclosure Statement. In either case, when a defined term is used, the first letter of each word in the defined term is capitalized. Terms used and not defined in this Plan or the Disclosure Statement shall have the meanings given in the Bankruptcy Code or Bankruptcy Rules, or otherwise as the context requires. The meanings of all terms shall be equally applicable to both the singular and plural, and masculine and feminine, forms of the terms defined. The words "herein," "hereof," "hereto," "hereunder," and others of similar import, refer to the Plan as a whole and not to any particular section, subsection, or clause contained in the Plan. Captions and headings to articles, sections, and exhibits are inserted for convenience of reference only and are not intended to be part of or to affect the interpretation of the Plan. The rules of construction set forth in Section 102 of the Bankruptcy Code shall apply. In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply. Any capitalized term that is not defined herein but is defined in the Bankruptcy Code shall have the meaning ascribed to such term in the Bankruptcy Code.

**Tonkon Torp**LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1.1.    "<u>Administrative Expense Claim</u>" means any Claim entitled to the priority afforded by Sections 503(b) and 507(a)(1) of the Bankruptcy Code.

1.2.    "<u>Allowed</u>" means, with respect to any Claim, proof of which has been properly Filed or, if no Proof of Claim was so Filed, which was or hereafter is listed on the Schedules as liquidated in amount and not disputed or contingent and, in either case, a Claim as to which no objection to the allowance thereof, or motion to estimate for purposes of allowance, shall have been Filed on or before any applicable period of limitation that may be fixed by the Bankruptcy Code, the Bankruptcy Rules, and/or the Bankruptcy Court, or as to which any objection, or any motion to estimate for purposes of allowance, shall have been so Filed, to the extent allowed by a Final Order.

1.3.    "<u>Allowed Secured Claim</u>" means an Allowed Claim that is secured by a lien, security interest, or other charge against or interest in property in which one of the Debtors has an interest or that is subject to setoff under Section 553 of the Bankruptcy Code, to the extent of the value (as set forth in the Plan or, if no value is specified, as determined in accordance with Section 506(a) of the Bankruptcy Code or, if applicable, Section 1111(b) of the Bankruptcy Code) of the interest of the holder of such Claim in Debtor's interest in such property or to the extent of the amount subject to setoff, as the case may be.

1.4.    "<u>Allowed Unsecured Claim</u>" means an Allowed Claim that is not an Allowed Secured Claim.

1.5.    "<u>B. & J.</u>" means B. & J. Property Investments, Inc.

1.6.    "<u>B. & J. Bankruptcy Case</u>" means the Chapter 11 case filed by B. & J. Property Investments, Inc., Case No. 18-60138-pcm11, pending in the United States Bankruptcy Court for the District of Oregon.

1.7.    "<u>B. & J. Petition Date</u>" means January 17, 2019, the date on which the petition commencing the B. & J. Bankruptcy Case was Filed.

**Tonkon Torp**LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1.8.   "<u>Bankruptcy Cases</u>" means, collectively, the B. & J. Bankruptcy Case and the Berman Bankruptcy Case.

1.9.   "<u>Bankruptcy Code</u>" means the Bankruptcy Reform Act of 1978, as amended from time to time, set forth in Sections 101 et seq. of Title 11 of the United States Code.

1.10.   "<u>Bankruptcy Court</u>" means the United States Bankruptcy Court for the District of Oregon, or such other court that exercises jurisdiction over the Bankruptcy Cases or any proceeding therein, including the United States District Court for the District of Oregon, to the extent the reference to the Bankruptcy Cases or any proceeding therein is withdrawn.

1.11.   "<u>Bankruptcy Rules</u>" means, collectively, the Federal Rules of Bankruptcy Procedure, as amended and promulgated under Section 2075, Title 28, of the United States Code, and the local rules and standing orders of the Bankruptcy Court.

1.12.   "<u>Berman Bankruptcy Case</u>" means the Chapter 11 case filed by William John Berman, Case No. 18-60230-pcm11, pending in the United States Bankruptcy Court for the District of Oregon.

1.13.   "<u>Berman Petition Date</u>" means January 28, 2019, the date on which the petition commencing the Berman Bankruptcy Case was Filed.

1.14.   "<u>Berman Unsecured Claims Fund</u>" means the account and funds described in Section 7.7 of the Plan, below.

1.15.   "<u>Business Day</u>" means a day other than a Saturday, Sunday, or other day on which banks in Portland, Oregon are authorized or required by law to be closed.

1.16.   "<u>Cash</u>" means lawful currency of the United States of America.

1.17.   "<u>Chapter 11 Case</u>" means the case under Chapter 11 of the Bankruptcy Code with respect to Debtors, pending in the District of Oregon, administered as *In re B. & J. Property Investments, Inc.,* Case No. 19-60138-pcm11.

**Tonkon Torp**LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1.18. "Claim" means (a) any right to payment from Debtors arising before the Effective Date, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy against Debtors arising before the Effective Date for breach of performance if such breach gives rise to a right of payment from Debtors, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

1.19. "Class" means one of the classes of Claims defined in Article 3 hereof.

1.20. "Class Action Case" means the case entitled *Loren Hathaway, et al. v. B. & J. Property Investments, Inc., et al.,* Marion County Case No. 13C14321, and all appeals, remands, retrials, and further appeals thereof.

1.21. "Class Action Claims" means the Allowed Claim of each Creditor that is a plaintiff in the Class Action Case and is awarded an amount due pursuant to a Final Order entered therein.

1.22. "Collateral" means any property in which Debtors have an interest that is subject to an unavoidable lien or security interest securing the payment of an Allowed Secured Claim.

1.23. "Columbia" means Columbia Credit Union.

1.24. "Columbia Loan Documents" means the loan documents entered into by and between Columbia and Debtors, including:

(a) Promissory Note dated September 11, 2015 between B. & J. Property Investments, Inc. (borrower) and Columbia Credit Union (lender) (the "Columbia Note").

(b) Commercial Loan Agreement dated September 11, 2015 between B. & J. Property Investments, Inc. (borrower) and Columbia Credit Union (lender).

**Page 4 of 27 -** DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8, 2019) (AS MODIFIED AT CONFIRMATION)

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

EXHIBIT A
PAGE 6 OF 32

Case 19-60138-pcm11    Doc 282    Filed 01/23/20

1          (c)        Deed of Trust dated September 11, 2015 between B. & J. Property

2 Investments, Inc. (grantor), Trustee Services, Inc. (trustee), and Columbia Credit Union

3 (lender).

4          (d)        Guaranty dated September 11, 2015 between Columbia Credit Union

5 (lender), B. & J. Property Investments, Inc. (borrower), and William J. Berman (guarantor)

6 (the "Berman Guaranty").

7          (e)        Guaranty dated September 11, 2015 between Columbia Credit Union

8 (lender), B. & J. Property Investments, Inc. (borrower), and Debra L. Jones-Berman

9 (guarantor) (the "Jones-Berman Guaranty").

10         (f)        Guaranty dated September 11, 2015 between Columbia Credit Union

11 (lender), B. & J. Property Investments, Inc. (borrower), and The Berman Living Trust Dated

12 October 21, 1997 (guarantor) (the "Trust Guaranty").

13         (g)        Guaranty dated September 11, 2015 between Columbia Credit Union

14 (lender), B. & J. Property Investments, Inc. (borrower), and Better Business Management,

15 Inc. (guarantor) (the "BBM Guaranty").

16     1.25.   The "Columbia Guaranties" means, collectively, the Berman Guaranty, the

17 Jones-Berman Guaranty, the Trust Guaranty, and the BBM Guaranty.

18     1.26.   "Confirmation Date" means the date on which the Confirmation Order is

19 entered on the docket by the Clerk of the Bankruptcy Court.

20     1.27.   "Confirmation Order" means the order of the Bankruptcy Court confirming

21 the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

22     1.28.   "Creditor" means any entity holding a Claim against Debtor.

23     1.29.   "Debtors" means, collectively, but not to the exclusion of each individually,

24 B. & J. Property Investments, Inc., as Debtor and Debtor-in-Possession in the B. & J.

25 Bankruptcy Case, and William John Berman, as Debtor-in-Possession in the Berman

26 Bankruptcy Case.

**Page 5 of 27** -   DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8, 2019) (AS MODIFIED AT CONFIRMATION)

**Tonkon Torp**LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1      1.30.  "Disclosure Statement" means Debtors' Disclosure Statement, as amended,

2   modified, restated, or supplemented from time to time, pertaining to the Plan.

3      1.31.  "Disputed Claim" means a Claim with respect to which a Proof of Claim has

4   been timely Filed or deemed timely Filed under applicable law, and as to which an objection,

5   timely Filed, has not been withdrawn on or before the Effective Date or any date fixed for

6   filing such objections by order of the Bankruptcy Court, and has not been denied by a Final

7   Order, and which Claim has not been estimated or temporarily allowed by the Bankruptcy

8   Court on timely motion by the holder of such Claim.  If an objection related to the allowance

9   of only a part of a Claim has been timely Filed or deemed timely Filed, such Claim shall be a

10  Disputed Claim only to the extent of the objection.

11     1.32.  "Effective Date" means the 11th day following the date the Confirmation

12  Order is entered.

13     1.33.  "Filed" means filed with the Bankruptcy Court in the Bankruptcy Cases.

14     1.34.  "Final Order" means an order or judgment entered on the docket by the Clerk

15  of the Bankruptcy Court or any other court exercising jurisdiction over the subject matter and

16  the parties that has not been reversed, stayed, modified, appealed, or amended and as to

17  which the time for filing a notice of appeal, or petition for certiorari, or request for certiorari,

18  or request for rehearing shall have expired.

19     1.35.  "Insider" shall have the meaning ascribed to it by Section 101(31) of the

20  Bankruptcy Code.

21     1.36.  "Interests" means all rights of the owners of the membership interests of

22  Debtor.

23     1.37.  "Net Proceeds" means the funds available to distribute to Allowed Claims

24  after payment of all costs of sale, and liquidation of Debtor's Real Property and remaining

25  assets, including, but not limited to, after reduction for any and all fees and liquidation

26  expenses incurred or to be incurred with respect to the wind-down and closing of B & J's

**Page 6 of 27 -**   DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8,
                      2019) (AS MODIFIED AT CONFIRMATION)

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

business and closing of any sale(s), payments of any and all prior liens and encumbrances, and payment of any and all taxes, fees, and expenses of any kind, including legal and accounting fees, related to the sale, the closing down, and the winding up of B & J's business and liquidation of assets.

1.38. "Other Priority Claim" means any Claim for an amount entitled to priority in right of payment under Section 507(a)(3), (4), (5), (6), or (7) of the Bankruptcy Code.

1.39. "Plan" means this Amended Joint Plan of Reorganization, as amended, modified, restated, or supplemented from time to time.

1.40. "Priority Tax Claim" means a Claim of a governmental unit of the kind entitled to priority under Section 507(a)(8) of the Bankruptcy Code or that would otherwise be entitled to priority but for the secured status of the Claim.

1.41. "Reorganized B. & J." means B. & J. from and after the Effective Date.

1.42. "Reorganized Berman" means Berman from and after the Effective Date.

1.43. "Reorganized Debtors" means both Debtors from and after the Effective Date.

1.44. "Restated Articles of Incorporation" means the restated articles of organization and restated operating agreement ("Organizational Documents") of B. & J., which shall modify and amend Debtor's Organizational Documents to prohibit the issuance of non-voting equity securities to the extent required by Section 1123(a)(6) of the Bankruptcy Code, and make such other changes as Reorganized B. & J. may deem necessary or appropriate to carry out the purpose and intent of the Plan.

1.45. "Schedules" means the Schedules of Assets and Liabilities and the Statement of Financial Affairs Filed by Debtors pursuant to Section 521 of the Bankruptcy Code, as amended, modified, restated, or supplemented from time to time.

1.46. "Secured Claim" means any Claim against either Debtor held by any entity, including, without limitation, an Affiliate or judgment creditor of Debtors, to the extent such

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Claim constitutes an unavoidable secured Claim under Sections 506(a) or 1111(b) of the Bankruptcy Code.

1.47. "Quicken Loans" means Quicken Loans, Inc.

1.48. "Quicken Loan Documents" means the loan documents entered into by and between Quicken Loans and Berman, including:

      (a)      Promissory Note dated October 20, 2016, between William J. Berman and Debra L. Berman (borrowers) and Quicken Loans, Inc. (lender); and

      (b)      Deed of Trust dated October 20, 2016, between William J. Berman and Debra L. Berman, husband and wife (grantors), First American Title (trustee), and Quicken Loans, Inc. (lender).

1.49. "Real Property" means the real property located at 4490 Silverton Road NE, Salem, Oregon 97305, including any and all improvements located thereon, all easements, all water rights, and all other rights of every nature appurtenant to such real property.

1.50. "Unsecured Claim" means an unsecured Claim that is not an Administrative Claim, a Secured Claim, a Tax Claim, or an Other Priority Claim.

1.51. "Unsecured Creditor" means a holder of an Allowable Unsecured Claim.

1.52. "Utility Deposits" means post-petition deposits with utilities made by Debtors pursuant to Section 366(b) of the Bankruptcy Code.

## ARTICLE 2

## UNCLASSIFIED CLAIMS

2.1. Administrative Expense Claims. Each holder of an Allowed Administrative Expense Claim shall be paid by Debtors in full in Cash on the later of (a) the Effective Date; or (b) the date on which such Claim becomes Allowed, unless such holder shall agree in writing to a different treatment of such Claim (including, without limitation, any different treatment that may be provided for in any documentation, statute, or regulation governing such Claim); provided, however, that Administrative Expense Claims representing

**Page 8 of 27** - DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8, 2019) (AS MODIFIED AT CONFIRMATION)

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

obligations incurred in the ordinary course of business by Debtors during the Bankruptcy Case shall be paid by Debtors or Reorganized Debtors in the ordinary course of business and in accordance with any terms and conditions of the particular transaction, and any agreements relating thereto.

2.2. Priority Tax Claims. Each holder of an Allowed Priority Tax Claim shall be paid by Debtors the full amount of its Allowed Priority Tax Claim as allowed by 11 U.S.C. § 1129(a)(9)(C) and (D) within 30 days following the Effective Date or the date the claim is Allowed, whichever first occurs.

2.3. Other Priority Claims. Each holder of an Other Priority Claim shall be paid in full in cash the amount of its Allowed Claim on the latest to occur of (a) the Effective Date; (b) the date such claim becomes an Allowed Claim; or (c) the date such claim becomes due and owing, unless such holder shall agree in writing, or has agreed, to a different treatment of such Claim (including, without limitation, any different treatment that may be provided for in any documentation, agreement, contract, statute, law, or regulation creating and governing such Claim).

2.4. Bankruptcy Fees. Fees payable by Debtors under 28 U.S.C. § 1930, or to the Clerk of the Bankruptcy Court, will be paid in full in Cash on the Effective Date. All quarterly fees due to the United States Trustee pursuant to 28 USC § 1930(a), including fees due for any partial quarter, accruing after the Effective Date shall be paid by the Reorganized Debtors as and when they become due and will be based on the Reorganized Debtors' total disbursements, including ordinary course of business disbursements as well as disbursements made to Claimants under this Plan. Such fee obligations will not terminate until this Case is converted or dismissed, or until this Case is no longer pending upon entry of a Final Order closing this Case, whichever first occurs, and all United States Trustee fees, including any such fees accrued in any partial quarter, shall be paid as a condition precedent prior to entry of an order closing the case. After the Effective Date, the Reorganized Debtors shall file

**Tonkon Torp**LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

with the Court a post-confirmation monthly financial report for each month, or portion

thereof, that the case is open or during any period of time that the case is reopened. The

monthly financial report shall include a statement of all disbursements made during the

course of the month, whether or not pursuant to the Plan. All United States Trustee fees,

including any such fees accrued in any partial quarter, shall also be paid as a condition

precedent prior to entry of a Final Decree.

## ARTICLE 3

## CLASSIFICATION

For purposes of this Plan, Claims and Interests are classified as provided below. A

Claim is classified in a particular Class only to the extent such Claim qualifies within the

description of such Class, and is classified in a different Class to the extent such Claim

qualifies within the description of such different Class.

3.1.    Class 1 – Columbia's Secured Claim Against B. & J.  Class 1 consists of the

Allowed Secured Claim of Columbia.

3.2.    Class 2 – Columbia's Unsecured Guaranty Claim Against Berman.  Class 2

consists of the Allowed Unsecured Claim of Columbia against Berman pursuant to the

Berman Guaranty.

3.3.    Class 3 – Quicken Loans' Secured Claim Against Berman.  Class 3 consists of

the Allowed Secured Claim of Quicken Loans.

3.4.    Class 4 – General Unsecured Claims Against B. & J.  Class 4 consists of all

Allowed Unsecured Claims against B. & J. other than Administrative Expense Claims,

Priority Tax Claims, and Class 6 Claims.

3.5.    Class 5 – General Unsecured Claims Against Berman.  Class 5 consists of all

Allowed Unsecured Claims against Berman, other than Administrative Expense Claims,

Priority Tax Claims, and Class 7 Claims.

Page 10 of 27 -  DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8,
2019) (AS MODIFIED AT CONFIRMATION)

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

EXHIBIT A
PAGE 12 OF 32

Case 19-60138-pcm11    Doc 282    Filed 01/23/20

3.6.   Class 6 – Class Action Claims Against B. & J.  Class 6 consists of the
Allowed Claims of the Class Action Plaintiffs against B. & J.

3.7.   Class 7 – Class Action Claims Against Berman.  Class 7 consists of the
Allowed Unsecured Claims of the Class Action Plaintiffs against Berman.

3.8.   Class 8 – Interests of B. & J.  Class 8 consists of the Interests of the holders of
B. & J.'s common stock.

3.9.   Class 9 – Berman's Interests in Berman Bankruptcy Case Estate.  Class 9
consists of Berman's interest in property of the estate of the Berman Bankruptcy Case.

## ARTICLE 4

## TREATMENT OF UNIMPAIRED CLASSES

4.1.   All Classes of Claims against B. & J. are impaired under the Plan.

4.2.   All Classes of Claims against Berman are impaired, with the exception of the
Class 3 Claim of Quicken Loans.  Class 3 is unimpaired, and Berman shall pay the Class 3
Claim in accordance with the Quicken Loan Documents.

## ARTICLE 5

## TREATMENT OF IMPAIRED CLASSES

5.1.   Class 1 (Columbia's Secured Claim Against B. & J.).  Columbia's Class 1
Claim will be satisfied in full, together with interest at the non-default fixed Loan rate of
5.02%, on the same terms and payments as set forth in the Columbia Loan Documents, which
will remain in effect, except as stated below:

- The Commercial Loan Agreement shall be amended as follows:  Section 3,
  the first sentence shall be deleted so that the loan will not be payable on
  demand but will still be payable no later than September 20, 2025.
  Section 6.D., Compliance with Laws, will not be read to cause a default based
  on the allegations in the Class Action Case.  Section 8.A. shall be amended to
  add the following at the end of the section:  "Notwithstanding the foregoing,

**Page 11 of 27** -  DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8,
2019) (AS MODIFIED AT CONFIRMATION)

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1    this note shall not be accelerated as a result of my filing of a bankruptcy

2    petition on January 12, 2019, commencing Bankruptcy Case Number

3    19-60138-pcm11."

4        • The Columbia Note shall be amended as follows:  Section 3.A., Interest After

5          Default, shall not apply based on the filing of the Bankruptcy Case, but will

6          remain in effect to the extent of any future defaults.  Section 7 shall delete

7          reference to payment on demand.  Section 12, Due on Sale or Encumbrance,

8          shall be deleted and replaced with the following:

9              You may, at your option, declare the entire balance of
10             this Note to be immediately due and payable upon the
               creation of any lien, encumbrance, transfer, or sale of
11             all or any part of the Property.  Notwithstanding the
               foregoing, you may not declare the entire balance of
12             this Note to be immediately due and payable because of
               the judgment lien arising from the case entitled *Loren*
13             *Hathaway, et al. v. B. & J. Property Investments, Inc.,*
               *et al.*, Marion County Case No. 13C14321, provided
14             that I must seek to avoid such judgment lien.  This right
               is subject to the restrictions imposed by federal law, as
15             applicable.

16       • The Deed of Trust is revised as necessary to be consistent with the above

17         changes to the Commercial Loan Agreement and the Columbia Note.

18       • The Columbia Loan Documents are deemed revised to the extent necessary so

19         Reorganized Debtors are not in default as of the Petition Date and shall not be

20         in default based on any terms set forth in the Plan or Confirmation Order.

21       5.2.    Class 2 (Columbia's Unsecured Guaranty Claim Against Berman).  The

22   Berman Guaranty will remain in full force and effect and will be an obligation of

23   Reorganized Berman.  For Columbia's Class 2 Claim, any default that exists under the

24   Columbia Guaranties shall be deemed cured or waived as of the Effective Date.  Columbia's

25   Class 2 Claim will be satisfied in full, together with interest at the non-default fixed Loan

26

**Page 12 of 27** -  DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8,
          2019) (AS MODIFIED AT CONFIRMATION)

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

EXHIBIT A
PAGE 14 OF 32

Case 19-60138-pcm11    Doc 282    Filed 01/23/20

rate of 5.02%—the same terms and payments as set forth in the Columbia Loan Documents, which will remain in effect except as stated below:

- Each of the Columbia Loan Documents are amended as set forth in Section 5.1 above

- The following language shall be added to the end of paragraph 5 in each of the Columbia Guaranties:

> Notwithstanding the foregoing, the maturity of the Debt shall not be accelerated as a result of Borrower's filing of a bankruptcy petition on January 12, 2019, commencing Bankruptcy Case Number 19-60138-pcm11.

5.3. <u>Intentionally Omitted</u>

5.4. <u>Class 4 (General Unsecured Claims Against B. & J.)</u>. Class 4 consists of all Allowed Unsecured Claims against B. & J. that are not otherwise classified in the Plan. Each holder of a Class 4 Claim shall be paid in full, together with interest at the federal judgment rate (fixed at the rate in effect on the Effective Date) from and after the Effective Date, as follows: (a) commencing on the first day of the first full month following the Effective Date, General Unsecured Creditors will be paid monthly payments of interest only, at the federal judgment rate, for 24 months; and (b) commencing on the first day of the 25th month following the Effective Date, General Unsecured Creditors will be paid the full balance of their claims in equal amortizing monthly payments, including principal and interest at the federal judgment rate, for the next 36 months; provided, however, that if the appeal of the Class Action Case is not successful and funds are due and owing to the Class 6 Claimants under a Final Order, then payments made to Class 4 Claims up to that point will be recharacterized as payments of principal only and Class 4 Claims shall share pro rata in the liquidation of assets described in Class 6 below on a pari passu basis with Class 6 Unsecured Claims, with no further payments being made to Class 4 Claims until such time as payments

**Page 13 of 27** - DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8, 2019) (AS MODIFIED AT CONFIRMATION)

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1 to Class 6 Unsecured Claims have caught up and are on par with the percentage previously

2 received by Class 4 Claims.

3      5.5.    <u>Class 5 (General Unsecured Claims Against Berman)</u>.  Class 5 consists of all

4 Allowed Unsecured Claims against Berman not otherwise classified in the Plan.

5      Within 60 days after the later of (a) B. & J. completing payments to Class 4 Claims;

6 or (b) B. & J. exhausting all of its options for paying Class 6 Claims, Reorganized Berman

7 shall pay the remaining balance of any Class 5 Claim from the amount available in the

8 Berman Unsecured Claims Fund.  In the event the Berman Unsecured Claims Fund is

9 insufficient to pay the remaining Class 5 Claims in full, Class 5 Claims shall receive their

10 pro rata share of the Berman Unsecured Claims Fund.  Each Class 5 Creditor's pro rata share

11 of the Berman Unsecured Claims Fund shall be determined by dividing the amount of the

12 creditor's remaining claim by the total amount of all remaining Class 5 and Class 7 Claims.

13 Payments from the Berman Unsecured Claims Fund shall be made annually until

14 Reorganized Berman's obligation to pay into the Berman Unsecured Claims Fund has been

15 satisfied as set forth in Section 7.7. below and all such funds have been distributed under this

16 Plan.

17      5.6.    <u>Class 6 (Class Action Claims Against B. & J.)</u>.  Class 6 consists of the

18 Allowed Class Action Claims against B. & J. of Creditors entitled to payment resulting from

19 the Class Action Case.  To the extent the Class 6 Class Action Claims are partially or fully

20 Allowed Secured Claims, they will be paid the allowed amount of their Secured Claim in full

21 with interest, if applicable, at the prime rate of interest (fixed at the rate in effect on the

22 Effective Date) plus 2% from and after the Effective Date, or at such other rate fixed by the

23 Court at confirmation, until paid as described below.  To the extent the Allowed Class Action

24 Claims are Allowed Unsecured Claims or to the extent the value of any Collateral valued as

25 of the B. & J. Petition Date is insufficient to pay Allowed Secured Claims, then the

26 deficiency amount shall be treated as an Unsecured Claim, which Allowed Unsecured Claims

**Page 14 of 27** -  DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8,
           2019) (AS MODIFIED AT CONFIRMATION)

**Tonkon Torp**LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1  of Class Action Claimants shall be paid with interest, if applicable, at the federal judgment

2  rate (fixed at the rate in effect on the Effective Date) from and after the Effective Date until

3  paid as described below.

4          Upon entry of a Final Order on the Class Action Claims, Reorganized B. & J.

5  will pay Allowed Class Action Claims, whether Secured or Unsecured, within

6  12 months after any order entered in the Class Action Case becomes a Final

7  Order.  To the Extent Reorganized B. & J. does not have sufficient funds to

8  pay the Allowed Class 6 Claims from available cash, then Reorganized

9  B. & J. shall first seek to pursue the malpractice claims against Saalfeld

10  Griggs in order to recover the full amounts owing to the Class Action Claims.

11  If recovery against Saalfeld Griggs is not successful, then Reorganized B. & J.

12  will seek to refinance the Real Property to generate Net Proceeds in a

13  sufficient amount to pay the Allowed Class 6 Claims.  If Reorganized B. & J.

14  is unable to refinance the Real Property, then Reorganized B. & J. shall

15  proceed to sell the Real Property and liquidate all its remaining assets, with

16  the Net Proceeds from the Real Property to be paid first in full satisfaction of

17  the Allowed Class 6 Secured Claims and thereafter to the Allowed Class 4 and

18  Class 6 Unsecured Claims.  If the Net Proceeds are insufficient to pay

19  Allowed Unsecured Claims in full, then each Unsecured Claimant shall be

20  paid its pro rata share of the amount owed to all Allowed Class 4 and 6

21  Unsecured Claims.  Proceeds from the malpractice claims against Saalfeld

22  Griggs, Net Proceeds of the refinancing, or Net Proceeds from the sale of the

23  Real Property and liquidation of assets shall first be paid to the Class 6

24  Unsecured Claims until such payments equal the same percentage that Class 4

25  Claims have received to date, and thereafter Class 4 and Class 6 Unsecured

26  Claims shall be paid from available funds on a pro rata basis.

**Page 15 of 27** -  DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8, 2019) (AS MODIFIED AT CONFIRMATION)

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

5.7.    Class 7 (Class Action Claims Against Berman).  Class 7 consists of the Allowed Class Action Claims against Berman of Creditors entitled to payment resulting from the Class Action Case.

Within 60 days after B. & J. has exhausted all of its options for paying Class 6 Claims pursuant to Section 5.6. above, Reorganized Berman shall pay the remaining balance of any Class 7 Claim.  In the event the Berman Unsecured Claims Fund is insufficient to pay the remaining Class 7 Claims in full, Class 7 Claims shall receive their pro rata share of the Berman Unsecured Claims Fund.  Each Class 7 Creditor's pro rata share of the Berman Unsecured Claims Fund shall be determined by dividing the amount of the creditor's remaining claim by the total amount of all remaining Class 5 and Class 7 claims.  Payments from the Berman Unsecured Claims Fund shall be made annually until Reorganized Berman's obligation to pay into the Berman Unsecured Claims Fund has been satisfied as set forth in Section 7.7.  below and all such funds have been distributed under this Plan.

5.8.    Class 8 (Interests in B. & J.).  Class 8 Interests will retain their interest in B. & J. to the extent there are sufficient funds to pay Allowed Claims in full, but such Interests will be extinguished if there are insufficient funds upon a liquidation.

5.9.    Class 9 (Berman's Interests).  The Class 9 interest holder is Berman, who shall retain his interests in property of the bankruptcy estate of the Berman Bankruptcy Case.

**ARTICLE 6**

**DISPUTED CLAIMS; OBJECTIONS TO CLAIMS**

6.1.    Disputed Claims; Objections to Claims.  Only Claims that are Allowed shall be entitled to distributions under the Plan.  Debtors reserve the right to contest and object to any Claims and previously Scheduled Amounts, including, without limitation, those Claims and Scheduled Amounts that are specifically referenced herein, are not listed in the Schedules, are listed therein as disputed, contingent, and/or unliquidated in amount, or are listed therein at a different amount than Debtors currently believe is validly due and owing.

**Page 16 of 27** - DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8, 2019) (AS MODIFIED AT CONFIRMATION)

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

EXHIBIT A
PAGE 18 OF 32

Case 19-60138-pcm11    Doc 282    Filed 01/23/20

Unless otherwise ordered by the Bankruptcy Court, all objections to Claims and Scheduled Amounts (other than Administrative Expense Claims) shall be Filed and served upon counsel for Debtors and the holder of the Claim objected to on or before the later of (a) 30 days after the Effective Date, or (b) 60 days after the date (if any) on which a Proof of Claim is Filed in respect of a Rejection Claim. The last day for filing objections to Administrative Expense Claims shall be set pursuant to an order of the Bankruptcy Court. All Disputed Claims shall be resolved by the Bankruptcy Court, except to the extent that (a) Debtors may otherwise elect consistent with the Plan and the Bankruptcy Code, or (b) the Bankruptcy Court may otherwise order.

### ARTICLE 7

### IMPLEMENTATION OF THE PLAN

7.1.    <u>Executory Contracts and Unexpired Leases</u>.  Except as may otherwise be provided, all executory contracts and unexpired leases of Debtors that are not otherwise subject to a prior Bankruptcy Court order or pending motion before the Bankruptcy Court are assumed by and assigned to each respective Reorganized Debtor on the Effective Date.

7.2.    <u>Setoffs</u>.  Debtors may, but shall not be required to, set off against any Claim and the distributions to be made pursuant to the Plan in respect of such Claim, any claims of any nature whatsoever that Debtors may have against the holder of such Claim, but neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release of any such claim Debtors may have against such holder.

7.3.    <u>Corporate Action</u>.  Upon entry of the Confirmation Order by the Clerk of the Bankruptcy Court, all actions contemplated by the Plan shall be authorized and approved in all respects (subject to the provisions of the Plan), including, without limitation, the following:  (a) the adoption and filing with the Secretary of State of the State of Oregon the Restated Articles of Incorporation; and (b) the execution, delivery, and performance of all documents and agreements relating to the Plan and any of the foregoing.  On the Effective

**Page 17 of 27** -  DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8, 2019) (AS MODIFIED AT CONFIRMATION)

**Tonkon Torp**LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Date, Reorganized Berman and the appropriate officers of Reorganized B. & J. are authorized and directed to execute and deliver the agreements, documents, and instruments contemplated by the Plan and the Disclosure Statement in the name of, and on behalf of, the respective Reorganized Debtors. Both Reorganized Debtors may continue to act and make further amendments and elections as they may deem necessary or desirable.

7.4. <u>Saturday, Sunday, or Legal Holiday</u>. If any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

7.5. <u>Utility Deposit</u>. All utilities holding a Utility Deposit shall immediately after the Effective Date return or refund such Utility Deposit to Debtor.

7.6. <u>Event of Default; Remedy</u>. Any material failure by Reorganized Debtors to perform any term of this Plan, which failure continues for a period of 15 Business Days following receipt by Reorganized Debtors of written notice of such default from the holder of an Allowed Claim to whom performance is due, shall constitute an Event of Default. Upon the occurrence of an Event of Default, the holder of an Allowed Claim to whom performance is due shall have all rights and remedies granted by law, this Plan, or any agreement between the holder of such Claim and Debtors or Reorganized Debtors. An Event of Default with respect to one Claim shall not be an Event of Default with respect to any other Claim.

7.7. <u>Berman Unsecured Claims Fund</u>. Within 30 days after the Effective Date, Reorganized Berman shall open a depository account (the "Berman Unsecured Claims Fund") into which he shall make deposits in the amount of $1,735 per month through September of 2020. Beginning in October of 2020, Berman shall make deposits to the Berman Unsecured Claims Fund in the amount of $492 per month. Berman shall continue making such deposits until the 60th month following the Effective Date, or to another date as

**Tonkon Torp**LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1  the Bankruptcy Court may determine.[1]  Berman shall make such deposits from his earnings

2  operating B. & J.  Additionally, for the 5-year period following the Effective Date, Berman

3  shall deposit into the Berman Unsecured Claims Fund all after-tax (1) salary or (2) other

4  distributions he receives from William Lloyd Developments, Inc. ("Lloyd"). Berman will not

5  take any action to defer any compensation due to him from Lloyd, and will be compensated

6  from Lloyd in the same manner and frequency that he was paid prior to the Petition Date,

7  recognizing that Berman is not paid a regular salary, but is only paid based on work

8  performed.  In the event that B. & J.'s property is liquidated, Berman will obtain new

9  employment to make the payments described in this Section.

10       Except to make distributions under this Plan, Reorganized Berman shall not use the

11  funds deposited in the Berman Unsecured Claims Fund until all claims entitled to payment

12  from the Berman Unsecured Claims Fund are paid in full.  At Reorganized Berman's option,

13  he can make extra payments into the Berman Unsecured Claims Fund if he has excess funds

14  available to him.  To the extent extra payments are made into the Berman Unsecured Claims

15  Fund, it shall reduce the amount Reorganized Berman is obligated to pay for the next

16  scheduled payment(s).  Additionally, Reorganized Berman shall make efforts to collect the

17  $107,690.33 owed to him in relation to William Lloyd Investments, and Reorganized

18  Berman shall contribute all amounts collected to the Berman Unsecured Claims Fund.

19       Once Reorganized Berman has deposited the total amount of $160,000 into the

20  Berman Unsecured Claims Fund, his obligation to pay such deposits shall be fully satisfied,

21  and no additional payments shall be required.  However, notwithstanding the foregoing,

22  Berman will make an additional contribution to the Berman Unsecured Claims fund if the

23  Absolute Priority Rule applies to his Plan.  The Absolute Priority Rule will apply in the event

24

25  _____

26  [1] The $1,000 monthly deposit amount is Reorganized Berman's "projected disposable income" as defined in 11 U.S.C. § 1325(b)(2).  See Exhibit 3 to the Disclosure Statement.

**Tonkon Torp**LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

that all of the following occur: (a) Debtors are unsuccessful on their appeal, (b) the Class

Action Creditors do not accept the Plan, (c) the Class Action Claims are not fully paid by

B. & J., and (d) the remainder of the Class Action Claims are not paid in full from the

Berman Unsecured Claims Fund.  In the event the Absolute Priority Rule applies, Berman

shall obtain a loan from family or from a financial institution to make a contribution to the

Berman Unsecured Claims Fund in the amount of $98,000, or the amount needed to pay the

remaining balance of the Class Action Claims, whichever is less.

   7.8. Debtors shall obtain an agreement from Lloyd to the effect that the debt(s)

owed to B&J and any other creditors shall be paid current prior to making profit

distributions/dividends to Lloyd's shareholders.  Notwithstanding the foregoing, Lloyd may

continue paying employees, including shareholders, for work performed.

   7.9. Berman shall report to the Class Action Claimants, at least annually, that he is

in compliance with his obligations to make deposits to the Berman Unsecured Claims Fund

as required by the Plan.

**ARTICLE 8**

**EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

   8.1. <u>Assumption</u>.  Except as may otherwise be provided, all executory contracts

and unexpired leases of Debtors that are not otherwise subject to a prior Bankruptcy Court

order or pending motion before the Bankruptcy Court, are assumed by and assigned to

Reorganized Debtors on the Effective Date.  The Confirmation Order shall constitute an

order authorizing assumption and assignment of all executory contracts and unexpired leases

except those otherwise specifically rejected or otherwise provided for or subject to other

Court Order or pending motion.  Reorganized Debtors shall promptly pay all amounts

required under Section 365 of the Bankruptcy Code to cure any defaults and assume the

executory contracts.

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

8.2.    Rejection Claims.  Rejection Claims must be Filed no later than 30 days after the entry of the order rejecting the executory contract or unexpired lease or 30 days after the Effective Date, whichever is sooner.  Any such Rejection Claim not Filed within such time shall be forever barred from assertion against Debtors, Reorganized Debtors, and their property and estates.  Each Rejection Claim resulting from such rejection shall constitute a Class 2 Claim.

# ARTICLE 9

# EFFECT OF CONFIRMATION

9.1.    Injunction.  The effect of confirmation shall be as set forth in Section 1141 of the Bankruptcy Code.  Except as otherwise provided in the Plan or the Confirmation Order, confirmation of the Plan shall act as a permanent injunction applicable to entities against (a) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against Reorganized Debtors that was or could have been commenced before the entry of the Confirmation Order; (b) the enforcement against either of the Reorganized Debtors or their assets of a judgment obtained before Reorganized Debtors' respective petition dates; and (c) any act to obtain possession of or to exercise control over, or to create, perfect, or enforce a lien upon all or any part of the assets.

9.2.    Discharge.  Except as otherwise expressly provided herein, confirmation of the Plan shall, as of the Effective Date, discharge all Claims to the fullest extent authorized or provided for by the Bankruptcy Code, including, without limitation, to the extent authorized or provided for by Sections 524 and 1141 thereof.

**Page 21 of 27** -  DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8, 2019) (AS MODIFIED AT CONFIRMATION)

**Tonkon Torp**LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

# ARTICLE 10

# RETENTION OF JURISDICTION

10.1.  Jurisdiction of the Bankruptcy Court.  Notwithstanding entry of the Confirmation Order, the Court shall retain jurisdiction of this Chapter 11 Case pursuant to and for the purposes set forth in Section 1127(b) of the Bankruptcy Code and to:

(a)  classify the Claim or interest of any Creditor or stockholder, reexamine Claims or Interests that have been owed for voting purposes, and determine any objections that may be Filed to Claims or Interests;

(b)  determine requests for payment of Claims entitled to priority under Section 507(a)(1) of the Bankruptcy Code, including compensation and reimbursement of expenses in favor of professionals employed at the expense of the Estates;

(c)  avoid liens, transfers, or obligations, or to subordinate Claims under Chapter 5 of the Bankruptcy Code;

(d)  approve the assumption, assignment, or rejection of an executory contract or an unexpired lease pursuant to this Plan;

(e)  resolve controversies and disputes regarding the interpretation of this Plan;

(f)  implement the provisions of this Plan and enter orders in aid of confirmation;

(g)  adjudicate adversary proceedings and contested matters pending or hereafter commenced in this Chapter 11 Case; and

(h)  enter a final decree closing this Chapter 11 proceeding.

10.2.  Failure of Bankruptcy Court to Exercise Jurisdiction.  If the Bankruptcy Court abstains from exercising or declines to exercise jurisdiction over any matter arising under, arising in, or related to the Chapter 11 Case, this Article shall not prohibit or limit the

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

exercise of jurisdiction by any other court having competent jurisdiction with respect to such subject matter.

## ARTICLE 11

## ADMINISTRATIVE PROVISIONS

11.1.    <u>Modification or Withdrawal of the Plan</u>.  Debtors may alter, amend, or modify the Plan pursuant to Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019 at any time prior to the time the Bankruptcy Court has signed the Confirmation Order.  After such time, and prior to substantial consummation of the Plan, Debtors may, so long as the treatment of holders of Claims and Interests under the Plan is not adversely affected, institute proceedings in Bankruptcy Court to remedy any defect or omission, or to reconcile any inconsistencies in the Plan, the Disclosure Statement, or the Confirmation Order, and any other matters as may be necessary to carry out the purposes and effects of the Plan; provided, however, that prior notice of such proceedings shall be served in accordance with Bankruptcy Rule 2002.

11.2.    <u>Revocation or Withdrawal of Plan</u>.  Debtors reserve the right to revoke or withdraw the Plan at any time prior to the Effective Date.

11.3.    <u>Effect of Withdrawal or Revocation</u>.  If Debtors revoke or withdraw the Plan prior to the Effective Date, then the Plan shall be deemed null and void.  In such event, nothing contained herein shall be deemed to constitute a waiver or release of any claims by or against Debtors or any other Entity or to prejudice in any manner the rights of Debtors or any Entity in any further proceeding involving Debtors.

11.4.    <u>Nonconsensual Confirmation</u>.  Debtors shall request that the Bankruptcy Court confirm the Plan pursuant to Section 1129(b) of the Bankruptcy Code if the requirements of all provisions of Section 1129(a) of the Bankruptcy Code, except Subsection 1129(a)(8), are met.

**Page 23 of 27** -  DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8, 2019) (AS MODIFIED AT CONFIRMATION)

**Tonkon Torp**LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

EXHIBIT A
PAGE 25 OF 32

Case 19-60138-pcm11    Doc 282    Filed 01/23/20

**ARTICLE 12**

**MISCELLANEOUS PROVISIONS**

12.1.   <u>Revesting</u>.  Except as otherwise expressly provided herein, on the Effective Date, all property and assets of the estate of each Debtor shall revest in each respective Reorganized Debtor, free and clear of all claims, liens, encumbrances, charges, and other Interests of Creditors arising on or before the Effective Date, and Reorganized Debtors may operate, from and after the Effective Date, free of any restrictions imposed by the Bankruptcy Code or the Bankruptcy Court.  For the avoidance of doubt, all liens, encumbrances, charges, and other interests of Columbia remain in full force and effect from and after the Effective Date.

12.2.   <u>Rights of Action</u>.  Except as otherwise expressly provided herein, any rights or causes of action (including, without limitation, any and all avoidance actions) accruing to Debtors shall remain assets of Reorganized Debtors.  Reorganized Debtors may pursue such rights of action, as appropriate, in accordance with what is in their best interests and for their benefit.

12.3.   <u>Governing Law</u>.  Except to the extent the Bankruptcy Code, the Bankruptcy Rules, or other federal laws are applicable, the laws of the State of Oregon shall govern the construction and implementation of the Plan and all rights and obligations arising under the Plan.

12.4.   <u>Withholding and Reporting Requirements</u>.  In connection with the Plan and all instruments issued in connection therewith and distributions thereon, Debtors and Reorganized Debtors shall comply with all withholding, reporting, certification, and information requirements imposed by any federal, state, local, or foreign taxing authorities and all distributions hereunder shall, to the extent applicable, be subject to any such withholding, reporting, certification, and information requirements.  Entities entitled to receive distributions hereunder shall, as a condition to receiving such distributions, provide

**Tonkon Torp**LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1   such information and take such steps as Reorganized Debtors may reasonably require to

2   ensure compliance with such withholding and reporting requirements, and to enable

3   Reorganized Debtors to obtain the certifications and information as may be necessary or

4   appropriate to satisfy the provisions of any tax law.

5       12.5.   <u>Time</u>.  Unless otherwise specified herein, in computing any period of time

6   prescribed or allowed by the Plan, the day of the act or event from which the designated

7   period begins to run shall not be included.  The last day of the period so computed shall be

8   included, unless it is not a Business Day, in which event the period runs until the end of the

9   next succeeding day that is a Business Day.

10      12.6.   <u>Addresses and Notices</u>.  If an Event of Default occurs, written notice of such

11  Default shall be provided at the addresses for notices set forth below:

12          <u>To B. & J.</u>                      B. & J. Property Investments, Inc.
                                                    c/o William J. Berman, President
13                                                  4490 Silverton Road NE
                                                    Salem, OR  97305
14

15          with a copy to:                         Timothy J. Conway
                                                    Tonkon Torp LLP
16                                                  888 SW Fifth Avenue, #1600
                                                    Portland, OR 97204

17          <u>To Berman</u>:                        William J. Berman
                                                    4490 Silverton Road NE
18                                                  Salem, OR  97305

19          with a copy to:                         Nicholas J. Henderson
                                                    Motschenbacher & Blattner LLP
20                                                  117 SW Taylor Street, #300
                                                    Portland, OR 97204
21

22      12.7.   <u>Section 1146(c) Exemption</u>.  Pursuant to Section 1146(c) of the Bankruptcy

23  Code, the issuance, transfer, or exchange of any security under the Plan, or the execution,

24  delivery, or recording of an instrument of transfer pursuant to, in implementation of, or as

25  contemplated by the Plan; or the revesting, transfer, or sale of any real property of Debtors or

26  Reorganized Debtors pursuant to, in implementation of, or as contemplated by the Plan, shall

**Page 25 of 27** -  DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8,
                2019) (AS MODIFIED AT CONFIRMATION)

**Tonkon Torp**LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

EXHIBIT A
PAGE 27 OF 32

not be taxed under any state or local law imposing a stamp tax, transfer tax, or similar tax or fee. Consistent with the foregoing, each recorder of deeds or similar official for any city, county, or governmental unit in which any instrument hereunder is to be recorded shall, pursuant to the Confirmation Order, be ordered and directed to accept such instrument without requiring the payment of any documentary stamp tax, deed stamps, transfer tax, intangible tax, or similar tax.

12.8.   <u>Severability</u>.  In the event any provision of the Plan is determined to be unenforceable, such determination shall not limit or affect the enforceability and operative effect of any other provisions of the Plan.  To the extent any provision of the Plan would, by its inclusion in the Plan, prevent or preclude the Bankruptcy Court from entering the Confirmation Order, the Bankruptcy Court, on the request of Debtors, may modify or amend such provision, in whole or in part, as necessary to cure any defect or remove any impediment to confirmation of the Plan existing by reason of such provision.

12.9.   <u>Binding Effect</u>.  The provisions of the Plan shall bind Debtors, Reorganized Debtors, and all holders of Claims and Interests, and their respective successors, heirs, and assigns.

12.10.   <u>Recordable Order</u>.  The Confirmation Order shall be deemed to be in recordable form and shall be accepted by any recording officer for filing and recording purposes without further or additional orders, certifications, or other supporting documents.

12.11.   <u>Plan Controls</u>.  In the event, and to the extent, that any provision of the Plan is inconsistent with the provisions of the Disclosure Statement or any other instrument or agreement contemplated to be executed pursuant to the Plan, the provisions of the Plan shall control and take precedence.

12.12.   <u>Effectuating Documents and Further Transactions</u>.  Debtors and Reorganized Debtors shall execute, deliver, file, or record such contracts, instruments, assignments, and

**Tonkon Torp**LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440



1 │ other agreements or documents, and take or direct such actions as may be necessary or

2 │ appropriate to effectuate and further evidence the terms and conditions of this Plan.

3 │      DATED this 8th day of October, 2019.

4 │                     Respectfully submitted,

5 │                     B. & J. PROPERTY INVESTMENTS, INC.

6 │

7 │                     By */s/ William J. Berman*
                       William J. Berman, President

8 │

9 │

10 │                     By */s/ William J. Berman*
                       William J. Berman, Personally

11 │ TONKON TORP LLP

12 │

13 │ By */s/ Timothy J. Conway*
     Timothy J. Conway, OSB No. 851752

14 │      Ava L. Schoen, OSB No. 044072
     Of Attorneys for Debtor

15 │

16 │ MOTSCHENBACHER & BLATTNER, LLP

17 │

18 │ By */s/ Nicholas J. Henderson*
     Nicholas J. Henderson, OSB No. 074027

19 │      Telephone:   (503) 417-0508
     Facsimile:    (503) 417-0528

20 │      Email:        nhenderson@portlaw.com
     Attorneys for William J. Berman

21 │

22 │

23 │

24 │

25 │

26 │

**Page 27 of 27** -  DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION (OCTOBER 8, 2019) (AS MODIFIED AT CONFIRMATION)

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

EXHIBIT A
PAGE 29 OF 32

Case 19-60138-pcm11   Doc 282   Filed 01/23/20

1  　　　　　　　　　　　　　　CERTIFICATE OF SERVICE

2  　　　　I hereby certify that the foregoing **DEBTORS' AMENDED JOINT PLAN**

3  **OF REORGANIZATION (October 8, 2019)** was served on the parties indicated as "ECF"
on the attached List of Interested Parties by electronic means through the Court's Case

4  Management/Electronic Case File system on the date set forth below.

5  　　　　In addition, the parties indicated as "Non-ECF" on the attached List of
Interested Parties were served by mailing a copy thereof in a sealed, first-class postage

6  prepaid envelope, addressed to each party's last-known address and depositing in the
U.S. mail at Portland, Oregon on the date set forth below.

7  　　　　DATED this 9th day of October, 2019.

8  　　　　　　　　　　　　　　TONKON TORP LLP

9

10 　　　　　　　　　　　By */s/ Timothy J. Conway*
　　　　　　　　　　　　　Timothy J. Conway, OSB No. 851752

11 　　　　　　　　　　　　　Ava L. Schoen, OSB No. 044072
　　　　　　　　　　　　　Attorneys for B. & J. Property Investments, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Page 1 of 1 -** CERTIFICATE OF SERVICE

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

EXHIBIT A
PAGE 30 OF 32

## CONSOLIDATED LIST OF INTERESTED PARTIES

*In re B. & J. Property Investments, Inc.*
U.S. Bankruptcy Court Case No. 19-60138-pcm11

*In re William J. Berman*
U.S. Bankruptcy Court Case No. 19-60230-pcm11

### ECF PARTICIPANTS

- TIMOTHY J CONWAY    tim.conway@tonkon.com, candace.duncan@tonkon.com, spencer.fisher@tonkon.com
- NICHOLAS J HENDERSON    nhenderson@portlaw.com, tsexton@portlaw.com; mperry@portlaw.com; hendersonnr86571@notify.bestcase.com
- KEITH D KARNES    kkarnes@keithkarnes.com, kkarnesnotices@gmail.com; patricia@keithkarnes.com; 9982680420@filings.docketbird.com ;r51870@notify.bestcase.com
- SHANNON R MARTINEZ    smartinez@sglaw.com, scurtis@sglaw.com
- ERICH M PAETSCH    epaetsch@sglaw.com, ktate@sglaw.com
- TERESA H PEARSON    teresa.pearson@millernash.com, MNGD-2823@millernash.com
- AVA L SCHOEN    ava.schoen@tonkon.com, leslie.hurd@tonkon.com
- TROY SEXTON    tsexton@portlaw.com, nhenderson@portlaw.com ,mperry@portlaw.com ,troy-sexton-4772@ecf.pacerpro.com
- TOBIAS TINGLEAF    toby@shermlaw.com, darlene@shermlaw.com
- US TRUSTEE, Eugene    USTPRegion18.EG.ECF@usdoj.gov

### NON-ECF PARTICIPANTS

**B. & J. TOP 20 UNSECURED CREDITORS**

Class Action Plaintiffs
c/o Brady Mertz
Brady Mertz PC
345 Lincoln St.
Salem, OR 97302

Portland General Electric
POB 4438
Portland, OR 97208

Judson's Plumbing
POB 12669
Salem, OR 97330

City of Salem
555 Liberty St. SE, Room 230
Salem, OR 97301

Comcast Business
POB 34744
Seattle, WA 98124-1744

Pacific Source
POB 7068
Springfield, OR 97475-0068

Pacific Sanitation
POB 17669
Salem, OR 97305

US Bank
POB 6352
Fargo, ND 58125-6352

Miller Paint
390 Lancaster Dr. NE
Salem, OR 97301

HotSuff Spas & Pool
1840 Lancaster Dr. NE
Salem, OR 97305

NW Natural Gas
POB 6017
Portland, OR 97228-6017

Chateau Locks
1820 47th Terrace East
Bradenton, FL 34203-3773

Century Link
Bankruptcy Dept.
600 New Century Parkway
New Century, KS 66031

Walter Nelson Company
1270 Commercial St. NE
Salem, OR 97301

Statesman Journal
340 Vista Ave. SE
Salem, OR 97302

Pacific Screening
POB 25582
Portland, OR 97298

DEX Media
Dex Media Attn: Client Care
1615 Bluff City Highway
Bristol, TN 37620

AllAmerican Insurance
POB 758554
Topeka, KS 66675-8554

US Bank
POB 6352
Fargo, ND 58125

Saalfeld Griggs PC
Attn: Hunter Emerick
Park Place, #200
250 Church St. SE
Salem, OR 97301

Susan Stoehr
24310 S Hwy 99E, Space G
Canby, OR 97013

Stephen Joye
Fischer, Hayes, et al.
3295 Triangle Dr SE #200
Salem, OR 97302

Nancy Wolf
2008 SE Sturdevant Rd
Toledo, OR 97391

**BERMAN SECURED CREDITOR**

Quicken Loans Inc.
635 Woodward Ave.
Detroit, MI 48226

**BERMAN TOP 20 UNSECURED CREDITORS**

Class Action Plaintiffs
c/o Brady Mertz
Brady Mertz PC
345 Lincoln St.
Salem, OR 97302

Saalfeld Griggs PC
Attn: Hunter Emerick
Park Place, #200
250 Church St. SE
Salem, OR 97301

EXHIBIT A
PAGE 31 OF 32

Heather Noble
4490 Silverton Rd NE #4
Salem, OR 97305-2060