**KEITH D. KARNES**, OSB No. 033521
keith@keithkarnes.com
Karnes Law Offices, PC
2701 12th St. NE
Salem, OR 97302
Tel: 503-385-8888
Fax: (503) 385-8899

**KEVIN J. RANK**, OSB No. 914034
kevinr@opusnet.com
Rank & Associates, PC
1265 Waller St SE
Salem OR 97302
Tel: 503-362-6068
Fax: 503-362-7095

**BRADY MERTZ,** OSB No. 970814
brady@bradymertz.com
Brady Mertz PC
345 Lincoln St SE
Salem OR 97302
Tel: 503-385-0121
Fax: 503-375-2218

**RICK KLINGBEIL,** OSB No. 933326
rick@klingbeil-law.com
Rick Klingbeil PC
1826 NE Broadway
Portland OR 97232
Tel: 503-473-8565

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

| | |
|---|---|
| IN RE:<br><br>B. & J. PROPERTY<br>INVESTEMENTS, INC.<br><br>               Debtor. | Case No. 19−60138-pcm11<br>**LEAD CASE**<br><br>**Jointly Administered with**<br>Case No. 19-60230-pcm11<br><br>MOTION OF CLAIMANTS FOR AN<br>ORDER DIRECTING CERTAIN<br>EXHIBITS TO REMAIN UNDER<br>SEAL |

1 – MOTION OF CLAIMANTS FOR AN ORDER DIRECTING CERTAIN EXHIBITS TO
REMAIN UNDER SEAL

IN RE:

WILLIAM JOHN BERMAN,

                                          Debtor.

The Hathaway Creditor Plaintiffs / Class Action Claimants (Hathaway Creditor Class"),
by and through their undersigned counsel, hereby move the Court for an entry of an Order
authorizing Movants to file under seal Exhibits 13, 14, 24, 25, and 26 in support of Supplement
to Bankruptcy Form 763 – Objection to Saafeld Griggs, PC's Claim for Attorney Fees and
Costs.

## **RELIEF REQUESTED**

Claimants seek an order directing Exhibits 13, 14, 24, 25, and 26 in support of
Supplement to Bankruptcy Form 763 – Objection to Saafeld Griggs, PC's Claim for Attorney
Fees and Costs to remain under seal and not be made available to anyone without the consent
of the Claimants except to: (a) the Court, and (b) the following parties on a confidential basis:
(i) U.S. Trustee, (ii) the parties to the Objection.

## **BASIS FOR RELIEF**

Movants seek to file Exhibits 13, 14, 24, 25, and 26 under seal because they are subject
to a protective order in a State Court matter. (Exhibit A).   The stipulated protective order was
adopted in the State Court proceeding as the parties agreed that good causes exists to protect
the confidential nature of the information contained in documents, responses to requests for
admission, or deposition testimony.  The protective order concerns the business and financial
operations, business and personal tax documents, and other summaries of financial condition.

2 – MOTION OF CLAIMANTS FOR AN ORDER DIRECTING CERTAIN EXHIBITS TO
REMAIN UNDER SEAL

The protective order also concerns personal and private information about the class representatives and class members.

## NOTICE

Notice of this Motion will be given to (a) the United States Trustee or the District of Oregon; (b) all parties in interest requesting notice in these cases pursuant to Bankruptcy Rule 2002.

WHEREFORE, after notice and a hearing if necessary and appropriate, Claimants respectfully request that the Court enter an Order permitting Claimants to file the above described exhibits under seal.

Dated: February 14, 2020.

/s/ Keith D. Karnes
Keith D. Karnes OSB # 033521
Attorney for Ad Hoc Group

3 – MOTION OF CLAIMANTS FOR AN ORDER DIRECTING CERTAIN EXHIBITS TO REMAIN UNDER SEAL

# CERTIFICATE OF SERVICE

I, Keith Karnes, certify that I served the forgoing document via ECF which will in turn serve:

TIMOTHY J CONWAY    tim.conway@tonkon.com, candace.duncan@tonkon.com;spencer.fisher@tonkon.com
NICHOLAS J HENDERSON    nhenderson@portlaw.com, tsexton@portlaw.com;mperry@portlaw.com;hendersonnr86571@notify.bestcase.com
SHANNON R MARTINEZ    smartinez@sglaw.com, scurtis@sglaw.com
ERICH M PAETSCH    epaetsch@sglaw.com, ktate@sglaw.com
TERESA H PEARSON    teresa.pearson@millernash.com, MNGD-2823@millernash.com
AVA L SCHOEN    ava.schoen@tonkon.com, leslie.hurd@tonkon.com
TOBIAS TINGLEAF    toby@shermlaw.com, darlene@shermlaw.com
US Trustee, Eugene    USTPRegion18.EG.ECF@usdoj.gov

And I further served the following via first class mail, postage prepaid, addressed to:

Susan Stoehr
24310 S Hwy 99E, Space G
Canby, OR 97013

Nancy Wolf
2008 SE Sturdevant Rd
Toledo, OR 97391

DATED:  February 14, 2020


/s/Keith D. Karnes
Keith D. Karnes, OSB No. 033521
Rank & Karnes Law, P.C.

4 – MOTION OF CLAIMANTS FOR AN ORDER DIRECTING CERTAIN EXHIBITS TO REMAIN UNDER SEAL



Verified Correct Copy of Original 5/20/2016

ENTERED
MAY 20 2016
Marion County Circuit Court

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| **LOREN HATHAWAY**, on behalf of himself and all others similarly situated within the state of Oregon; and **GENNISE HATHAWAY**, on behalf of herself and all others similarly situated within the state of Oregon,<br><br>        Plaintiffs,<br><br>    v.<br><br>**B. & J. PROPERTY INVESTMENTS, INC.**, an Oregon corporation doing business as **SALEM RV PARK; BETTER BUSINESS MANAGEMENT, INC.**, an Oregon corporation doing business as **SALEM RV PARK**, and **WILLIAM BERMAN**, an individual,<br><br>        Defendants. | CASE NO. 13C14321<br><br>REVISED STIPULATED PROTECTIVE ORDER |

One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information, and that are subject to protection under the Oregon Rules of Civil Procedure.

The parties agree that good cause exists to protect the confidential nature of the information contained in documents, responses to requests for admission, or deposition testimony. This action concerns Defendants' business and financial operations, and may require the production of business and personal tax documentation; business and personal balance sheets, profit and loss statements or other summaries of financial condition; business transactions related to real estate, and/or lending. This action may also concern personal and

PAGE - 1 – REVISED STIPULATED PROTECTIVE ORDER
4821-9656-1199, v. 4

SAALFELD GRIGGS℠
LAWYERS
PO BOX 470 SALEM OR 97308-0470 TEL: (503) 399-1070

13C14321
ORSS
Order – Stipulated
4951636

Verified Correct Copy of Original 5/20/2016

private information about the plaintiffs / class representatives and class members. The parties expect to exchange documents and information relating to these matters. The parties agree that the entry of this Revised Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

1.      All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" or "Attorneys' Eyes Only" shall be used only in this proceeding.

2.      Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

3.      The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. The party shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," if practical to do so.

4.      If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

PAGE - 2 – REVISED STIPULATED PROTECTIVE ORDER
4821-9656-1199, v. 4

Verified Correct Copy of Original 5/20/2016

CONFIDENTIAL

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.

*Or*

ATTORNEYS' EYES ONLY

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential" or "Attorneys' Eyes Only," that party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal.  If a non-designating party is filing a document that another party has designated as "Confidential" or "Attorneys' Eyes Only," then the non-designating party shall file the document under seal.  If the non-designating party makes a request in writing to have the document unsealed and designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document.  Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

PAGE - 3 – REVISED STIPULATED PROTECTIVE ORDER
4821-9656-1199, v. 4

Verified Correct Copy of Original 5/20/2016

5.    Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" or "Attorneys' Eyes Only" any portion of the transcript that the party or witness contends discloses confidential information.  If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 4.  Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

6.    "Confidential" or "Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above.  Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

7.    Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

    a.    Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

    b.    In-house counsel for the parties, and the administrative staff for each in-house counsel.

    c.    Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

PAGE - 4 – REVISED STIPULATED PROTECTIVE ORDER
4821-9656-1199, v. 4

**SAALFELD GRIGGS**
LAWYERS
PO BOX 470 SALEM OR 97308-0470 TEL: (503) 399-1070

Verified Correct Copy of Original 5/20/2016

d.      Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

e.      The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

f.      The authors and the original recipients of the documents.

g.      Any court reporter or videographer reporting a deposition.

h.      Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

8.      Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 7(a), 7(b), 7(d), 7(e), 7(g) and 7(h), unless additional persons are stipulated by counsel or authorized by the Court.

9.      Prior to being shown any documents produced by another party marked "Confidential" or "Attorneys' Eyes Only," any person listed under paragraph 7(c) or 7(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

10.     Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraphs 7 and 8, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

///

PAGE - 5 – REVISED STIPULATED PROTECTIVE ORDER
4821-9656-1199, v. 4

**SAALFELD GRIGGS**ₚ꜀
LAWYERS
PO BOX 470 SALEM OR 97308-0470 TEL: (503) 399-1070

Verified Correct Copy of Original 5/20/2016

11.     Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

12.     The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only." The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

13.     Designation by either party of information or documents as "Confidential" or "Attorneys' Eyes Only," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to

PAGE - 6 – REVISED STIPULATED PROTECTIVE ORDER
4821-9656-1199, v. 4

Verified Correct Copy of Original 5/20/2016_

1 | determine whether the Protective Order covers the information or documents in dispute, the

2 | fact that the other party designated or failed to designate information or documents as

3 | "Confidential" or "Attorneys' Eyes Only."

4 |       14.    Upon the request of the producing party or third party, within 30 days after the

5 | entry of a final judgment no longer subject to appeal on the merits of this case, or the execution

6 | of any agreement between the parties to resolve amicably and settle this case, the parties and

7 | any person authorized by this Protective Order to receive confidential information shall return

8 | to the producing party or third party, or destroy, all information and documents subject to this

9 | Protective Order. Returned materials shall be delivered in sealed envelopes marked

10 | "Confidential" to respective counsel. The party requesting the return of materials shall pay the

11 | reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a

12 | party may retain archival copies of confidential documents.

13 |       15.    This Protective Order shall not constitute a waiver of any party's or non- party's

14 | right to oppose any discovery request or object to the admissibility of any document, testimony

15 | or other information.

16 |       16.    Nothing in this Protective Order shall prejudice any party from seeking

17 | amendments to expand or restrict the rights of access to and use of confidential information, or

18 | other modifications, subject to order by the Court.

19 |       17.    The restrictions on disclosure and use of confidential information shall survive

20 | the conclusion of this action and this Court shall retain jurisdiction of this action after its

21 | conclusion for the purpose of enforcing the terms of this Protective Order.

22 |       It is so stipulated:

23 |

24 | Rick Klingbeil, OSB #933326              HUNTER B. EMERICK, OSB #841361
Email: rick@klingbeil-law.com           Email: hemerick@sglaw.com

25 | Fax: (503) 427-9001                      Fax: (503) 371-2927
*Of Attorneys for Plaintiffs*              *Of Attorneys for Defendants*

26 |

PAGE - 7 – REVISED STIPULATED PROTECTIVE ORDER
4821-9656-1199, v. 4

SAALFELD GRIGGS<sub>PC</sub>
LAWYERS
PO BOX 470 SALEM OR 97308-0470 TEL: (503) 399-1070

Case 19-60138-pcm11    Doc 288    Filed 02/14/20

Verified Correct Copy of Original 5/20/2016

1    The Court has reviewed the reasons offered in support of entry of this Stipulated

2    Protective Order and finds that there is good cause to protect the confidential nature of certain

3    information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

4    **IT IS SO ORDERED.**

5

6

7

8

9

10                                                                   

11                                                                   5/19/16

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PAGE - 8 – REVISED STIPULATED PROTECTIVE ORDER
4821-9656-1199, v. 4

SAALFELD GRIGGS ℗
LAWYERS
PO BOX 470 SALEM OR 97308-0470 TEL: (503) 399-1070

Exhibit A - Page 8 of 11
Case 19-60138-pcm11    Doc 288    Filed 02/14/20

Verified Correct Copy of Original 5/20/2016

EXHIBIT A

I, _____, have been advised by counsel of record for

_____ in _____

of the protective order governing the delivery, publication, and disclosure of confidential

documents and information produced in this litigation.  I have read a copy of the protective

order and agree to abide by its terms.


_____
Signed

_____
Printed Name

_____
Date

PAGE - 9 – REVISED STIPULATED PROTECTIVE ORDER
4821-9656-1199, v. 4

**SAALFELD GRIGGS**ᴾᶜ
LAWYERS
PO BOX 470 SALEM OR 97308-0470  TEL: (503) 399-1070

Verified Correct Copy of Original 5/20/2016

1

<strong>CERTIFICATE OF READINESS</strong>

2  I hereby certify, pursuant to UTCR 5.100 as of the 13th day    of    May, 2016, that:

3  All service requirements for service of the proposed Order or Judgment were satisfied because:

4      ☑ The enclosed Order or Judgment is stipulated to and no objection exists to the Judgment or Order;

5

6  The proposed Order is ready for judicial signature because:

7      ☑ Each opposing party affected by this Order or Judgment has stipulated to the Order or Judgment, as shown by each opposing party's signature on the document being submitted.

8

9                 **SAALFELD GRIGGS PC**

10                 By

11                      s/ Hunter B. Emerick
                    Hunter B. Emerick, OSB No. 841361
                    Email: hemerick@sglaw.com

12                      Trial Attorney
                    Phone: (503) 399-1070

13                      Facsimile: (503) 371-2927
                    Of Attorneys for Defendants

14

15

16

17

18

19

20

21

22

23

24

25

26

PAGE - 10 – REVISED STIPULATED PROTECTIVE ORDER
4821-9656-1199, v. 4

<strong>SAALFELD GRIGGS</strong><sub>PC</sub>
LAWYERS
PO BOX 470 SALEM OR 97308-0470 TEL: (503) 399-1070

Verified Correct Copy of Original 5/20/2016

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on this 13th day   of May, 2016, I served **REVISED STIPULATED PROTECTIVE**
**ORDER** on:

3

Rick Klingbeil                                    Brooks F. Cooper
4   Rick Klingbeil PC                            Draneas & Huglin, P.C.
    2222 NE Oregon St., Suite 213        4949 Meadows Road, Suite 400
5   Portland, OR 97232                       Lake Oswego, OR 97035

6
    Brady Mertz
7   Brady Mertz PC
    345 Lincoln Street SE
8   Salem, OR 97302

9

10  ☑    by *mailing* a true and correct copy to the last known address of each person listed. It
11       was contained in a sealed envelope, with postage paid, addressed as stated above, and
         deposited with the US Postal Service in Salem, Oregon.
12
    ☑    by *emailing* a true and correct copy to the last known email address of each person
13       listed, with confirmation of delivery.

14                                            **SAALFELD GRIGGS PC**

15                                            By
                                                   s/ Hunter B. Emerick
16                                                HUNTER B. EMERICK, OSB NO. 841361
                                                  Email: hemerick@sglaw.com
17                                                Phone: (503) 399-1070
                                                  Facsimile: (503) 371-2927
18                                                Of Attorneys for Defendants

19

20

21

22

23

24

25

26
    PAGE - 11 – REVISED STIPULATED PROTECTIVE ORDER
    4821-9656-1199, v. 4

Case 19-60138-pcm11      Doc 288      Filed 02/14/20

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| IN RE:<br><br>WILLIAM JOHN BERMAN<br>                    Debtor.<br><br><br>IN RE:<br><br>WILLIAM JOHN BERMAN<br>                    Debtor. | Case No. 19−60138-pcm11<br>LEAD CASE<br><br>Jointly Administered with<br>Case No. 19-60230-pcm11<br><br>ORDER GRANTING MOTION OF<br>CLAIMANTS FOR AN ORDER<br>DIRECTING CERTAIN EXHIBITS TO<br>REMAIN UNDER SEAL |

This matter having come before the Court and the Court having reviewed the matter

on the motion;

IT IS HEREBY ORDERED that the Motion of Claimants for an Order Directing

Certain Exhibits to Remain Under Seal is GRANTED.


###

Submitted by: /s/ Keith D. Karnes
              Keith D. Karnes OSB # 033521
              Attorney for plaintiffs

1 – ORDER GRANTING MOTION OF CLAIMANTS FOR AN ORDER DIRECTING
CERTAIN EXHIBITS TO REMAIN UNDER SEAL