Timothy J. Conway, OSB No. 851752 (Lead Attorney)
　　Direct Dial: (503) 802-2027
　　Facsimile: (503) 972-3727
　　Email: tim.conway@tonkon.com
Ava L. Schoen, OSB No. 044072
　　Direct Dial: (503) 802-2143
　　Facsimile: (503) 972-3843
　　Email: ava.schoen@tonkon.com
TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, OR 97204-2099

Attorneys for Debtor B. & J. Property Investments, Inc.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>B. & J. Property Investments, Inc.<br><br>　　　　Debtor. | Case No. 19-60138-pcm11<br>**LEAD CASE**<br><br>Jointly Administered With<br>Case No. 19-60230-pcm11 |
| In re<br><br>William J. Berman,<br><br>　　　　Debtor. | **B. & J. PROPERTY INVESTMENTS, INC.'S OBJECTION TO MOTION AND MEMORANDUM FOR CLASS CERTIFICATION OF HATHAWAY CLASS ACTION CREDITORS** |

B. & J. Property Investments, Inc. ("B. & J." or "Debtor") objects to the Motion and Memorandum for Class Certification of *Hathaway* Class Action Creditors [ECF No. 284] (the "Motion") filed by the Ad Hoc Group of Class Plaintiffs (the "Hathaway Attorneys") and, in support of this objection, B. & J. states as follows:

**INTRODUCTION**

The Hathaway Attorneys have failed to follow the correct prerequisites to seeking class certification. First, a party must state the specific contested matter or adversary

**Page 1 of 11** - B. & J. PROPERTY INVESTMENTS, INC.'S OBJECTION TO MOTION AND MEMORANDUM FOR CLASS CERTIFICATION OF HATHAWAY CLASS ACTION CREDITORS

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-60138-pcm11    Doc 289    Filed 02/18/20

proceeding to which it wishes the motion to apply. Fed. R. Bankr. P. 9014. There is no general class action approval in bankruptcy court. Rather, the bankruptcy court determines the request on a case-by-case basis for each contested matter or adversary proceeding in which class certification is sought. Second, once a contested matter or adversary proceeding is identified, the court then weighs whether or not it will exercise its discretion under Bankruptcy Rule 9014 to apply Bankruptcy Rule 7023. Third, if, and only if, the court determines that it will exercise its discretion to apply Bankruptcy Rule 7023 to a contested matter should the court then proceed to analyze the FRCP 23 factors as to that particular matter. *In re TWL Corp.*, 712 F.3d 886, 892–93 (5th Cir. 2013). Given the nature of bankruptcy cases, the court may determine that it is appropriate to grant class action status in some contested matters or adversary proceedings and not in others. Each matter is determined independently.

Contrary to that process, the Hathaway Attorneys' Motion seeks blanket class certification for multiple, unspecified contested matters that do not currently exist. Bankruptcy Rule 9014, subject to the Court's discretion, expressly limits the application of Bankruptcy Rule 7023 (and, in turn, Rule 23) to "a particular matter." Here, however, the Hathaway Attorneys have identified no particular contested matter. To the extent the Hathaway Attorneys seek class certification, they must identify the particular contested matter and ask the Court to exercise its discretion as it relates to that particular contested matter. The Hathaway Attorneys fail to even reference Bankruptcy Rule 9014 at all or explain why the Court should exercise its discretion to apply Bankruptcy Rule 7023 to any contested matter. If the Hathaway Attorneys identify a particular contested matter for which they seek class certification, and to the extent the Court exercises its authority to apply Bankruptcy Rule 7023, Debtor reserves its right to conduct discovery and file briefing as to the elements of Rule 23 at that time. However, as of now the court must deny the Motion as

**Page 2 of 11** - B. & J. PROPERTY INVESTMENTS, INC.'S OBJECTION TO MOTION AND MEMORANDUM FOR CLASS CERTIFICATION OF HATHAWAY CLASS ACTION CREDITORS

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-60138-pcm11    Doc 289    Filed 02/18/20

it fails to identify a specific contested matter and fails to cite any supporting authority or discuss the relevant considerations.[1]

**BACKGROUND**

**I.     Bankruptcy Cases**

       1.      On January 17, 2019, B. & J. filed a voluntary petition for relief under Chapter 11 of Title 11 the United States Bankruptcy Code (the "B. & J. Case").

       2.      On January 28, 2019, Berman filed a voluntary petition for relief under Chapter 11 of Title 11 the United States Bankruptcy Code (the "Berman Case").

       3.      Pursuant to 11 U.S.C. §§ 1107 and 1108, prior to confirmation, Debtors continued to operate their businesses and manage their property as Debtors-in-Possession.

       4.      On June 28, 2019, the Court entered an Order Directing Joint Administration of Chapter 11 Cases, [ECF No. 74], procedurally consolidating and jointly administering the B. & J. Case and the Berman Case.

       5.      On January 18, 2019, B. & J. filed and served its Notice of Debtor's Intent to Reject Commercial Lease and Authorize Use and Operation of Property as RV Park and Self-Storage Facility [ECF No. 10] on all creditors and all parties as listed on the Court's records (the "Court Mailing Matrix"), <u>which included all 279 individuals</u> who received a General Judgment (the "Judgment Creditors") in the Marion County Circuit Court class action case, Case No. 13C14321 ("Marion County Case") against B. & J., Berman, and Better Business Management, Inc.

       6.      On January 22, 2019, the Court filed the Notice of Chapter 11 Bankruptcy Case [ECF No. 34], which set March 28, 2019 as the deadline for filing proofs of

---

[1] The Motion specifically identifies the nondischargeability adversary proceeding in *In re: Berman* as one potentially applicable matter.  However, if the Motion was intended to apply to that adversary proceeding, then it should have been filed there, not in the main case.

**Page 3 of 11** -   B. & J. PROPERTY INVESTMENTS, INC.'S OBJECTION TO MOTION AND
                     MEMORANDUM FOR CLASS CERTIFICATION OF HATHAWAY CLASS
                     ACTION CREDITORS

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-60138-pcm11    Doc 289    Filed 02/18/20

claim. The Court served the Notice on the Court Mailing Matrix, including each of the 279 individual Judgment Creditors, on January 24, 2019 [*see* Certificate of Notice, ECF No. 59].

7. On August 1, 2019, B. & J. served the Notice of Hearing on Proposed Chapter 11 Disclosure Statement [ECF No. 197] on the Court Mailing Matrix, which includes each of the 279 individual Judgment Creditors.

8. On October 25, 2019, B. & J. served the Order Approving Disclosure Statement and Fixing Time for Filing Acceptances or Rejections of the Plan; and Notice of Confirmation Hearing [ECF No. 251], along with a copy of Debtors' Amended Joint Disclosure Statement (October 8, 2019) [ECF No. 246], Debtors' Amended Joint Plan of Reorganization (October 8, 2019) [ECF No. 245], and a ballot, on the Court Mailing Matrix, which includes each of the 279 individual Judgment Creditors.

9. On January 21, 2020, the Court entered an Order Confirming Debtors' Amended Joint Plan of Reorganization (October 8, 2019) (as Modified at Confirmation) [ECF No. 280].

10. On February 20, 2020, Debtor will be serving the notice confirming Chapter 11 plan pursuant to LBF 1190 on the Court Mailing Matrix, which includes each of the 279 individual Judgment Creditors.

**II.     Hathaway Attorneys' Motion to Certify Class**

11. On January 28, 2020, the Hathaway Attorneys filed the Motion in the jointly administered main case. The Motion seeks to "proceed on a class-wide basis regarding all issues in this bankruptcy proceeding, including with regard to the *Nondischargeability Complaint* filed previously" and have the Hathaway Attorneys appointed class counsel for "all issues." Motion at 2. The Motion further states that "Bankruptcy Rule 7023 directs that [Rule 23] applies to class proceedings in an adversary case." *Id.* at 5.

Page 4 of 11 - B. & J. PROPERTY INVESTMENTS, INC.'S OBJECTION TO MOTION AND MEMORANDUM FOR CLASS CERTIFICATION OF HATHAWAY CLASS ACTION CREDITORS

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-60138-pcm11    Doc 289    Filed 02/18/20

12. The Motion fails to mention Bankruptcy Rule 9014 or discuss why the Court should apply Rule 23 to any and all future contested matters in either case.

13. The Motion also attempts to introduce declaratory evidence that is irrelevant (as well as false) to the issue before the Court.

**ARGUMENT**

Federal Rule of Civil Procedure 23 applies in bankruptcy proceedings in two ways: (a) either automatically in adversary proceedings or (b) at the discretion of the bankruptcy court in contested matters. FRBP 9014 (including Bankruptcy Rule 7023 in its list of discretionary rules that may apply in any "particular matter"); *In re Dynegy, Inc.*, 770 F.3d 1064, 1068 (2d Cir. 2014) (citing *Gentry v. Siegel*, 668 F.3d 83, 88 (4th Cir. 2012)). It is undisputed that Rule 7023 applies in adversary proceedings. However, the Motion was not filed in an adversary proceeding; it was filed in the jointly administered main case.

"All disputes in bankruptcy * * * are either adversary proceedings or contested matters." *In re Dynegy, Inc.*, 770 F.3d at 1069 (quoting *In re Am. Reserve Corp.*, 840 F.2d 487, 488 (7th Cir. 1988)). "An adversary proceeding must fall within one of the ten categories defined in Bankruptcy Rule 7001." As in *Dynegy*, the proceeding here "does not fit within one of those [ten] categories; therefore it must be a contested matter." *Id.*

Thus, the Court must follow a two-step process for applying FRCP 23 to a contested matter. *See In re TWL Corp.*, 712 F.3d 886, 892–93 (5th Cir. 2013); *In re Verity Health Sys. of California, Inc.*, No. 2:18-BK-20151-ER, 2019 WL 2903269, at *4 (Bankr. C.D. Cal. May 28, 2019). First, the Court must decide whether to exercise its discretion under Bankruptcy Rule 9014 and apply Bankruptcy Rule 7023 (and, in turn, Rule 23) to a contested matter. *See, e.g.*, *In re Dynegy*, 770 F.3d at 1069 (stating that when seeking class certification in a contested matter, the movant must seek to apply Federal Rule of Civil Procedure 23 through Bankruptcy Rule 7023 by filing a motion under Bankruptcy Rule 9014). Second, the Court must analyze the substantive Rule 23 factors to determine

**Page 5 of 11** -   B. & J. PROPERTY INVESTMENTS, INC.'S OBJECTION TO MOTION AND MEMORANDUM FOR CLASS CERTIFICATION OF HATHAWAY CLASS ACTION CREDITORS

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-60138-pcm11    Doc 289    Filed 02/18/20

whether a class should be certified. Here, the Hathaway Attorneys have identified no particular contested matter for the Court's consideration. In turn, the Court should deny the Motion at the first step because it has no contested matter before it such that it can decide whether to exercise its discretion under Bankruptcy Rule 9014 (before even reaching the traditional Rule 23 factors).

I. **Hathaway Attorneys' Attempt to Skip a Step Dooms the Motion**

"In a contested matter, the party seeking to rely on Rule 23 <u>must</u> file a motion under Rule 9014." *In re Dynegy*, 770 F.3d at 1069 (emphasis added); *Mortland v. Aughney*, No. C 11-00743 WHA, 2011 WL 2653515, at *1 (N.D. Cal. July 6, 2011) (holding bankruptcy court did not err in exercising its discretion not to apply Rule 7023 because the failure of appellants to move the bankruptcy court pursuant to Rule 9014 was dispositive). Failure to file such a motion or cite to the applicable bankruptcy rule is itself grounds for denying the Motion. *See In re Dynegy*, 770 F.3d at 1069 (purported class representative "did not follow these procedures and thus cannot assert a right to represent a class. His failure to initiate class proceedings in compliance with the proper bankruptcy procedures, despite having had more than two months to comply with the rules, rendered [him] unable to represent a class that had never been designated by the Bankruptcy Court, much less assume the role of representative of such an undesignated class"); *Reid v. White Motor Corp.*, 886 F.2d 1462 (6th Cir. 1989) (party who failed to timely petition the bankruptcy court to apply the provisions of Rule 9014 and Rule 7023 ignored a mandatory requirement essential to filing a class claim in bankruptcy court and could not receive class certification). *See also Mull v. Motion Picture Indus. Health Plan*, No. LA CV 12-06693-VBF, 2019 WL 6655389, at *1 (C.D. Cal. July 12, 2019) (failure to cite on-point local rule or demonstrate why the movant met the rule's standard enough to deny motion); *Holy Trinity Greek Orthodox Church v. Church Mut. Ins. Co.*, No. CV 04-1700-PHX-SMM, 2006 WL 8440615, at *2 (D. Ariz. Apr. 27, 2006) (same); Fed. R. Civ. P. 11(b)(2) ("By presenting to the court a

**Page 6 of 11** - B. & J. PROPERTY INVESTMENTS, INC.'S OBJECTION TO MOTION AND MEMORANDUM FOR CLASS CERTIFICATION OF HATHAWAY CLASS ACTION CREDITORS

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-60138-pcm11    Doc 289    Filed 02/18/20

pleading, written motion, or other paper * * * an attorney * * * certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: * * * (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.").

The Hathaway Attorneys did not file a Rule 9014 Motion. Instead, they assumed (incorrectly) that this jointly administered main bankruptcy case is an adversary proceeding, and filed the Motion as if Rule 23 automatically applies. It does not, and the Court should stop its analysis here and deny the Motion.

## II. Hathaway Attorneys' Failure to Limit the Motion to a "Particular Matter" is Grounds for Denial

The Hathaway Attorneys do not cite any authority for certifying a class in an unknown number of unspecified contested matters at one time. To the contrary, Bankruptcy Rule 9014 provides that a court may apply Rule 7023 "<u>in a particular matter</u>;" not for an entire case. (Emphasis added.) Illustrating the plain meaning of the rule, when courts analyze whether to exercise their discretion and apply Bankruptcy Rule 7023, they do so one contested matter at a time. *See, e.g.*, *In re Dynegy*, 770 F.3d at 1069 (plan objection); *In re Verity Health*, 2019 WL 2903269, at *4 (prepetition claims process).

The Hathaway Attorneys have not articulated why they are seeking class certification in the main case as opposed to the adversary proceeding. Yet they seek blanket class certification "regarding all issues in this bankruptcy proceeding." Motion at 2.

To the extent the Hathaway Attorneys seek wholesale class certification at this late date for all future contested matters, such a request is not only at odds with Bankruptcy Rule 9014, but would create uncertainty and risks upheaving implementation and interpretation of the confirmed plan. For example, Debtors' confirmed plan does not treat any group of creditors as a certified class. Likewise, the plan sets out when an event of

Page 7 of 11 - B. & J. PROPERTY INVESTMENTS, INC.'S OBJECTION TO MOTION AND MEMORANDUM FOR CLASS CERTIFICATION OF HATHAWAY CLASS ACTION CREDITORS

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-60138-pcm11    Doc 289    Filed 02/18/20

default would occur with respect to any "Allowed Claim," and not with respect to a certified class. To the extent a class were certified at this time for every contested matter going forward, it would create uncertainty as to whether a default as to any individual Allowed Claim would trigger a default as to the entire certified class. The confirmed plan specifically states otherwise. [ECF No. 280 Plan at § 7.6.] To allow such a result after the plan has been confirmed would not only prejudice Debtors, but change the confirmed plan for all stakeholders.

Indeed, if the Court granted the relief sought by this Motion, the Hathaway Attorneys could interject on behalf of hundreds creditors in every future contested matter, large or small, no matter how tangentially interested they are in that matter. That absurd result must be avoided.

For another example, the Hathaway Attorneys may even be attempting an impermissible end-run around Debtors' discharge pursuant to the Plan and Section 1141(d)(1) of the Bankruptcy Code. If successful, this would undermine the protections afforded to Debtors and all of the creditors who timely asserted claims under the Bankruptcy Code, "by permitting those who missed the bar date * * * to interpose claims." *In re W.R. Grace & Co.*, 389 B.R. 373, 380 (Bankr. D. Del. 2008). Congress explicitly granted debtors a discharge of all debts through confirmation of a plan in Bankruptcy Code Section 1141(d)(1). *See* 11 U.S.C. §§ 524(a) and 1141 (discharging claims through the date of a confirmed plan). The discharge of debt is a fundamental benefit bestowed upon debtors by Congress. S*ee River City Bank v. Mathis (In re Mathis)*, 465 B.R. 325, 335 (Bankr. N.D. Ga. 2012) (noting that absent a discharge, a debtor is denied "the most fundamental benefit of filing a bankruptcy case."); *In re Brown*, 163 B.R. 596, 598 (Bankr. N.D. Fla. 1993) (stating that discharge is one of the "two key benefits" of bankruptcy). Allowing, without proper consideration, the Hathaway Attorneys to prosecute class prepetition claims, and perhaps even class administrative claims, would interfere with the uniform application of the

**Page 8 of 11** - B. & J. PROPERTY INVESTMENTS, INC.'S OBJECTION TO MOTION AND MEMORANDUM FOR CLASS CERTIFICATION OF HATHAWAY CLASS ACTION CREDITORS

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-60138-pcm11    Doc 289    Filed 02/18/20

bar dates by reinstating the discharged claims of purported class members who failed to assert claims within the time limits applicable to similarly situated creditors under the confirmed plan.

The Hathaway Attorneys should not be allowed to slide such a Trojan horse inside the walls of these bankruptcy cases. Rather than rush to conclude that the Hathaway Attorneys should represent an entire group of creditors for all purposes, the Court should take care and follow the bankruptcy rules' requirement to analyze whether to exercise its discretion to apply Bankruptcy Rule 7023 in each "particular matter" if and when the individual question is properly posed to the Court. Because the Motion lumps all future matters together—without citing to any authority for doing so—the Motion should be denied.

**III. Even if the Court Were to Apply the Test as to Whether Bankruptcy Rule 7023 Should Be Applied Here, the Motion Should be Denied**

If the Court does not reject the Motion for the reasons set forth above, it still must exercise its discretion as to <u>whether</u> to even apply Bankruptcy Rule 7023 here. In general, the appropriate inquiry in deciding whether to apply Bankruptcy Rule 7023 to a contested matter is whether class procedures are superior to non-class procedures with respect to the contested matter at issue. *In re Biery*, No. 10–23338, 2014 WL 1431947, at *6 (E.D. KY April 14, 2014). Here, it is impossible to know whether applying Bankruptcy Rule 7023 would be superior because the Hathaway Attorneys fail to identify any contested matter for which they seek class certification.

Moreover, were the Court to use its discretion to apply Bankruptcy Rule 7023 at this time, the parties and the Court would then need to undertake the process of determining whether the elements of Rule 23 have been met such that a class should be certified. That process could require discovery and an evidentiary hearing with respect to each of the Rule 23 elements for each "particular matter" for which class certification is requested. Again, this process would be all the more difficult because the Hathaway

**Page 9 of 11** - B. & J. PROPERTY INVESTMENTS, INC.'S OBJECTION TO MOTION AND MEMORANDUM FOR CLASS CERTIFICATION OF HATHAWAY CLASS ACTION CREDITORS

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-60138-pcm11    Doc 289    Filed 02/18/20

1 | Attorneys have not identified what contested matters are at issue.  In any circumstance, this
2 | pre-certification process would cause delay, create uncertainty, and cost the estate funds it
3 | does not have.  Such a result is clearly not superior at this late date.

**IV.     The Rule 23 Factors Will Not Be Satisfied**

An analysis of the Rule 23 factors is not appropriate at this time for the reasons set forth above.  Debtors expressly reserve their rights to address each of the Rule 23 factors if and when a contested matter is identified and the Court elects to exercise its discretion to apply Bankruptcy Rule 7023, and in turn Rule 23, to that proceeding.

That said, the Court should be aware that the allegations with respect to Debtors' purported conduct at the time of plan balloting, as set out in the Motion, is not only false but irrelevant given that Debtors' plan has already been confirmed.  Moreover, the Hathaway Attorneys' conclusion that each of the Rule 23 factors are satisfied for "all issues in this bankruptcy proceeding, including with regard to the *Nondischargeability Complaint* filed previously" is simply wrong.  There are unique facts and circumstances that would defeat class certification and Debtors reserve the right to address each of them if and when the Court determines to apply Bankruptcy Rule 7023, and in turn Rule 23, to any particular proceeding.  *See In re Ephedra Prod. Liab. Litig.*, 329 B.R. 1, 5 (S.D.N.Y. 2005) (class certification may be less desirable in bankruptcy than in ordinary civil litigation) (citing *In re American Reserve Corp.*, 840 F.2d 487 (7th Cir. 1988)).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**Page 10 of 11** - B. & J. PROPERTY INVESTMENTS, INC.'S OBJECTION TO MOTION AND MEMORANDUM FOR CLASS CERTIFICATION OF HATHAWAY CLASS ACTION CREDITORS

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-60138-pcm11    Doc 289    Filed 02/18/20

## CONCLUSION

For the reasons set forth herein, the Hathaway Attorney's Motion should be denied.

DATED this 18th day of February, 2020.

TONKON TORP LLP


By */s/ Timothy J. Conway*
    Timothy J. Conway, OSB No. 851752
    Ava L. Schoen, OSB No. 044072
    Attorneys for Debtor B. & J. Property
    Investments, Inc.

**Page 11 of 11** - B. & J. PROPERTY INVESTMENTS, INC.'S OBJECTION TO MOTION AND MEMORANDUM FOR CLASS CERTIFICATION OF HATHAWAY CLASS ACTION CREDITORS

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-60138-pcm11    Doc 289    Filed 02/18/20

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **B. & J. PROPERTY INVESTMENTS, INC.'S OBJECTION TO MOTION AND MEMORANDUM FOR CLASS CERTIFICATION OF HATHAWAY CLASS ACTION CREDITORS** on the parties indicated as "ECF" on the attached List of Interested Parties by electronic means through the Court's Case Management/Electronic Case File system on the date set forth below.

In addition, I served the foregoing on the parties indicated as "Non-ECF" on the attached List of Interested Parties by mailing copies thereof in sealed, first-class postage prepaid envelopes, addressed to the parties' last-known address and depositing in the U.S. mail at Portland, Oregon on the date set forth below.

DATED this 18th day of February, 2020.

TONKON TORP LLP

By */s/ Timothy J. Conway*
Timothy J. Conway, OSB No. 851752
Ava L. Schoen, OSB No. 044072
Attorneys for Debtor B. & J. Property
Investments, Inc.

038533/00002/10836595v6

Page 1 of 1 -   CERTIFICATE OF SERVICE

# LIST OF INTERESTED PARTIES

*In re B. & J. Property Investments, Inc.*
U.S. Bankruptcy Court Case No. 19-60138-pcm11

## ECF PARTICIPANTS

TIMOTHY J CONWAY on behalf of Debtor B. & J. Property Investments, Inc.
tim.conway@tonkon.com, candace.duncan@tonkon.com; spencer.fisher@tonkon.com

NICHOLAS J HENDERSON on behalf of Interested Party William Berman
nhenderson@portlaw.com, tsexton@portlaw.com; mperry@portlaw.com; hendersonnr86571@notify.bestcase.com

KEITH D KARNES on behalf of Creditor Committee Ad Hoc Group of Class Plaintiffs
kkarnes@keithkarnes.com, kkarnesnotices@gmail.com; patricia@keithkarnes.com; 9982680420@filings.docketbird.com;r51870@notify.bestcase.com

SHANNON R MARTINEZ on behalf of Creditor Saalfeld Griggs PC
smartinez@sglaw.com, scurtis@sglaw.com

ERICH M PAETSCH on behalf of Creditor Saalfeld Griggs PC
epaetsch@sglaw.com, ktate@sglaw.com

TERESA H PEARSON on behalf of Creditor Columbia Credit Union
teresa.pearson@millernash.com, MNGD-2823@millernash.com

AVA L SCHOEN on behalf of Debtor B. & J. Property Investments, Inc.
ava.schoen@tonkon.com, leslie.hurd@tonkon.com

TOBIAS TINGLEAF on behalf of Interested Party Better Business Management, Inc.
toby@shermlaw.com, darlene@shermlaw.com

US Trustee, Eugene
USTPRegion18.EG.ECF@usdoj.gov

## NON-ECF PARTICIPANTS

**TOP 20 UNSECURED CREDITORS**

Class Action Plaintiffs
c/o Brady Mertz
Brady Mertz PC
345 Lincoln St.
Salem, OR 97302

Portland General Electric
POB 4438
Portland, OR 97208

Judson's Plumbing
POB12669
Salem, OR 97330

City of Salem
555 Liberty St. SE, Room 230
Salem, OR 97301

Comcast Business
POB 34744
Seattle, WA 98124-1744

Pacific Source
POB 7068
Springfield, OR 97475-0068

Pacific Sanitation
POB 17669
Salem, OR 97305

US Bank
POB 6352
Fargo, ND 58125-6352

Miller Paint
390 Lancaster Dr. NE
Salem, OR 97301

HotSuff Spas & Pool
1840 Lancaster Dr. NE
Salem, OR 97305

NW Natural Gas
POB 6017
Portland, OR 97228-6017

Chateau Locks
1820 47th Terrace East
Bradenton, FL 34203-3773

Century Link
Bankruptcy Dept.
600 New Century Parkway
New Century, KS 66031

Walter Nelson Company
1270 Commercial St. NE
Salem, OR 97301

Statesman Journal
340 Vista Ave. SE
Salem, OR 97302

Pacific Screening
POB 25582
Portland, OR 97298

DEX Media
Dex Media Attn: Client Care
1615 Bluff City Highway
Bristol, TN 37620

AllAmerican Insurance
POB 758554
Topeka, KS 66675-8554

US Bank
POB 6352
Fargo, ND 58125